**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:24-cv-03259-DDD-NRN

OLGA MARGUL,
KELLI JO CLAXTON,
HENRY YEH,
COLIN SMITH,
ROD GENDRON, and
KAYLA MORRIS,
individually and on behalf of all similarly situated persons,

       Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank;
EVOLVE BANCORP, INC., an Arkansas limited liability company;
AMG NATIONAL TRUST, a Colorado bank;
LINEAGE BANK, a Tennessee bank; and
AMERICAN BANK, N.A., an Iowa bank,

       Defendants.

---

**DEFENDANT AMG NATIONAL TRUST'S MOTION TO DISMISS**

---

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................... iii

INTRODUCTION ........................................................................................... 1

FACTUAL ALLEGATIONS ........................................................................... 2

LEGAL STANDARD ...................................................................................... 3

ARGUMENT ................................................................................................... 4

I.    PLAINTIFFS' NEGLIGENCE AND BREACH OF FIDUCIARY DUTY
      CLAIMS FAIL BECAUSE BANKS LIKE AMG OWE NO DUTIES TO NON-
      CUSTOMERS. ......................................................................................... 5

      A.    Plaintiffs Fail to State a Claim for Negligence (Count 3) Against AMG. ............... 5

      B.    Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty (Count 5)
            Against AMG. ................................................................................... 7

II.   PLAINTIFFS CANNOT STATE A CONVERSION CLAIM (COUNT 4)
      BECAUSE THEY DO NOT ALLEGE, AND CANNOT ALLEGE, THAT
      AMG EVER HAD POSSESSION OF ANY THEIR FUNDS. ......................................... 8

III.  PLAINTIFFS' UNJUST ENRICHMENT CLAIM AND ASSOCIATED
      REMEDIES ALL FAIL. ............................................................................. 9

      A.    Plaintiffs Cannot State a Claim for Unjust Enrichment (Count 2) Against
            AMG. ................................................................................................ 9

      B.    Plaintiffs Do Not State a Claim for Money Had and Received (Count 1). ............ 11

      C.    Plaintiffs Do Not State a "Claim" for Constructive Trust (Count 7) .................. 12

      D.    Plaintiffs Do Not State a "Claim" for Accounting (Count 6). ............................. 13

CONCLUSION ................................................................................................................ 14

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION ........................ 16

CERTIFICATE OF CONFERRAL ................................................................................... 17

CERTIFICATE OF SERVICE ......................................................................................... 18

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*AE, Inc. v. Goodyear Tire & Rubber Co.*,
    168 P.3d 507 (Colo. 2007) ............................................................................................. 4

*Allen v. Mich. State Univ.*,
    ___ N.W.3d ___,
    2024 WL 4982523 (Mich. Ct. App. 2024) ..................................................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................3-4, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................................... 4

*Berger v. Home Depot USA, Inc.*,
    741 F.3d 1061 (9th Cir. 2014) ...................................................................................... 11

*Brody v. Bruner*,
    No. 19-cv-01091-RM-NRN,
    2021 WL 1172553 (D. Colo. Mar. 29, 2021) ............................................................... 13

*Burch & Cracchiolo, P.A. v. Pugliani*,
    697 P.2d 674 (Ariz. 1985) ............................................................................................. 12

*Camden Sys., LLC v. 409 N. Camden, LLC*,
    323 Cal. Rptr. 3d 562 (Cal. Ct. App. 2024) ................................................................. 11

*Carrado v. Daimler AG*,
    No. 17-cv-3080-WJM-WKC,
    2018 WL 4565562 (D. Colo. Sept. 24, 2018) .............................................................4, 5

*Casebolt v. Cowan*,
    829 P. 2d 352 (Colo. 1992) ........................................................................................... 5

*Casey v. U.S. Bank Nat'l Ass'n*,
    26 Cal. Rptr. 3d 401 (Cal. Ct. App. 2005) ................................................................... 6

*CoBiz Fin. v. CF Homes, L.L.C.*,
    No. 1 CA-CV 09-0711,
    2010 WL 5033527 (Ariz. Ct. App. 2010) ....................................................................7-8

*Cosme v. Clark*,
    232 N.E.3d 1141 (Ind. 2024) ........................................................................... 6

*Deal v. Gittings*,
    144 N.E.3d 716 (Ind. Ct. App. 2020) ...............................................................12

*Dean v. Dean*,
    No. 19-ADCV-145WE,
    2020 WL 6546853 (Mass. App. Ct. 2020) ....................................................... 11

*Escobar, Inc. v. Barwest Grp., LLC*,
    No. 20-cv-02771-PAB-STV,
    2021 WL 4319572 (D. Colo. Sept. 22, 2021) ................................................... 13

*Espinola v. Evolve Bank & Trust et al.*,
    No. 1:25-cv-00075-KAS (D. Colo. Jan. 10, 2025) .............................................1

*Felton v. Evolve Bank & Trust et al.*,
    No. 2:24-cv-10317 (C.D. Cal. Nov. 27, 2024)....................................................1

