**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:24-cv-03259-DDD-NRN

OLGA MARGUL,
KELLI JO CLAXTON,
HENRY YEH,
COLIN SMITH,
ROD GENDRON, and
KAYLA MORRIS,
individually and on behalf of all similarly situated persons,

Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank;
EVOLVE BANCORP, INC., an Arkansas limited liability company;
AMG NATIONAL TRUST, a Colorado bank;
LINEAGE BANK, a Tennessee bank; and
AMERICAN BANK, N.A., an Iowa bank,

Defendants.

---

**DEFENDANT AMG NATIONAL TRUST'S COMBINED RESPONSE TO AMERICAN BANK N.A.'S AND LINEAGE BANK'S MOTIONS TO STAY**

---

## INTRODUCTION

Defendants American Bank N.A. ("American Bank") and Lineage Bank ("Lineage") both seek a stay of discovery while the Court decides their forthcoming motions to dismiss premised on lack of personal jurisdiction. Defendant AMG National Trust ("AMG") opposes a stay because it would severely prejudice AMG.

Put bluntly, the faster this case proceeds, the faster AMG will be dismissed from it. AMG doesn't belong in this lawsuit or any lawsuit related to Plaintiffs' claims. No named plaintiff and no putative class member held an account with AMG. There is no dispute that AMG held $110,290,040.10 in an account for Synapse Brokerage for the benefit of its customers and their end users. It is also undisputed that, at Synapse Brokerage's direction, AMG has paid out ***99.7%*** of those funds to end users, with the remaining 0.3% of funds to be distributed as soon as the remaining end users can be identified. *See In Re Synapse Fin. Techs., Inc.*, No. 1:24-bk-10646-MB, Chapter 11 Trustee's Thirteenth Status Report, ECF No. 465 at 7 (Bankr. C.D. Cal. Dec. 2, 2024).

Immediately after Plaintiffs file their consolidated complaint, AMG intends to file a motion for summary judgment based on these undisputed facts. Indeed, the plaintiff in a follow-on California case, *Felton v. Evolve Bank & Trust et al.*, No. 24-cv-10317-GW-AJR, (N.D. Cal.), voluntarily dismissed AMG for these precise reasons. (Ex. 1.) The same result is required here. A stay will only delay that result to the severe prejudice of AMG.

AMG recognizes that American Bank and Lineage challenge this Court's jurisdiction over them, but whatever the merits of American Bank's and Lineage's motions to dismiss, a stay would needlessly delay any progress on this case and result in more inefficiencies, not less. Even if the

Court finds it lacks personal jurisdiction over American Bank and Lineage, Plaintiffs will just sue them in their home states or issue subpoenas for the same information they seek to avoid producing now. American Bank and Lineage are going to be subject to discovery somewhere—whether as a party to this case, a non-party to this case, or a party to a new case—so whatever discovery efforts they undertake here will not be wasted. A stay is thus needless and inefficient, regardless how American Bank's and Lineage's motions to dismiss are resolved.

The Court should deny American Bank's and Lineage's Motions to Stay.

## LEGAL STANDARD

Stays of discovery are "generally disfavored in this District" and are "the exception rather than the rule." *Davidson v. Bank of Am. N.A.*, No. 14-cv-01578-CMA-KMT, 2015 WL 5444308, at *1 (D. Colo. Sept. 16, 2015); *see also Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (similar); *Sebastian v. Greenlink Int'l Inc.*, No. 20-cv-01788-RM-NRN, 2021 WL 5867121, at *2 (D. Colo. Dec. 10, 2021) (Neureiter, J.) ("Any lawyer practicing regularly in this district should know of the disinclination to stay discovery pending a dispositive motion.").

In assessing whether to grant a stay pending a decision on a dispositive motion, judges in this District consider the *String Cheese* factors: (1) the plaintiffs' interests in proceeding expeditiously and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the Court; (4) the interests of non-parties; and (5) the public interest. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). In light of this Court's docket and the delays endemic to getting a

decision on a dispositive motion, three of the five *String Cheese* factors—the plaintiffs' interests in proceeding expeditiously, the convenience of the Court in effectively managing its docket, and the public interest—generally militate against a stay. *Sebastian*, 2021 WL 5867121, at *2.

**ARGUMENT**

The five *String Cheese* factors do not favor a stay of this case pending American Bank's and Lineage's forthcoming motions to dismiss.

