**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Lead Civil Action No. 1:24-cv-03259-DDD-NRN

*Consolidated with* 1:24-cv-03261-SBP; 1:24-cv-03262-SBP; 1:24-cv-03509-NRN; and 1:25-cv-00075-KAS

OLGA MARGUL, KELLI JO CLAXTON, HENRY YEH, COLIN SMITH, ROD GENDRON, KAYLA MORRIS, TIMOTHY MILLER, DAWN SAQUIN, IMENE HADDAD, DANIEL BREWER, PAUL TONNER, CORY ESPINOLA, STEPHANIE IZQUIETA, and KATHERINE MAUL, individually and on behalf of all similarly situated persons,

Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank; EVOLVE BANCORP, INC., an Arkansas limited liability company; AMG NATIONAL TRUST, a Colorado bank; and LINEAGE BANK, a Tennessee bank,

Defendants.

---

**PLAINTIFFS' OPPOSITION TO DEFENDANT LINEAGE BANK'S MOTION TO STAY DISCOVERY AND DISCLOSURES**

---

Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, Kayla Morris, Timothy Miller, Dawn Saquin, Imene Haddad, Daniel Brewer, Paul Tonner, Cory Espinola, Stephanie Izquieta, and Katherine Maul (collectively, "Plaintiffs") hereby submit their opposition

to Defendant Lineage Bank's ("Lineage") Motion to Stay Discovery and Disclosures [ECF No. 73] ("Motion").

Staying all discovery as to Lineage is not in the interests of justice or judicial economy. Lineage does not have a motion to dismiss pending before this Court. Instead, Lineage states it will move to dismiss the Consolidated Class Action Complaint [ECF No. 80] ("Complaint") "on the grounds that the Court lacks personal jurisdiction over Lineage Bank, pursuant to Fed.R.Civ.P. 12(b)(2)," and thus discovery should be stayed until resolution of the jurisdictional issues. Mot. at 6. But Lineage must respond to discovery in federal court somewhere, and an open-ended stay of discovery will meaningfully prejudice Plaintiffs and the putative class—individuals who lost access to cash deposits through no fault of their own.

To that end, on April 7, 2025, Plaintiffs offered to stipulate to transfer their claims against Lineage to the Western District of Tennessee. Lineage asserts it is "headquartered in Tennessee," Mot. at 6, and agrees it is subject to personal jurisdiction in Tennessee. Thus, Lineage will at minimum respond to non-party discovery in this case. Lineage will likely respond to party discovery in a federal forum, too—either in Tennessee, Colorado, or potentially as directed by the JPML. Finally, to the extent Lineage "reserves the right to raise any other challenges pursuant to Rule 12(b)," Mot. at 6 n.2, those unidentified and undeveloped merits-based arguments do not justify staying discovery in full. Lineage's Motion should be denied.

## PROCEDURAL HISTORY

Lineage is one of four banks (the "Banks" or "Defendants") that relied on Synapse Financial Technologies Inc. ("Synapse") to "open accounts, process transactions, and manage account statements and ledgers for any FinTech companies working with them, and ultimately for their end users." Compl. ¶¶ 2, 31-32. When Synapse filed for bankruptcy in April 2024, it was

discovered that approximately $85 million in customer funds had gone missing. *Id.* ¶ 36. In the wake of this revelation, the Banks pointed fingers at each other for their collective inability to reconcile missing user funds associated with Synapse's business. *Id.* ¶¶ 37-41. Plaintiffs bring claims against Lineage (and the Banks) for money had and received, unjust enrichment, negligence, conversion, breach of fiduciary duty, accounting, and imposition of a constructive trust. *Id*. ¶¶ 60-114. Plaintiffs seek to represent a class that includes persons who have been denied access to their funds held by one or more of the defendant Banks. Am. *Id*. ¶ 52. Lineage admits it had a contractual relationship with Synapse and held Synapse-related funds (which, in turn, belong to putative class members), but asserts it primarily processed cash transfers at Synapse's direction. *See* Mot. at 4-5.

The lead case in this action is *Margul et al. v. Evolve Bank & Trust et al.*, No. 24-cv-3259. The initial complaint in *Margul* was filed on November 22, 2024. ECF No. 1. On March 5, 2025, this Court ordered that *Margul* be consolidated with four related cases that had been filed against the same defendants. *See* ECF No. 69. As part of that order, the Court ordered Plaintiffs to file a consolidated complaint within thirty (30) days, *id*., which Plaintiffs filed on April 4, 2025. ECF No. 80. Lineage filed this Motion more than two weeks before the deadline for Plaintiffs to file a consolidated complaint. *See* ECF No. 73. Lineage does not have a pending motion to dismiss filed.

## ARGUMENT

### I. Legal Standard.

For good cause shown, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). "But stays of the normal proceedings of a court matter should be the exception rather than the rule, and

courts in this District generally disfavor stays." *Barrington v. United Airlines, Inc.*, 565 F.Supp.3d 1213, 1216 (D. Colo. 2021) (cleaned up).

