**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Lead Civil Action No. 1:24-cv-03259-DDD-NRN

*Consolidated with* 1:24-cv-03261-SBP;
1:24-cv-03262-SBP; 1:24-cv-03509-NRN; and
1:25-cv-00075-KAS

OLGA MARGUL, KELLI JO CLAXTON, HENRY YEH, COLIN SMITH, ROD GENDRON, KAYLA MORRIS, TIMOTHY MILLER, DAWN SAQUIN, IMENE HADDAD, DANIEL BREWER, PAUL TONNER, CORY ESPINOLA, STEPHANIE IZQUIETA, AND KATHERINE MAUL,
individually and on behalf of all similarly situated persons,

Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank; EVOLVE BANCORP, INC., an Arkansas limited liability company; AMG NATIONAL TRUST, a Colorado bank; LINEAGE BANK, a Tennessee bank;
and AMERICAN BANK, N.A. an Iowa bank,

Defendants.

---

**DEFENDANT LINEAGE BANK'S COMBINED REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND DISCLOSURES**

---

Defendant Lineage Bank submits the following combined Reply in support of its motion to stay discovery and disclosures:

Pursuant to Rule 26(a)(l) of the Federal Rules of Civil Procedure, Defendant Lineage Bank seeks a brief stay all of its discovery and initial disclosures deadlines pending resolution of Lineage

Bank's forthcoming motion to dismiss. Lineage Bank's motion to dismiss will be premised on both jurisdictional and substantive deficiencies in the Plaintiffs' pending Consolidated Complaint. Critically important for purposes of this motion to stay, Lineage Bank is not subject to personal jurisdiction in the District of Colorado**.**

## I. BACKGROUND

Plaintiffs filed their initial Complaint on November 22, 2024, against Evolve, AMG, and Lineage Bank (ECF No. 1.)[1] On December 31, 2024, Plaintiffs filed an Amended Complaint. (ECF No. 28.) Other plaintiffs filed four additional class action complaints in this District against the same defendants alleging substantially similar causes of action. Those cases have now been consolidated into one action, with this case listed as the lead case. (ECF No. 69.) After Lineage Bank filed the present motion to stay discovery, Plaintiffs filed their Consolidated Class Action Complaint ("Consolidated Complaint.") on April 4, 2025. (ECF No. 80.)

Plaintiffs assert that they are customers of the FinTechs Yotta and Juno. None of the Plaintiffs allege that they have customer agreements with Lineage Bank or accounts in their names at Lineage Bank. Rather, the Consolidated Complaint still scarcely mentions Lineage Bank or its alleged role in the events leading to Plaintiffs' alleged losses. In fact, the complaint only specifically references Lineage Bank when discussing its place of business and operation (Consolidated Compl., ¶ 24), the fact that Synapse opened an account with Lineage Bank (*id.*, ¶ 31), the fact that Lineage Bank is under a consent order with its regulator (*id.*, ¶44), and in the definition of the class sought to be certified (*id.*, ¶ 52). The Consolidated Complaint also states that Lineage Bank denies that it held "substantial additional funds" belonging to FinTech users,

[1] American Bank was previously named as a defendant but was dismissed from the case on April 1, 2025.

instead claiming that it had, at that point, already distributed over 90%, of funds owed to FinTech users. (*id.*, ¶ 40.)

Instead, Plaintiffs generally allege that this action arises from the negligent monitoring and mismanagement of funds belonging to Plaintiffs who entrusted cash deposits to one or more of the four Defendants via use of various financial technology platforms ("FinTechs"). (Consolidated Compl., ¶ 1.) FinTechs are a growing sector of technology-based investing, money management, and wealth accumulation platforms, but are not themselves banks – meaning they cannot maintain custody of customer funds. Customer funds have to be maintained at actual banks, like Defendants. (*id.*, ¶ 2.) In this case, FinTechs used Defendants for their banking services, and Defendants in turn used a third-party company named Synapse Financial Technologies, Inc. ("Synapse") to open accounts, process transactions, and manage account statements and ledgers for any FinTech companies working with them, and ultimately for their end users. (*id.*, ¶ 3.) Defendants' use of Synapse and failure to adequately monitor and safeguard Plaintiffs' funds in their control led to significant ledger discrepancies in account balances. (*id.*, ¶ 4.) These irregularities were materially inaccurate and, as a result, could not be used as the basis for distributing funds to the end users. (*id.*, ¶ 5.)