*Gilbert Tuscany Lender, LLC v. Wells Fargo Bank*,
    307 P.3d 1025 (Ariz. Ct. App. 2013) ............................................................5, 6

*Glue-Fold, Inc. v. Slautterback Corp.*,
    82 Cal. App. 4th 1018 (Cal. Ct. App. 2000) ....................................................12

*Go-Best Assets Ltd. v. Citizens Bank of Mass.*,
    972 N.E.2d 426 (Mass. 2012) .......................................................................5, 6

*Graphic Directions, Inc. v. Bush*,
    862 P.2d 1020 (Colo. App. 1993) .......................................................................7

*Hamadi Al Tamimi v. Burr*,
    No. MICV2015-03164,
    2018 WL 9963869 (Mass. Super. Ct. 2018) ....................................................14

*In re DuMouchelle*,
    663 B.R. 349 (E.D. Mich. 2024) ..................................................................... 11

*In re Hilson*,
    863 N.E.2d 483 (Mass. 2007) ......................................................................8-9

*In Re Synapse Fin. Techs., Inc.*,
    Case No. 1:24-bk-10646-MB,

Chapter 11 Trustee's Thirteenth Status Report,
  ECF No. 465 (Bankr. C.D. Cal. Dec. 3, 2024) ........................................................1, 2

*Jaffee v. Carryl,*
  No. 2:15-CV-00113-ODW (ASx),
  2016 WL 3511782 (C.D. Cal. 2016) ..............................................................................12

*Jaffri v. JPMorgan Chase Bank, N.A.,*
  26 N.E.3d 635 (Ind. Ct. App. 2015) ..........................................................................7, 8

*Kammer Asphalt Paving Co., Inc. v. E. China Tp. Schs.,*
  504 N.W.2d 635 (Mich. 1993) .......................................................................................12

*Karaus v. Bank of N.Y. Mellon,*
  831 N.W.2d 897 (Mich. Ct. App. 2012) ....................................................................10

*L5L Indust., Inc. v. Kiss Indust., LLC,*
  No. 1:20-cv-03742-RM-SKC,
  2022 WL 704705 (D. Colo. Jan. 21, 2022) ........................................................4, 5, 10

*Lectrodryer v. SeoulBank,*
  77 Cal. App. 4th 723 (Cal. Ct. App. 2000) .............................................................10

*Mason v. Farm Credit of S. Colo., ACA,*
  419 P.3d 975 (Colo. 2018) .............................................................................................. 8

*McAnulty v. Standard Ins. Co.,*
  81 F.4th 1091 (10th Cir. 2023) ...............................................................................10, 12

*McAuliffe v. Vail Corp.,*
  69 F.4th 1130 (10th Cir. 2023) ...................................................................................11

*McCarrell v. Turbeville,*
  75 P.2d 361 (Ariz. 1938) ...............................................................................................11

*Meridian Fin. Advisors, Ltd. v. Pence,*
  763 F.Supp. 2d 1046 (S.D. Ind. 2011) ....................................................................8, 10

*Miller v. Evolve Bank & Trust et al.,*
  No. 1:24-cv-03261-SBP (D. Colo. Nov. 23, 2024) ...................................................1

*Mollohan v. Christy,*
  294 P.2d 375 (Ariz. 1956) .............................................................................................13

*Moshe v. TapIn2, Inc.*,
    No. 2:18-cv-09238-RGK-GJS,
    2019 WL 1883912 (C.D. Cal. 2019) ......................................................................7

*Northrup v. Brigham*,
    826 N.E.2d 239 (Mass. App. Ct. 2005) ...............................................................12

*Oakland Raiders v. Nat'l Football League*,
    32 Cal. Rptr. 3d 266 (Cal. Ct. App. 2005) ........................................................ 8

*Pfenning v. Lineman*,
    947 N.E.2d 392 (Ind. 2011) ...................................................................................5

*Portage Aluminum Co. v. Kentwood Nat'l Bank*,
    307 N.W.2d 761 (Mich. Ct. App. 1981) ...........................................................7, 8

*Premier Funding Grp. LLC v. Aviva Life and Annuity Co.*,
    No. CV-14-01633-PHX-DGC,
    2014 WL 6885732 (D. Ariz. Dec. 8, 2014) ....................................................8, 12

*Purcell v. Old Nat'l Bank*,
    972 N.E.2d 835 (Ind. 2012) .................................................................................. 6

*Ratulowski v. PNC Bank, N.A.*,
    No. 2:22-CV-004-PPS-APR,
    2024 WL 3580654 (N.D. Ind. July 29, 2024) ....................................................11

*Sacks v. Dissinger*,
    178 N.E.3d 388 (Mass. 2021) ..............................................................................10

*Saquin et al. v. Evolve Bank & Trust et al.*,
    No. 1:24-cv-03262-SBP (D. Colo. Nov. 23, 2024) ..............................................1

*Surowiec v. Cap. Title Agency, Inc.*,
    790 F.Supp. 2d 997 (D. Ariz. 2011) .....................................................................7