***First***, both American Bank and Lineage argue that Plaintiffs' interests in proceeding expeditiously are minimal because Plaintiffs can obtain discovery after their motions to dismiss are resolved, and Plaintiffs are free to litigate the case against the remaining defendants. (ECF No. 70 at 12; ECF No. 73 at 11-12.) AMG will leave it to Plaintiffs to address these arguments. Instead, AMG will focus on its own interest in proceeding expeditiously and why a stay will prejudice AMG.

AMG doesn't belong in this lawsuit. The plaintiff in the California case, *Felton v. Evolve Bank & Trust et al.*, No. 24-cv-10317-GW-AJR (N.D. Cal.), recognized as much, voluntarily dismissing AMG because it has "paid out approximately $109,992,923 of the $110,290,040 held (approximately 99%) as of May 2024," and continues to make payments to end users. (Ex. 1 at 1); *see also In Re Synapse Fin. Techs., Inc.*, No. 1:24-bk-10646-MB, Chapter 11 Trustee's Thirteenth Status Report, ECF No. 465 at 7 (Bankr. C.D. Cal. Dec. 2, 2024). These same facts require dismissal of AMG here. Indeed, it is ***undisputed*** that AMG held $110,290,040.10 in its Synapse Brokerage account for the benefit of end users, and at Synapse Brokerage's direction, AMG has paid out ***99.7%*** of those funds to end users, with the remaining 0.3% of funds to be distributed as soon as they can be identified and located. No named plaintiff can maintain an action against AMG,

and no putative class member can either. Given these undisputed facts, AMG is entitled to summary judgment, regardless what information Plaintiffs may discover from American Bank and Lineage.

Although at first blush that argument suggests AMG should be agnostic to American Bank's and Lineage's stay requests, the problem is that a stay may defer resolution of AMG's forthcoming case-dispositive motion. Evolve Bank & Trust ("Evolve") will almost certainly oppose AMG's summary judgment motion on the basis that discovery is needed from American Bank and Lineage under Rule 56(d) so it can continue its so-called "reconciliation" of end-user account balances. That position is meritless, but the reality is that a stay of discovery will almost certainly delay a prompt decision on AMG's meritorious summary judgment motion.

***Second***, American Bank and Lineage argue that the burden on them to proceed with discovery while their motions to dismiss are pending would be significant. (ECF No. 70 at 8-11; ECF No. 73 at 8-10.) As a co-defendant, AMG sympathizes with this position, especially because AMG feels similarly: it should not be subject to burdensome discovery when the facts are essentially uncontested that it bears no liability to Plaintiffs. But unfortunately "[d]efendants always are burdened when they are sued," *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. March 2, 2007), and "[t]he ordinary burdens associated with litigating a case do not constitute undue burdens," *Wells v. Dish Network, LLC*, No. 11-cv-00269-CMA-KLM, 2011 WL 2516390, at *1 (D. Colo. June 22, 2011); *see also Advanced Exteriors, Inc. v. United Servs. Auto. Ass'n*, No. 21-CV-01817-WJM-NYW, 2022 WL 1239250, at *4 (D. Colo. Apr. 27, 2022).

And although in some circumstances the burden to a defendant challenging the Court's jurisdiction is sufficient to warrant a ***temporary*** stay of a case, *see, e.g.*, *PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019) (granting a 90-day temporary stay because "courts remain hesitant about granting indefinite stays of discovery pending the outcome of a Motion to Dismiss based on personal jurisdiction"), a stay pending American Bank's and Lineage's motions would effectively be indefinite, given dispositive motions "usually take many months, and potentially up a year to ultimately decide" in this District, given case volume and staffing shortages. *Sebastian*, 2021 WL 5867121, at *2; *see also APS BioGroup v. Sterling Tech., Inc.*, No. 19-cv-02952-RM-MEH, 2019 WL 13166681, at *2 (D. Colo. Dec. 18, 2019).

Besides, there is no basis for even a temporary stay here because American Bank and Lineage do not and cannot contend that they are "not subject to personal jurisdiction anywhere in the United States." *Growcentia, Inc. v. Jemie, B.V.*, No. 20-cv-02619-WJM-NYW, 2021 WL 37668, at *2-3 (D. Colo. Jan. 5, 2021). Logically, this means "there is some federal court in the United States, the District of Colorado or otherwise, that has personal jurisdiction over [American Bank and Lineage] and discovery in such court will be governed by the same Federal Rules of Civil Procedure"—rendering their discovery burden here "ordinary." *Id.* at *3; *see also i4 Grp. Consulting, LLC v. Scaled Agile, Inc.*, No. 20-cv-01855-DDD-NRN, 2020 WL 6565229, at *2 (D. Colo. Nov. 9, 2020) (Neureiter, J.) (recognizing the merit to the argument that, "[w]hether in federal court or in the arbitration forum, this case will proceed," and "[t]he sooner the case moves along through the exchange of relevant documents and other permitted discovery, the closer it is

to ultimate resolution and the better for everyone"). In other words, because American Bank and Lineage will be subject to discovery ***somewhere***—whether as a party to this case, a non-party to this case,[1] or as a party to a new case—there is no undue burden associated with participating in discovery now.