## II. The *String Cheese* Factors Do Not Apply Because Lineage Does Not Have a Motion to Dismiss Pending Before the Court.

In the District of Colorado, motions to stay based on an assertion of undue burden[1] are generally analyzed under the five factors articulated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-CV-01934, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). *See McGinn v. El Paso County*, 640 F.Supp.3d 1070, 1076–77 (D. Colo. 2022) (applying *String Cheese* factors); *Barrington*, 565 F.Supp. at 1216–18 (same). But the *String Cheese* decision hinged on a prerequisite that Lineage has not satisfied: a pending motion to dismiss briefed by the defendant seeking the stay of discovery.

In *String Cheese*, the court's opinion noted that the moving defendant filed a motion to dismiss prior to the motion to stay and that the motion to dismiss was fully briefed. *See String Cheese*, 2006 WL 894955, at *1–2. The court embarked on an analysis of the relevant factors only after finding "that subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted." *Id.* at *2. While Lineage cites several decisions in which stays of discovery have been granted, none of those decisions granted a stay in anticipation of an unfiled dispositive motion. *See Lucero v. City of Aurora*, No. 23-CV-00851, 2023 WL 5957126, at *2 (D. Colo. Sept. 13, 2023) (motion to stay filed after motion to dismiss); *Lumen Techs. Serv. Grp, LLC v. CEC Grp. LLC*, No. 23-CV-00253, at *1 (D. Colo. July 20, 2023) (same); *Church v. Polis*, No. 20-CV-02362, 2022 WL 22864403, at *1 (D. Colo. Oct. 13, 2022) (same); *Stone v. Vail Resorts*

[1] The Motion to Stay does not argue that a stay is necessary to protect Lineage from annoyance, embarrassment, or oppression.

*Development Co.*, No. 09-CV-02081, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) (motion to stay filed after motion to compel arbitration).

Because stays of discovery are disfavored in the District Court of Colorado even when a motion to dismiss has been fully briefed, the *String Cheese* factors were not intended to justify a stay based on a yet-unfiled motion to dismiss a then-unfiled operative complaint.[2] Thus, Lineage's Motion is premature.

### III. Even if the *String Cheese* Factors Applied, They Would Not Support Lineage's Motion.

The five *String Cheese* factors are "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese*, 2006 WL 894955, at *1–2. Plaintiffs respectfully submit these factors do not support a complete stay of discovery as to Lineage.

#### A. Plaintiffs' Interests Would Be Prejudiced by the Significant Delay Caused by Staying Discovery.

In the wake of Synapse's April 2024 bankruptcy, "many customers have been left unable to access funds held at Defendants and unable to pay essential bills or living expenses." Compl. ¶ 37. Plaintiffs have already been deprived of the use of funds that rightfully belong to them for a full year. Even Lineage concedes that "Plaintiffs likely have an interest in proceeding expeditiously." Mot. at 11. As such, this factor weighs in favor of proceeding with discovery.

Indeed, because the Motion seeks a stay of all discovery as to Lineage (party and non-party) pending resolution of a forthcoming motion to dismiss, the prejudice to Plaintiffs' interests

[2] Lineage also hints at dismissal on the merits. Mot. at 6. But even if Lineage did have a pending motion to dismiss, a "Motion to Stay is not the appropriate context to argue the merits of [a] Motion to Dismiss." *Barrington*, 565 F.Supp.3d at 1217.

is greater. Rather than requesting a stay of party-discovery while the Court considers a fully briefed motion to dismiss, Lineage asks for an open-ended stay that could last months and covers non-party discovery. Further, Plaintiffs have now offered to transfer the claims against Lineage to Tennessee, where Lineage agrees it is subject to personal jurisdiction. Thus, at minimum, Lineage must respond to non-party discovery in this case. A blanket stay would directly prejudice Plaintiffs and prompt resolution of their claims.

**B. The Burden on Lineage is Not Disproportionate or Unjustified.**

Lineage asserts that in the absence of a stay it will be burdened by the expected voluminous number of documents and expensive review costs. Mot. at 8-10. According to Lineage, this burden is unreasonable because personal jurisdiction is in dispute and Lineage has "no less than 10 terabytes of data related to Synapse" which "will likely require experts to decode and analyze the information." *Id.* Plaintiffs respectfully disagree.

First, as explained above, Lineage must respond to discovery somewhere. Its argument regarding personal jurisdiction affects only the choice of forum—not the plausibility of Plaintiffs' claims. If Plaintiffs' claims against Lineage are transferred to Tennessee (by stipulation or otherwise), Lineage is still subject to non-party discovery in this case. Even then, Lineage is still subject to party-discovery in the transferee form. And the claims against Lineage may be routed back to this Court through a multi-district proceeding. Thus, staying all discovery as to Lineage overstates the attendant burden.

Second, Lineage has not shown the actual costs of responding to discovery are prohibitive. For example, Lineage references commentary by the Synapse Bankruptcy Trustee about the total amount of data held by Synapse. Mot. at 2, 5, 9-10. This commentary is largely irrelevant—the fact that the Bankruptcy Trustee is spending $300,000 a month preserving all of Synapse's data tells the Court virtually nothing about what it would cost Lineage to answer discovery requests.