According to the Consolidated Complaint, companies colloquially described as "FinTechs" are financial technology businesses that offer software with the goal of helping individuals manage their finances. (Consolidated Compl., ¶ 28.) Most FinTechs offer web and mobile application-based solutions as alternatives to traditional banks. (*id.*) Because the FinTechs at issue are not themselves banks, they could not accept and retain customer deposits. (*id.*, ¶ 30.) Rather, the FinTechs contracted with Synapse, and Synapse operated as an intermediary to facilitate the

FinTechs' ability to provide banking and financial services to the FinTech's customers, i.e. End Users. (*Id.*)

Now that Consolidated Complaint is on file, Lineage Bank plans to file a motion to dismiss, including on the grounds that the Court lacks personal jurisdiction over Lineage Bank, pursuant to Fed.R.Civ.P. 12(b)(2).[2] As detailed in the moving papers, Lineage Bank is headquartered in Tennessee. Lineage Bank has no offices or branches in Colorado. It has no employees in Colorado. Lineage Bank is not registered to do business in Colorado. Lineage Bank has never directed any advertising materials to residents of Colorado. Nor does the Consolidated Complaint allege any basis to suggest that Lineage Bank purposefully availed itself of conducting business in the state of Colorado. There are no specific allegations that Lineage Bank had any contacts with the state of Colorado. *(See* ECF No. 80, ¶¶ 26-27.) And there are certainly no allegations that any contact with Colorado (if any existed) was related to the claims at issue in this litigation. *(id.)* As will be set out more fully in Lineage Bank's forthcoming motion to dismiss, this Court does not have personal jurisdiction over Lineage Bank. Accordingly, the Court should stay all discovery responses due from Lineage Bank until the Court rules on Lineage Bank's motion to dismiss the Consolidated Complaint.

## II. ARGUMENT

### A. Discovery Is Inappropriate While Issues Of Personal Jurisdiction Are Being Resolved.

Fed.R.Civ.P. 26(c) allows the court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" for good cause. The District

[2] Lineage Bank reserves the right to raise any other challenges pursuant to Rule 12(b).

of Colorado has held that "subjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense." *String Cheese Incident, LLC v. Stylus Shows, Inc.,* 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006); see, *Lumen Techs. Serv. Grp., LLC v. CEC Grp. LLC,* 2023 WL 5747615 (D. Colo. July 20, 2023) (granting motion to stay discovery pending ruling on motion to dismiss for lack of personal jurisdiction); and *Charnoff v. Loving*, 2020 WL 5803240, at *2 (D. Colo. Aug. 4, 2020) ("the burden to participate in discovery is greater on defendants when there are jurisdictional issues to address."). When evaluating whether a stay is warranted, the Court should weigh "(1) plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *See String Cheese*, 2006 WL 894955, at *2.

Here, the *String Cheese* factors weigh in favor of staying discovery and disclosures until the forthcoming motion to dismiss is decided. Discovery in this matter, if it proceeds, will be voluminous, burdensome, highly-technical and expensive. In addition to Lineage Bank's voluminous data regarding Synapse-related transactions, the Trustee for the Synapse bankruptcy estate has stated that there are over 100 terabytes of data from Synapse related to customer transactions and the reconciliation of financial data across the defendants. Much of that data is in some proprietary format that will require significant time or expert involvement to decode. This burden is particularly great on Lineage Bank because it is not subject to personal jurisdiction in this Court and played only a limited role as an ACH payment and wire transfer processor for

Synapse. Moreover, Lineage Bank has already returned approximately 99% of the funds it held to Synapse's impacted end users.

**B. <u>Evolve's Reliance On The *Hartford* Decision Is Entirely Misplaced.</u>**

Evolve's Opposition primarily rests on the decision in *Certain Underwriters at Lloyds, London v. Hartford Accident and Indemnity Company,* 2024 WL 5810712 (D. Colo. Dec. 6, 2021). However, the *Hartford* decision arises out of an entirely different procedural setting and is therefore readily distinguishable from this case. *Hartford* did not involve a motion to stay based on issues of personal jurisdiction brought at the outset of the litigation. Rather, *Hartford* dealt with a motion to stay that was brought more than three (3) after the litigation had been commenced.