*Tonner v. Evolve Bank & Trust et al.*,
    No. 1:24-cv-03509-NRN (D. Colo. Dec. 19, 2024) ............................................1

*Troy Cosm. Ctr. Mktg., L.L.C. v. Abraham*,
    No. 266090,
    2006 WL 1506603 (Mich. Ct. App. 2006) .......................................................5, 6

*UBS Fin. Servs., Inc. v. Aliberti*,
  133 N.E.3d 277 (Mass. 2019) ......................................................................7, 8

*Wang Elec., Inc. v. Smoke Tree Resort, LLC*,
  283 P.3d 45 (Ariz. Ct. App. 2012)...............................................................10

*Weil v. First Nat'l Bank of Castle Rock*,
  983 P.2d 812 (Colo. App. 1999) ...............................................................6, 7

*Welco Elect., Inc. v. Mora*,
  166 Cal. Rptr. 3d 877 (Cal. Ct. App. 2014) ................................................ 8

*Wells Fargo Realty Advisory Funding, Inc. v. Uioli, Inc.*,
  872 P.2d 1359 (Colo. App. 1994)................................................................ 8

*Winebarger v. Pa. Higher Educ. Assistance Agency*,
  411 F.Supp. 3d 1070 (C.D. Cal. 2019)........................................................5

**OTHER AUTHORITIES**

1 Dan B. Dobbs,
  *Law of Remedies* § 4.2(2) (3d ed. 2017) ....................................................11

1 Dan B. Dobbs,
  *Law of Remedies* § 4.3(2) (3d ed. 2017) ....................................................12

1 Dan B. Dobbs,
  *Law of Remedies* § 4.3(5) (3d ed. 2017) ....................................................13

9 C.J.S. Banks and Banking § 246 .............................................................6, 7

## INTRODUCTION

This putative class action alleges that four Defendant banks—Evolve Bank & Trust and Evolve Bancorp, Inc. (collectively, "Evolve"), Lineage Bank, American Bank, N.A., and AMG National Trust ("AMG")—mismanaged or misappropriated money held in brokerage accounts for their customer, Synapse Financial Technologies, Inc. ("Synapse") or its wholly owned subsidiary, Synapse Brokerage LLC ("Synapse Brokerage"), which in turn held money deposited by end-user customers of various financial technology platforms.

Plaintiffs are some of those end-user customers, and their Amended Complaint barely mentions AMG, and for good reason: there is no factual basis at all to include AMG in this or any of the several related lawsuits filed in this District.[1] No putative class member held an account with AMG. And Synapse did not hold an account with AMG, either. AMG's sole customer was Synapse Brokerage, and AMG has confirmed and paid out more than *99.7%* of the funds it held in Synapse Brokerage's account to those end-user customers, as directed by Synapse Brokerage. *See In Re Synapse Fin. Techs., Inc.*, Case No. 1:24-bk-10646-MB, Chapter 11 Trustee's Thirteenth Status Report, ECF No. 465 at 7 (Bankr. C.D. Cal. Dec. 3, 2024); (*see also* Am. Class Action Compl. ("Am. Compl."), ECF No. 28 ¶ 29). And the only reason that approximately .3% of funds remain

---

[1] In addition to this action, four substantively identical putative class actions are also pending in this District: *Miller v. Evolve Bank & Trust et al.*, No. 1:24-cv-03261-SBP (D. Colo. Nov. 23, 2024) ("*Miller*"); *Saquin et al. v. Evolve Bank & Trust et al.*, No. 1:24-cv-03262-SBP (D. Colo. Nov. 23, 2024) ("*Saquin*"); *Tonner v. Evolve Bank & Trust et al.*, No. 1:24-cv-03509-NRN (D. Colo. Dec. 19, 2024) ("*Tonner*"); and *Espinola v. Evolve Bank & Trust et al.*, No. 1:25-cv-00075-KAS (D. Colo. Jan. 10, 2025) ("*Espinola*"). Another copycat case, *Felton*, was filed after *Margul*, *Miller*, and *Saquin*, and is pending in the Central District of California. *See Felton v. Evolve Bank & Trust et al.*, No. 2:24-cv-10317 (C.D. Cal. Nov. 27, 2024). AMG intends to move to consolidate the Colorado cases under the *Margul* case caption and case number.

unpaid is because those end users have yet to be contacted due to inaccurate or incomplete contact information received from Synapse. AMG continues to search for those end users so it can pay the remaining .3% of funds. *In Re Synapse Fin. Techs., Inc.*, Case No. 1:24-bk-10646-MB, Chapter 11 Trustee's Thirteenth Status Report, ECF No. 465 at 7-8, (Bankr. C.D. Cal. Dec. 3, 2024).

Plaintiffs' claims against AMG should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' allegations against AMG are essentially non-existent, although they do make clear that Plaintiffs were not customers of and did not deposit any money with AMG, which dooms their negligence and breach of fiduciary duty claims because national banks owe no duties—fiduciary or otherwise—to non-customers. Plaintiffs also fail to allege any facts that AMG ever had possession of their funds, and AMG in fact did not. Its customer was Synapse Brokerage—not any individual end user. Finally, Plaintiffs do not and cannot allege that AMG possessed any customer funds wrongly or unlawfully, which dooms the remaining claims.