***Third***, American Bank and Lineage argue that a stay would be convenient to the Court because a stay would conserve judicial resources if their motions to dismiss are granted, and because this case likely will engender discovery disputes. (ECF No. 70 at 11; ECF No. 73 at 10.) As to the first point, staying discovery only as to American Bank and Lineage will result in piecemeal discovery that could burden the Court and result in more discovery disputes, not less. *Est. of Saenz v. Bitterman*, No. 20-cv-00848-NRN, 2020 WL 6870565, at *3 (D. Colo. May 15, 2020) (Neureiter, J.) (holding that a stay as to only certain defendants and claims will result in "piecemeal" discovery that would burden the Court). Further, even if American Bank's and Lineage's motions to dismiss are granted, Plaintiffs almost certainly will just sue them again in Iowa and Tennessee, perhaps prompting an MDL and consolidated pretrial proceedings, likely in Colorado—the first-filed forum where the most significant progress will have been made. *See* 28 U.S.C. § 1407; *see In re Levaquin Prods. Liab. Litig.*, 560 F. Supp. 2d 1384, 1385 (U.S.J.P.M.L. 2008) (holding the appropriate transferee forum was the site of the first-filed action, where discovery is already underway); *In re Rosuvastatin Calcium Patent Litig.*, 560 F. Supp. 2d 1381, 1383 (U.S.J.P.M.L. 2008) (same); *In re Cintas Corp. Overtime Pay Arb. Litig.*, 444 F. Supp. 2d 1353, 1355

[1] Evolve has already served subpoenas on American Bank and Lineage in this case, with a response deadline of March 28, 2025.

(U.S.J.P.M.L. 2006) (same). As to the second point, "[t]he potential for discovery disputes between the Parties does not overpower the court's 'strong interest in ensuring the speedy resolution of the cases before it.'" *Advanced Exteriors, Inc.*, 2022 WL 1239250, at *4 (quoting *Birse v. CenturyLink, Inc.*, No. 17-cv-02872-CMA-NYW, 2019 WL 161642, at *3 (D. Colo. Jan. 2, 2019), and citing other cases for this proposition).

***Fourth***, American Bank and Lineage argue that the interests of non-parties also favor a stay because AMG, Evolve, and American have listed many non-parties in their Colo. Rev. Stat. § 13-21-111.5 designations, and discovery likely will involve many of these non-parties. (ECF No. 70 at 12; ECF No. 73 at 11.) These concerns are speculative. Rather, it "is unclear to what extent the interests of nonparties will be impacted by discovery in this matter," rendering this factor neutral at best. *Advanced Exteriors, Inc.*, 2022 WL 1239250, at *5.

***Fifth***, American Bank and Lineage argue that the public interest favors a stay. (ECF No. 70 at 12; ECF No. 73 at 11.) But the public also has a "strong interest ... regarding the prompt and efficient handling of all litigation." *Advanced Exteriors, Inc.*, 2022 WL 1239250, at *5. This factor, too, militates against a stay. *See Sebastian*, 2021 WL 5867121, at *2.

## CONCLUSION

The general rule in this District is that stays are "generally disfavored" and are "the exception rather than the rule." *Davidson*, 2015 WL 5444308, at *1. Because American Bank and Lineage offer no special circumstances that would justify departing from that general rule, the Court should deny American Bank's and Lineage's Motions to Stay.

Dated: March 27, 2025

Respectfully submitted,

s/ *Eric L. Robertson*

Hugh Q. Gottschalk
Eric L. Robertson
Iva Velickovic
WHEELER TRIGG O'DONNELL LLP
370 17th Street, Suite 4500
Denver, Colorado 80202
Phone: 303.244.1800
Fax: 303.244.1879
Email: gottschalk@wtotrial.com
robertson@wtotrial.com
velickovic@wtotrial.com

*Attorneys for Defendant AMG National Trust*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I certify that this brief complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

s/ *Eric L. Robertson*

**<u>CERTIFICATE OF SERVICE (CM/ECF)</u>**

I certify that on March 27, 2025, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ *Eric L. Robertson*