Similarly, if Lineage's representations about its limited involvement with Synapse are true, then the expenditures of the Synapse Bankruptcy Trustee should dwarf any expenditures of Lineage. And assuming Lineage has "no less than 10 terabytes of data" regarding Synapse transactions, Mot. at 9, the nature and scope of that data is unknown. It is unclear why basic transactional data cannot be produced in discovery by Lineage without unreasonable burden.

Accordingly, declining to stay discovery will not unreasonably burden Lineage.

### C. The Court Will be Inconvenienced by a Months-Long Stay.

Lineage observes that a "Where a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources" Mot. at 10 (citing *Lucero*, 2023 WL 5957126, at *9). Of course, this language merely highlights the fact that Lineage has not filed a dipositive motion. Setting that distinction aside, Lineage offers only the generic assertion that "[g]iven the complexity of the data in this matter, there are likely to be various discovery disputes that require the Court's attention." *Id*. But it is far from clear that Lineage's data will be the source of such complexity and disputes. If Lineage's involvement is as limited as it asserts, most potential discovery disputes should not involve Lineage.

Furthermore, as noted above, the premature timing of this Motion to Stay ensures that any stay will be significantly longer than the typical stay that follows the briefing of a dispositive motion. This delay will inconvenience the Court by preventing it from moving the case through even the early stages of discovery.

### D. The Interests of Non-Parties Does Not Favor a Stay.

Lineage notes that two of the remaining Defendants (AMG and Evolve) filed "designations of non-parties at fault," which supposedly favors staying discovery as to Lineage. But Lineage does not name a single non-party who will be entirely extricated from this matter if Lineage is dismissed. *See* Mot. at 11. This failure alone invalidates Lineage's argument that the interests of

non-parties favor a stay. Indeed, this is not a situation where a single pending motion to dismiss might dispose of the entire case. *See Hay v. Fam. Tree, Inc.*, 2017 WL 2456777, at *2 (D. Colo. June 6, 2017) (stay pending resolution of sole defendant's Motion to Dismiss appropriate because, *inter alia*, dismissal would eliminate need to depose specific named employees of defendant). Given the inherently tangled nature of Synapse's business dealings, relevant non-parties are likely to be involved in this litigation so long as any of the Banks remain a Defendant.

**E. The Public Interest Does Not Favor a Stay.**

The public has an obvious interest in determining what happened to $85 million in funds belonging to 100,000 customers. The growth of financial technology companies in recent years has encouraged many unsophisticated consumers to believe that their money is safe.[3] However, the operations of financial regulators like the Federal Deposit Insurance Corporation and the Consumer Finance Protection Bureau have been severely disrupted.[4] The absence of regulatory interest and capacity to investigate the activities of fintech companies and their banking partners creates a greater need for the public to obtain information about these activities from private litigation. That need is not served by a months-long delay in basic disclosures and initial discovery responses.

---

[3] Hugh Son, *How thousands of Americans got caught in fintech's false promises*, NBC NEWS (July 2, 2024), https://www.nbcnews.com/business/consumer/thousands-americans-got-caught-fintechs-false-promise-rcna159958.

[4] Courtenay Brown, *Watchdog Warns DOGE Cuts Threaten Financial System*, AXIOS (March 24, 2025), https://www.axios.com/2025/03/24/fdic-doge-banks-regulator; Peter Charalambous and Soo Rin Kim, *It's "shoot first and ask questions later" as DOGE tries to dismantle CFPB: Official*, ABC NEWS (March 10, 2025), https://abcnews.go.com/US/cfpb-official-testifies-doges-chaotic-attempts-dismantle-agency/story?id=119651855.

## CONCLUSION

Plaintiffs have offered to stipulate to transfer their claims against Lineage to the Western District of Tennessee. Plaintiffs submit that potential transfer renders the instant Motion moot.

Regardless, for the reasons above, application of the *String Cheese* factors does not support a blanket stay of discovery as to Lineage. In addition to seeking a significant delay that prejudices Plaintiffs' interests and those of the public, Lineage failed to show that a stay of all discovery is necessary to alleviate a significant burden. Lineage also failed to show that a stay will meaningfully assist non-parties or the Court in managing their obligations concerning this litigation. For these additional reasons, the Court should deny Lineage's Motion to Stay.

Dated: April 7, 2025

By: */s/ M. Anderson Berry*

M. Anderson Berry
aberry@justice4you.com
Gregory Haroutunian
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD**
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Tel: 916.239.4778

Gary M. Klinger
gklinger@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: 866.252.0878

Alexander E. Wolf
awolf@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Tel: 872.365.7060

J. Gerard Stranch, IV
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue, Ste. 200
Nashville, TN 37203
Tel: 615-254-8801
gstranch@stranchlaw.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1) because it contains fewer than 4,000 words.

/s/ *M. Anderson Berry*
M. Anderson Berry

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *M. Anderson Berry*
M. Anderson Berry