In *Hartford*, Plaintiff Certain Underwriters at Lloyd's, London ("Lloyd's") initiated an action in state court on June 27, 2018 against Defendants Hartford Accident and Indemnity Company ("Hartford"), Travelers Casualty and Surety Company ("Travelers"), and Holcim (US), Inc. ("Holcim"). Lloyd's sought a declaratory judgment that any duty to defend that it owed to Holcim arising out of claims associated with certain environmental contamination was in excess of insurance policies issued to Holcim by Hartford and Travelers.

After the defendants removed the case to federal court, each Party filed a motion for summary judgment. On August 5, 2019, the District Court granted Holcim's motion for summary judgment, granted in part and denied in part Hartford's and Travelers's motions for summary judgment, and denied Lloyd's motion for summary judgment. In light of these rulings the parties moved for administrative closure of this case, and the case was administratively closed on September 5, 2019, to pursue mediation, The Parties moved to re-open the case on June 7, 2021.

Thereafter, Holcim filed its motion to dismiss on September 3, 2021, seeking to dismiss the crossclaims against it under Rule 12(b)(1) of the Federal Rules of Civil Procedure—asserting a lack of subject matter jurisdiction—on the basis that such claims were moot. That same day, Holcim filed a motion to stay discovery, seeking to stay all discovery in this case pending the resolution of the motion to dismiss.

Given that the case had already been pending for more than three (3) years and with no end in sight, the *Hartford* Court denied Holcim's motion to stay. As to the parties' interests in proceeding expeditiously, the Court stated:

> Indeed, this case was first filed in 2018, as were Travelers's and Hartford's crossclaims, and the case will likely not reach resolution through dispositive motions and/or trial until 2022 or 2023. While the court acknowledges that all Parties have contributed and/or consented to the delays in this litigation, the court is disinclined to permit any further delay in a case that has already been pending for over three years and that does not appear to be close to resolution. *See Sanchez*, 2020 WL 924607, at *5 (noting that, where events occurred in 2018 and case was not likely to be resolved until 2021, a stay of discovery was disfavored). [Citations to record deleted.] (2024 WL 5810712 at *3.)

Likewise, as to the third *String Cheese* factor, convenience to the court, the Court similarly noted:

> This case was originally filed in District Court for the City and County of Denver, State of Colorado on June 27, 2018. It was then removed to the United States District Court for the District of Colorado on July 26, 2018. A little over a year later, it was administratively closed to allow the Parties to attempt resolution. That administrative closure lasted approximately 21 months. Further stays simply prolong the final resolution of this action. Thus, this court finds that a stay would negatively impact the efficient management of this court's docket. [Citations to record deleted.] (2024 WL 5810712 *5.)

In contrast to the situation found in *Hartford*, Lineage Bank has promptly sought a brief stay of discovery pending resolution of personal jurisdiction issues. This Court has repeatedly recognized "that discovery may be inappropriate while issues of immunity or jurisdiction are being

resolved." *See, Blackburn v. Executive Director of CDOC*, 2024 WL 4634088 at *1 (D. Colo. Oct. 31, 2024); *Petty v. Matevousain*, 2024 WL 4290828 at *1 (D. Colo. Sept. 25, 2024); and *Griffith v. El Paso County, Colorado*, 2022 WL 20286303 at *1 (D. Colo. Nov. 2, 2022). As such, the *Hartford* decision is completely inapplicable to the present case.

### C. The *String Cheese* Factors Favor a Stay of Discovery.

#### 1. The Burden of Discovery on Lineage Bank Will Be Significant and Disproportionate to Its Role in the Case.

##### a. There Is Ample Evidence That This Court Lacks Personal Jurisdiction Over Lineage Bank.

"This Court has recognized that the burden on a defendant is high where personal jurisdiction over that defendant is in question." *See Lumen Techs. Serv. Grp., LLC,* 2023 WL 5747615, at *2. Lineage Bank's forthcoming motion to dismiss will be based, in part, on this Court's lack of personal jurisdiction over Lineage Bank. Lineage Bank is subject to neither general nor specific jurisdiction in Colorado.

In its Opposition, Evolve claims that there is no evidence regarding this Court's lack of personal jurisdiction over Lineage Bank. This is untrue. Lineage Bank has provided this Court with overwhelming evidence of a lack of personal jurisdiction over Lineage Bank. The evidence was so-compelling that Plaintiffs' counsel proceeded to file another class action against Lineage Bank in Tennessee and offered to stipulate to transferring this action to Tennessee.