For these reasons, and others that follow, the Court should dismiss Plaintiffs' Amended Complaint against AMG in its entirety and with prejudice.

## FACTUAL ALLEGATIONS

Plaintiffs' Amended Complaint contains virtually no specific allegations about AMG, and Plaintiffs never allege that AMG did anything wrong. (Am. Compl. ¶¶ 19-40). Instead, Plaintiffs allege that they, and members of the putative class they seek to represent, created accounts on various financial technology platforms ("FinTechs") and deposited cash into those accounts. (*Id.* ¶ 1.) They allege that because these FinTechs are not banks and cannot maintain custody of customer funds, Synapse was used to open deposit accounts for those funds and process

transactions. (*Id.* ¶¶ 1-2, 17, 20, 23.) And, they allege, with its wholly-owned subsidiary, Synapse Brokerage, Synapse "pooled" the customers' money and then opened accounts in its name to hold those pooled funds at financial institutions. (*Id.* ¶ 23 & n.1.)

Plaintiffs allege they relied on Synapse to manage the accounts and keep track of Plaintiffs' funds. (*Id.* ¶¶ 22, 24.) But Plaintiffs say Synapse failed to do so. (*Id.* ¶ 26.) Synapse then declared bankruptcy, and during that bankruptcy proceeding, Plaintiffs learned that approximately $85 million "had gone missing." (*Id.* ¶ 25.)

As to AMG, Plaintiffs allege <u>only</u> that AMG "contend[s] that 'calculating specific end user balances by bank was impossible because Synapse often directed large bulk bank-to-bank transfers of funds that bore no relationship whatsoever to specific individual end users or their transactions,'" and that AMG claims it has already distributed over 99% of funds owed. (*Id.* ¶ 29.) Plaintiffs do not allege that AMG held any of their funds; they do not allege that AMG mismanaged or misappropriated any of their funds; and Plaintiffs do not allege that AMG, in particular, did anything wrong.

Still, Plaintiffs include AMG among the so-called "Partner Banks"—in reality, the banking defendants have no relationship whatsoever—against whom they bring various claims for negligence, breach of fiduciary duty, conversion, unjust enrichment, "money had and received," constructive trust, and an accounting. (*Id.* ¶¶ 49-103.)

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. It requires that a plaintiff plead sufficient "factual content," not mere conclusions. *Id*. And where there is an "obvious alternative explanation" for the facts alleged that conflicts with the plaintiff's theory of liability, dismissal is appropriate. *Id*. at 682. The facts alleged must support a reasonable inference that a particular Defendant is liable for the misconduct alleged. *Id*. A plaintiff who brings suit against multiple defendants must allege what each defendant did wrong, rather than "conflat[ing]" their actions. *L5L Indust., Inc. v. Kiss Indust., LLC*, No. 1:20-cv-03742-RM-SKC, 2022 WL 704705, at *3 (D. Colo. Jan. 21, 2022). In this way, "[g]roup pleading violates Rule 8 when a plaintiff fails to distinguish among multiple defendants." *Id*. at *2-3 (quoting *Carrado v. Daimler AG*, No. 17-cv-3080-WJM-WKC, 2018 WL 4565562, at *3 (D. Colo. Sept. 24, 2018)).

## ARGUMENT

Plaintiffs' claims fail for multiple reasons: (1) Plaintiffs cannot state negligence and breach of fiduciary duty claims for several reasons, including because banks, like AMG, owe no duties to non-customers; (2) Plaintiffs' conversion claim fails because Plaintiffs do not and cannot allege that AMG held any of Plaintiffs' funds; and (3) their unjust enrichment claim and associated remedies fail because Plaintiffs cannot plausibly allege any of the necessary elements.[2]

---

[2] Plaintiffs in this action allege they are residents of Massachusetts (Margul), California (Claxton and Yeh), Michigan (Smith), Indiana (Gendron), and Arizona (Morris). (Am. Compl. ¶¶ 4-9.) Because they bring this action against AMG, a Colorado resident, there are choice-of-law issues as to what substantive law applies to each Plaintiff's claims. In Colorado, courts apply the substantive law of the state with the most significant relationship to the claims, which generally turns on the place of the alleged injury, the domicile of the defendants, and the center of the parties' relationship, if any. *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 509-10 (Colo. 2007).

## I.  PLAINTIFFS' NEGLIGENCE AND BREACH OF FIDUCIARY DUTY CLAIMS FAIL BECAUSE BANKS LIKE AMG OWE NO DUTIES TO NON-CUSTOMERS.