Lineage Bank is not "at home" in Colorado because it is not headquartered here and does not have its principal place of business here. *See*, *Goodyear Dunlop Tires Ops., S.A. v. Brown,* 564 U.S. 915, 924 (2011) (stating that a corporation is "at home" where it is incorporated or has its

principal place of business). Rather, Lineage Bank is headquartered and has its principal place of business in Tennessee.

The Consolidated Complaint also does not allege, nor can it, that this Colorado Court has specific jurisdiction over Lineage Bank. To have specific jurisdiction over a nonresident defendant, the plaintiff must establish that the defendant has "purposefully directed [its] activities at the residents of the forum and the litigation results from injuries that arise out of or relate to those activities." *Klein Frank, P.C. v. Girards,* 932 F. Supp. 2d 1203, 1210 (D. Colo. 2013). There are no allegations that Lineage Bank purposefully directed any activities at Colorado residents. In fact, none of the named Plaintiffs is a resident of Colorado. Even if there was a resident of Colorado in the litigation as a plaintiff, the emphasis of the specific jurisdiction analysis is on the *defendant's* contacts with the forum state. Plaintiffs can point to no contacts between Lineage Bank and Colorado. Lineage Bank has no employees or branches in Colorado, it has not directed any advertising at Colorado, and it has not registered to do business in Colorado. Moreover, the claims at issue in this case cannot plausibly be alleged to have arisen out of or relate to any (unspecified and nonexistent) contacts Lineage Bank may have had with Colorado.[3]

**b. The Undue Burden On Lineage Bank Is Both Real And Substantial.**

As to the burden on Lineage Bank, and realizing that the forthcoming motion to dismiss will likely be meritorious, Evolve argues that Lineage will not be burdened because the discovery

[3] In their Opposition, Plaintiffs half-heartedly argue that that a motion to stay is not appropriate because Lineage Bank has not filed its motion to dismiss yet. This argument ignores that fact that, through no fault of Lineage Bank, there was no operative complaint on file when Lineage Bank filed its motion. Now that the operative complaint has been filed, Lineage Bank can proceed with its motion to dismiss, which is now due on or before May 5, 2025.

will be proper in an action somewhere else. This is presumptuous on its part. Evolve has made no showing that the discovery it seeks, especially in its breadth, will be allowed anywhere.

Moreover, the *Lumen* Court specifically rejected the argument advanced by Evolve:

> Lumen argues, however, that there will be no burden on CEC or Ford if the Court denies the Motion to Stay because Lumen will either obtain documents and testimony from Ford in this action or through the subpoena process if Ford is dismissed for lack of personal jurisdiction. Further, if Ford is dismissed, Lumen avers that CEC is likely to sue Ford in another jurisdiction. Lumen thus argues that "staying discovery in this litigation does not promote efficiency—it simply delays the inevitable." The Court disagrees. As Ford notes, the rules surrounding subpoenas to non-parties are different from discovery obligations under Fed. R. Civ. P. 26, 33, 34, and 36. For example, Fed. R. Civ. P. 45 would permit Lumen only to request documents and other tangible things; Lumen would not be able to issue interrogatories or requests for admission. Ford further notes that the rules associated with subpoenaing testimony are different as well, and the subpoena process does not require disclosure of individuals with knowledge of the facts and insurance coverage, which is required under Rule 26(a)(1). The Court finds from the foregoing that discovery in this case under Rules 26, 33, 34, and 36 would be far more burdensome on Ford than if Lumen eventually serves a subpoena pursuant to Rule 45. [Citations to record omitted.] (2023 WL 5747615 at *2.)

Contrary to Evolve's arguments, the undue burden on Lineage Bank is both real and substantial.

**c. A Brief Stay Of Discovery Will Not Unduly Delay This Matter.**

Evolve also argues that a ruling on a motion to dismiss will unduly delay this action. This too is untrue. Now that Plaintiffs have filed their Consolidated Complaint, Lineage's response is due on May 5, 2025. A brief stay of discovery will not prejudice Evolve's interests.