### A.  Plaintiffs Fail to State a Claim for Negligence (Count 3) Against AMG.

The elements of a negligence claim are (1) a duty of care; (2) a breach of that duty; (3) causation; and (4) damages. *Gilbert Tuscany Lender, LLC v. Wells Fargo Bank*, 307 P.3d 1025, 1028 (Ariz. Ct. App. 2013); *Winebarger v. Pa. Higher Educ. Assistance Agency*, 411 F.Supp. 3d 1070, 1091 (C.D. Cal. 2019); *Casebolt v. Cowan*, 829 P. 2d 352, 356 (Colo. 1992); *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011); *Go-Best Assets Ltd. v. Citizens Bank of Mass.*, 972 N.E.2d 426, 431 (Mass. 2012); *Troy Cosm. Ctr. Mktg., L.L.C. v. Abraham*, No. 266090, 2006 WL 1506603, at *3 (Mich. Ct. App. 2006). Plaintiffs' negligence claim fails because their "group pleading" allegations are insufficient, and because they cannot allege the existence of a duty (or breach) on AMG's part.

*First*, Plaintiffs' negligence claim is—and, indeed, all of their claims are—subject to dismissal because Plaintiffs never allege what <u>AMG</u> did wrong. Instead, they rely on group pleading allegations about the so-called "Partner Banks." (Am. Compl. ¶¶ 66-69.) But "[g]roup pleading violates Rule 8 when a plaintiff fails to distinguish among multiple defendants." *L5L Indust., Inc.*, 2022 WL 704705, at *2 (quoting *Carrado*, 2018 WL 456562, at *3). Absent allegations as to what AMG, in particular, did wrong, dismissal is necessary. *See id.*

---

Although there are differences in the state laws potentially at issue, because AMG is entitled to dismissal under any of the states' laws, AMG cites each state's law in support. Further, given there are potentially other state laws at issue in the other putative class actions AMG is currently moving to dismiss, AMG attaches an Appendix of State Laws addressing the law of the various states potentially implicated here and in *Miller*, *Saquin*, and *Tonner*.

Case No. 1:24-cv-03259-DDD-NRN    Document 52    filed 01/27/25    USDC Colorado
pg 14 of 26

***Second***, Plaintiffs' negligence claim also fails because they cannot plausibly allege either the first or second elements—duty and breach—because AMG owed no duty to the non-customer Plaintiffs. The general rule is that "a bank does not owe … duties of care to a noncustomer." *Weil v. First Nat'l Bank of Castle Rock*, 983 P.2d 812, 814 (Colo. App. 1999); *see also Gilbert Tuscany Lender, LLC*, 307 P.3d at 1028 (same); *Casey v. U.S. Bank Nat'l Ass'n*, 26 Cal. Rptr. 3d 401, 409 (Cal. Ct. App. 2005) (a bank owes no duties to non-customers to investigate or disclose suspicious activities by an account holder); *Purcell v. Old Nat'l Bank*, 972 N.E.2d 835, 842 (Ind. 2012) (holding bank owed no duty to non-customer without adopting a "blanket rule"), *abrogated on other grounds*, *Cosme v. Clark*, 232 N.E.3d 1141 (Ind. 2024); *Go-Best Assets Ltd.*, 972 N.E.2d at 436 (a bank has no duty to prevent misappropriation of funds by an account holder); *Troy Cosm. Ctr. Mktg., L.L.C.*, 2006 WL 1506603, at *3 (holding that the bank had no duty to non-customer). "The reasoning behind this rule is simple and sensible, if banks owed duties to noncustomers, they would be exposed to unlimited liability for unforeseeable frauds." 9 C.J.S. Banks and Banking § 246.

That general rule controls here. Plaintiffs never allege they had any relationship to AMG or were AMG customers. Instead, they created accounts with various FinTechs, which contracted with Synapse to hold and manage those funds by opening accounts in its name with financial institutions. (Am. Compl. ¶¶ 1-2, 4-9, 20-23). AMG did not hold funds for Synapse, only for Synapse Brokerage, and Plaintiffs never had a relationship with AMG. Accordingly, they fail to allege, and cannot allege, that AMG owed them any duties, meaning Plaintiffs cannot state a negligence claim.

6

Plaintiffs' attempt to circumvent that well-established rule by alleging that they have a "special relationship" with the "Partner Banks" is insufficient. (*Id.* ¶ 66.) First off, Plaintiffs' allegation that they were in a "special relationship," with no factual basis whatsoever, is merely a legal conclusion couched as a factual allegation, and thus it is not entitled to any assumption of truth. *Iqbal*, 556 U.S. at 678-79. Further, there is no caselaw that supports the existence of a special relationship between a bank and non-customers in situations like this. *See Weil*, 983 P.2d at 814-15. Plaintiffs' negligence claim against AMG should be dismissed.