**2. It Will Be More Convenient for the Court if Discovery is Briefly Stayed.**

In its Opposition, Evolve remarkably argues that it is in this Court's interest to resolve a potentially unnecessary discovery dispute now, rather than grant a brief stay. There is no reason to believe that a brief stay will adversely impact the court's docket. "Where a pending motion may

dispose of an action ... a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Lucero v. City of Aurora,* 2023 WL 5957126, at *9 (D. Colo. Sept. 13, 2020).

Should this action survive the defendant's forthcoming motion to dismiss, there are likely to be various discovery disputes that require the Court's attention given the complexity of the issues and voluminous data in this matter. These could relate to specific protective orders related to burden, relevance of certain data streams, cost allocation issues, and more. All these costs on the Court's time and resources could be expended on a case where it is ultimately determined that the Court does not have personal jurisdiction over certain defendants. Indeed, conspicuously absent from Evolve's filings to date is any acknowledgment or denial whether it is subject to personal jurisdiction in this Court. Upon information and belief, Evolve, like Lineage, is not a citizen of Colorado and maintains no presence in Colorado. In fact, Lineage would not be surprised if Evolve files a Rule 12 motion contesting whether it is subject to personal jurisdiction in this Court. If so, Lineage asserts that it would be inconsistent for Evolve to insist that it be allowed to pursue expansive and costly discovery from co-defendants in this action while simultaneously contending that it is not subject to personal jurisdiction in this Court.

This factor weighs in favor of granting the stay.

**3. The Interests of Non-Parties Favors a Stay.**

When discovery "will involve significant efforts concerning others who are not party to [the] lawsuit," a stay is favored. *See Hay v. Fam. Tree, Inc.,* 2017 WL 2459777, at *2 (D. Colo. June 6, 2017). In its Opposition, Evolve argues that this issue is neutral because Lineage has not identified any such third parties. This is untrue. Pursuant to Colo. Rev. Stat. § 13-21-111.5, AMG,

American Bank and Evolve filed designations of non-parties at fault. *(See* ECF Nos. 64, 65, 66.) AMG named over 250 entities as non-parties in its designation, in which American Bank joined. (ECF Nos. 64, 65.) Because discovery here will likely involve multiple non-parties, this factor weighs in favor of granting the stay.

**4. The Public Interest Favors a Stay.**

The only public interest in this case is for an "efficient and just resolution." *Lumen,* 2023 WL 5747615, at *3. In its Opposition, Evolve concedes that the public has an interest in not wasting judicial resources. Requiring this Court to resolve a complex discovery dispute in a case which may be dismissed (or transferred) in short order (including potentially at the request of Evolve) would be a complete waste of judicial resources. This factor weighs in favor of granting the stay.

**5. AMG's Arguments In Opposition May Be Summarily Rejected.**

In its Opposition, AMG argues that it does not belong in this case. Lineage can relate to this sentiment. However, that does not mean defendants other than AMG should be required to launch into expansive and costly discovery prematurely.

AMG claims that it intends to file a motion for summary judgment, yet it has not even responded to the operative complaint. A brief stay of discovery will not preclude AMG from filing a motion for summary judgment whenever it decides to do so.

In connection with its contemplated motion, AMG speculates that Plaintiffs will want to conduct discovery before responding to any summary judgment motion. Only time will tell.

Next AMG speculates that Plaintiffs will need discovery from Lineage before responding to AMG's potential motion for summary judgment. That's impossible to know until AMG files its

motion. In this regard, AMG has not articulated any discovery from Lineage which is relevant to its defense to Plaintiffs' claims. If Plaintiffs' claims against AMG lack all merit, then nothing Lineage did or did not do can alter that fact.

Simply put, AMG's arguments must be summarily rejected. The *"String Cheese"* factors favor a brief stay of discovery over the speculation presented by AMG.

## III. CONCLUSION

On balance, the *String Cheese* factors weigh in favor of granting Lineage Bank's motion to stay discovery and disclosures. Lineage Bank has already returned approximately 99% of the Synapse-linked funds it held to the end users. A stay would alleviate any undue burden and expense that participating in discovery would impose on Lineage Bank and would conserve judicial resources, to the benefit of the Court and the public. Lineage Bank respectfully requests that this Court grant the motion and stay discovery and disclosures, pending resolution of the forthcoming motion to dismiss.

Dated: April 21, 2025

Respectfully submitted,
LINEAGE BANK, N.A.