### B. Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty (Count 5) Against AMG.

Plaintiffs' breach of fiduciary duty claim fares no better. The elements of such a claim are (1) the existence of a fiduciary duty; (2) breach; and (3) damages proximately caused by the breach. *Surowiec v. Cap. Title Agency, Inc.*, 790 F.Supp. 2d 997, 1004 (D. Ariz. 2011); *Moshe v. TapIn2, Inc.*, No. 2:18-cv-09238-RGK-GJS, 2019 WL 1883912, at *3 (C.D. Cal. 2019); *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993); *Jaffri v. JPMorgan Chase Bank, N.A.*, 26 N.E.3d 635, 639 (Ind. Ct. App. 2015); *UBS Fin. Servs., Inc. v. Aliberti*, 133 N.E.3d 277, 288 (Mass. 2019); *Portage Aluminum Co. v. Kentwood Nat'l Bank*, 307 N.W.2d 761, 763 (Mich. Ct. App. 1981).

Dismissal is necessary because, like with their negligence claim, Plaintiffs cannot plausibly plead the first or second elements—duty and breach. Just as a bank owes no general duty of care to non-customers, a bank owes no <u>fiduciary</u> duty to non-customers. 9 C.J.S. Banks and Banking § 246 ("No fiduciary relationship exists between a bank and third parties."). In fact, even if Plaintiffs were AMG customers, which they are not, Plaintiffs could not allege the existence of a fiduciary relationship. *See CoBiz Fin. v. CF Homes, L.L.C.*, No. 1 CA-CV 09-0711, 2010 WL

5033527, at *6 (Ariz. Ct. App. 2010) (bank-customer relationship "does not create a fiduciary duty"); *Oakland Raiders v. Nat'l Football League*, 32 Cal. Rptr. 3d 266, 273 (Cal. Ct. App. 2005) (listing twelve "relationships that give rise to fiduciary duties," none of which includes banks and customers); *Wells Fargo Realty Advisory Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1365 (Colo. App. 1994) (no fiduciary relationship between bank and customer); *Jaffri*, 26 N.E.3d at 639 (the "mere existence of a relationship between parties of bank and customer" does not create fiduciary relationship); *UBS Fin. Servs., Inc.*, 133 N.E.3d at 289-91. And so, given there is no fiduciary duty between a bank and a customer, there is necessarily no fiduciary duty between a bank and a <u>non-customer</u>. Where, as here, "there was no relationship whatsoever between the plaintiffs and [AMG]"—there is no fiduciary relationship between the two. *Portage Aluminum Co.*, 307 N.W.2d at 763. Accordingly, because AMG owes non-customer Plaintiffs no fiduciary duty as a matter of law, Plaintiffs' breach of fiduciary duty claim against AMG should be dismissed.

## II.    PLAINTIFFS CANNOT STATE A CONVERSION CLAIM (COUNT 4) BECAUSE THEY DO NOT ALLEGE, AND CANNOT ALLEGE, THAT AMG EVER HAD POSSESSION OF ANY THEIR FUNDS.

The elements of a conversion claim are (1) the plaintiff's ownership or right to possession of some property; (2) the defendant's wrongful exercise of dominion over that property; and (3) damages. *Premier Funding Grp. LLC v. Aviva Life and Annuity Co.*, No. CV-14-01633-PHX-DGC, 2014 WL 6885732, at *10 (D. Ariz. Dec. 8, 2014); *Welco Elect., Inc. v. Mora*, 166 Cal. Rptr. 3d 877, 881 (Cal. Ct. App. 2014); *Mason v. Farm Credit of S. Colo.*, *ACA*, 419 P.3d 975, 983 (Colo. 2018); *Meridian Fin. Advisors, Ltd. v. Pence*, 763 F.Supp. 2d 1046, 1058 (S.D. Ind. 2011); *In re*

*Hilson*, 863 N.E.2d 483, 491 (Mass. 2007); *Allen v. Mich. State Univ.*, ___ N.W.3d ___, 2024 WL 4982523, at *14 (Mich. Ct. App. 2024).

Plaintiffs' conversion claim fails because they cannot plausibly allege that AMG had possession or control over their funds. Instead, Plaintiffs allege only that they "deposited funds" with various FinTechs, which then used Synapse to "pool" those funds into Synapse accounts at financial institutions. (Am. Compl. ¶¶ 1-2, 4-9, 20, 22-23.) Those allegations do not support the plausible inference that <u>AMG</u>, in particular, exercised dominion over Plaintiffs' property. And, in reality, AMG never held funds for any end-user customer, including Plaintiffs. AMG's customer was Synapse Brokerage.

For similar reasons, Plaintiffs cannot plausibly allege that AMG ever "wrongfully" exercised dominion over Plaintiffs' funds. In fact, Plaintiffs' allegation that "Defendants" wrongfully refused to return property is inconsistent with some of their only factual allegations against AMG specifically, which assert only that AMG has <u>returned</u> the funds it held in Synapse Brokerage's account. (*Compare* Am. Compl. ¶ 77, *with id.* ¶ 29.) Accordingly, the conversion claim against AMG should be dismissed.