*/s/ Derek C. Anderson*

Derek C. Anderson, Esq.
Winget, Spadafora & Schwartzberg, LLP
2440 Junction Place, Suite 102
Boulder, CO 80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wssllp.com
*Attorney for Defendant Lineage Bank*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify that this motion complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(l) because it contains fewer than 4,000 words.

*/s/ Derek C. Anderson*

**CERTIFICATE OF SERVICE**

I, Derek C. Anderson, certify that on this 21st day of April, 2025, the foregoing *Defendant Lineage Bank's Combined Reply in Support of Motion to Stay Discovery and Disclosures* was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following using the CM/ECF system.

*/s/Derek C. Anderson*
Derek C. Anderson

Alexander E. Wolf, Esq.
Gary Michael Klinger, Esq.
Milberg Coleman Bryson Phillips Grossman PLLC
5528 Shadow Crest Street
Houston, TX 77096
T: 872-365-7060
F: 865-522-0049
Email: awolf@milberg.com
Email: gklinger@milberg.com
*Attorneys for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

James Gerard Stranch, IV, Esq.
Stranch Jennings & Garvey PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
T: 615-254-8801
F: 615-250-3937
Email: gstranch@stranchlaw.com
*Attorney for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

Jeff Ostrow, Esq.
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
T: 954-525-4100
Email: ostrow@kolawyers.com
*Attorney for Plaintiff Timothy Miller*

Carmel I. Dooling, Esq.
Matthew F. Singer, Esq.
Stanley F. Orszula, Esq.
William S. Porterfield, Esq.
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 West Madison Street, Suite 3900
Chicago, IL 60606-3459
Phone: 312-984-3100
Email: carmel.dooling@bfkn.com
Email: matthew.singer@bfkn.com
Email: stan.orszula@bfkn.com
Email: scott.porterfield@bfkn.com
*Attorneys for American Bank, N.A.*

Julia Oksasoglu, Esq.
Kevin Christopher McAdam, Esq.
Holland & Hart LLP
P.O. Box 8749
555 17th Street, Suite 3200
Denver, CO 80201-8749
Phone: 303-295-5111
Email: jnoksasoglu@hollandhart.com
Email: kcmcadam@hollandhart.com
*Attorneys for American Bank, N.A.*

Charlotte S. Hogan, Esq.
Barack Ferrazzano Kirschbaum & Nagelberg LLP
200 W. Madison Street, Suite 3900
Chicago, IL 60606
T: 312-984-3100
Email: charlotte.hogan@bfkn.com
*Attorney for American Bank, N.A.*

Amisha R. Patel, Esq.
Aravind Swaminathan, Esq.
Diana S. Fassbender, Esq.
Marc R. Shapiro, Esq.
Orrick Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
T: 202-349-800
Fax: 202-349-8080
Email: apatel@orrick.com
Email: aswaminathan@orrick.com
Email: dszego@orrick.com
Email: mrshapiro@orrick.com
*Attorneys for Evolve Bank & Trust and Evolve Bancorp, Inc.*

Eric Lindsay Robertson, Esq.
Hugh Q. Gottschalk, Esq.
Iva Velickovic, Esq.
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Phone: 303-244-1800
Fax: 303-244-1879
Email: Robertson@wtotrial.com
Email: gottschalk@wtotrial.com
Email: velickovic@wtotrial.com
*Attorneys for AMG National Trust*

Dylan J. Gould, Esq.
Spencer D. Campbell, Esq.
Terence Richard Coates, Esq.
Markovits Stock & De Marco, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
T: 513-651-3700
F: 513-665-0219
Email: dgould@msdlegal.com
Email: scampbell@msdlegal.com
Email: tcoates@msdlegal.com
*Attorneys for Plaintiff Paul Tonner*

Andrew John Shamis, Esq.
Shamis & Gentile, P.A.
14 North East 1st Avenue, Suite 705
Miami, FL 33132
T: 305-479-2299
F: 786-623-0915
Email: ashamis@shamisgentile.com
*Attorney for Plaintiff Corey Espinola*

M. Anderson Berry, Esq.
Clayeo C. Arnold, A Professional Corporation
865 Howe Avenue
Sacramento, CA 95825
T: 916-777-7777
Email: aberry@Justice4you.com
*Attorney for Plaintiffs Dawn Saquin, Imene Haddad, Kayla Morris, Rod Gendron, Colin Smith, Henry Yeh, Kelli Jo Claxton, Olga Margul and Daniel Brewer*