## III. PLAINTIFFS' UNJUST ENRICHMENT CLAIM AND ASSOCIATED REMEDIES ALL FAIL.

### A. Plaintiffs Cannot State a Claim for Unjust Enrichment (Count 2) Against AMG.

Finally, Plaintiff brings four "claims"—unjust enrichment, money had and received, constructive trust, and accounting—that in reality amount to a single unjust enrichment claim, with variations on the equitable remedies potentially available. To state a claim for unjust

enrichment, a plaintiff must plausibly allege the receipt and unjust retention of a benefit by the defendant at the expense of the plaintiff. *Wang Elec., Inc. v. Smoke Tree Resort, LLC*, 283 P.3d 45, 49 (Ariz. Ct. App. 2012); *Meridian Fin. Advisors*, 763 F.Supp. 2d at 1065; *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (Cal. Ct. App. 2000); *McAnulty v. Standard Ins. Co.*, 81 F.4th 1091, 1107 (10th Cir. 2023); *Sacks v. Dissinger*, 178 N.E.3d 388, 397 (Mass. 2021); *Karaus v. Bank of N.Y. Mellon*, 831 N.W.2d 897, 905 (Mich. Ct. App. 2012). Plaintiffs' unjust enrichment claim fails because they never allege either the receipt of a benefit or its "unjust" retention.

**First**, Plaintiffs do not allege that <u>AMG</u>, in particular, ever held their money. (*See* Am. Compl. ¶¶ 1-3, 4-9, 23, 57-62); *see also L5L Indust. Inc.*, 2022 WL 704705, at *23 (requiring plaintiff to distinguish among the actions taken by various defendants). Without any specific allegations that AMG held any of Plaintiffs' money, they cannot plausibly allege that AMG, in particular, obtained any benefit at Plaintiffs' expense.

**Second**, Plaintiffs also cannot plausibly allege that AMG was "unjustly" enriched. Plaintiffs allege that they deposited money with various FinTechs, which then used Synapse to "pool" those funds into Synapse accounts at financial institutions. (Am. Compl. ¶¶ 1-2, 4-9, 23.) Plaintiffs never allege why AMG's receipt of any money from its customer, Synapse Brokerage, was unjust—instead, they assert AMG has returned over 99% of the funds it held in Synapse Brokerage's account. (*Id.* ¶ 29.) Thus, because Plaintiffs have not plausibly alleged that AMG "received a benefit" or unjustly retained it, the unjust enrichment claim against AMG should be dismissed.

### B.    Plaintiffs Do Not State a Claim for Money Had and Received (Count 1).

Plaintiffs also bring a claim for "money had and received," which is akin to a remedy. Specifically, it is "a form of restitution that applies when the unjust enrichment occurred" for a definite sum. *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014); *Dean v. Dean*, No. 19-ADCV-145WE, 2020 WL 6546853, at *5 (Mass. App. Ct. 2020) (similar); *see also* 1 Dan B. Dobbs, *Law of Remedies* § 4.2(2) (3d ed. 2017) (describing "money had and received" as a "subordinate category" of unjust enrichment or a quasi-contract "fact pattern").

"A plaintiff can maintain an action for money had and received whenever the defendant (1) has received money which, (2) in equity and good conscience, he ought to pay over." *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1154 (10th Cir. 2023); *see also McCarrell v. Turbeville*, 75 P.2d 361, 364 (Ariz. 1938); *Camden Sys., LLC v. 409 N. Camden, LLC*, 323 Cal. Rptr. 3d 562, 573 (Cal. Ct. App. 2024); *Ratulowski v. PNC Bank, N.A.*, No. 2:22-CV-004-PPS-APR, 2024 WL 3580654, at *8 (N.D. Ind. July 29, 2024); *Dean*, 2020 WL 6546853, at *5; *In re DuMouchelle*, 663 B.R. 349, 356 (E.D. Mich. 2024).

Again, Plaintiffs fail to plead both elements. ***First***, Plaintiffs' failure to plead that AMG held any of <u>their</u> money dooms the money-had-and-received claim. Their allegations that they deposited funds with FinTechs, which then pooled that money with Synapse, do not support an inference that AMG ever received that money. *See McAuliffe*, 69 F.4th at 1154. ***Second***, Plaintiffs fail to allege that AMG "ought to pay over" any money it retained, because they acknowledge that AMG has paid over 99% of the funds it received from its customer, Synapse Brokerage. (Am. Compl. ¶ 29.) Thus, the money-had-and-received claim against AMG should be dismissed.

C.      **Plaintiffs Do Not State a "Claim" for Constructive Trust (Count 7).**

Plaintiffs also allege a claim for "constructive trust," which is a remedy for unjust enrichment, not a standalone claim. *McAnulty*, 81 F.4th at 1098; *Premier Funding Grp.*, 2014 WL 6885732, at *9; *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (Cal. Ct. App. 2000); *Deal v. Gittings*, 144 N.E.3d 716, 726 (Ind. Ct. App. 2020); *Northrup v. Brigham*, 826 N.E.2d 239, 245 (Mass. App. Ct. 2005); *Kammer Asphalt Paving Co., Inc. v. E. China Tp. Schs.*, 504 N.W.2d 635, 641 (Mich. 1993). For this reason, the court should therefore dismiss this "claim," as it is not a standalone cause of action. *See* 1 Dobbs, *Law of Remedies* § 4.3(2); *see also Premier Funding Grp. LLC*, 2014 WL 6885732, at *9 (dismissing constructive trust claim as duplicative of unjust enrichment claim); *Jaffee v. Carryl*, No. 2:15-CV-00113-ODW (ASx), 2016 WL 3511782, at *3 (C.D. Cal. 2016) (dismissing constructive trust "claim" because "it is not a 'claim,' but simply a remedy").

Substantively, to be entitled to a constructive trust, a plaintiff must demonstrate (1) facts constituting the underlying cause of action, and (2) specific identifiable property over which the defendant has title. *See McAnulty*, 81 F.4th at 1098; *Deal*, 144 N.E.3d at 726; *see also Burch & Cracchiolo, P.A. v. Pugliani*, 697 P.2d 674, 680 (Ariz. 1985) ("A trust presumes a *res*."); *Jaffee*, 2016 WL 3511782, at *3. Neither element can be alleged here.

Because Plaintiffs fail to allege unjust enrichment, they fail to meet the first element, and so the constructive trust "claim" should be dismissed. Plaintiffs also fail to plead the second element, since they have not identified specific property that they deposited with any bank, much less any specific property they deposited with <u>AMG</u>. Without allegations about the specific

property allegedly in AMG's possession, there is nothing over which Plaintiff can seek a constructive trust. Thus, dismissal of this "claim" against AMG is necessary.[3]

### D.    Plaintiffs Do Not State a "Claim" for Accounting (Count 6).

Finally, Plaintiffs also purport to bring a claim for an accounting, which is also an equitable remedy for unjust enrichment. 1 Dobbs, *Law of Remedies* § 4.3(5) (summarizing three "theories" of unjust enrichment, only one of which retains utility in modern law). The Court can also dismiss this "claim" because it isn't a claim at all, but a remedy for unjust enrichment, and Plaintiffs fail to state a claim for unjust enrichment. *See Escobar, Inc. v. Barwest Grp., LLC*, No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5 (D. Colo. Sept. 22, 2021) (dismissing claim "because [the court] does not consider … an accounting to be a separate claim for relief").

Plaintiffs are not entitled to an accounting as a remedy regardless. An accounting as a remedy aims to (1) prevent the unjust enrichment of the defendant by returning to the plaintiff (2) any profits the defendant made, (3) if there is no adequate remedy at law. 1 Dobbs, *Law of Remedies* § 4.3(5); *Escobar Inc.*, 2021 WL 4319572, at *5. Plaintiffs' claim for an accounting fails because they fail to allege unjust enrichment. *See supra* Argument § III.A. Accordingly, there is no basis for Plaintiffs' accounting "claim" against AMG.[4]

---

[3] Dismissal is also necessary because, as Plaintiffs recognize, AMG has returned a majority of the funds it held for Synapse Brokerage. *Brody v. Bruner*, No. 19-cv-01091-RM-NRN, 2021 WL 1172553, at *2 (D. Colo. Mar. 29, 2021) (where a defendant "relinquish[es] control" of the property allegedly unjustly obtained, "equity has not been displaced and a constructive trust is unwarranted").

[4] Further, some states—e.g., Massachusetts and Arizona—appear to recognize that an accounting can be ordered only from a fiduciary. *See Mollohan v. Christy*, 294 P.2d 375, 376 (Ariz. 1956);

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiffs' Amended Complaint against AMG

in its entirety and with prejudice.

---

*Hamadi Al Tamimi v. Burr*, No. MICV2015-03164, 2018 WL 9963869, at *7 (Mass. Super. Ct. 2018).

Dated: January 27, 2025

Respectfully submitted,

*s/ Hugh Q. Gottschalk*

Hugh Q. Gottschalk
Eric L. Robertson
Iva Velickovic
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Phone:    303.244.1800
Fax:      303.244.1879
Email:    gottschalk@wtotrial.com
          robertson@wtotrial.com
          velickovic@wtotrial.com

Attorneys for Defendant AMG National Trust

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I certify that the foregoing pleading complies with the type-volume limitation set forth in

Judge Domenico's Practice Standard III(A)(1) because it contains fewer than 4,000 words.

*s/ Hugh Q. Gottschalk*
Hugh Q. Gottschalk

**<u>CERTIFICATE OF CONFERRAL</u>**

Counsel for AMG conferred with counsel for Plaintiffs regarding the relief requested in this motion as required by Judge Domenico's Practice Standard III(D)(1). The parties discussed whether the asserted deficiencies are correctable by amendment, and counsel for AMG represented that its position is that they are not. Plaintiffs oppose the relief requested.

*s/ Hugh Q. Gottschalk*

Hugh Q. Gottschalk

**CERTIFICATE OF SERVICE**

I certify that on January 27, 2025, a true and correct copy of the foregoing was filed with

the Clerk of Court using the CM/ECF system which will send notification to all counsel of record.


_s/ Hugh Q. Gottschalk_
Hugh Q. Gottschalk