# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Lead Civil Action No. 1:24-cv-03259-DDD-NRN**

*Consolidated with* 1:24-cv-03261-SBP;
1:24-cv-03262-SBP; 1:24-cv-03509-NRN; and 1:25-cv-00075-KAS

OLGA MARGUL, KELLI JO CLAXTON,
HENRY YEH, COLIN SMITH, ROD GENDRON,
KAYLA MORRIS, TIMOTHY MILLER,
DAWN SAQUIN, IMENE HADDAD,
DANIEL BREWER, PAUL TONNER,
CORY ESPINOLA, STEPHANIE IZQUIETA,
AND KATHERINE MAUL, RICHARD TODD HALE,
AND ALFRED ROTIMI, individually and on
behalf of all similarly situated persons,

　　　　　　　　Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank;
AMG NATIONAL TRUST, a Colorado bank;
LINEAGE BANK, a Tennessee bank;

　　　　　　　　Defendants.

---

## DEFENDANT LINEAGE BANK'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

---

1

Defendant, Lineage Bank ("Defendant" or "Lineage"), by and through its undersigned counsel, hereby submits its Motion to Dismiss Plaintiffs Consolidated Amended Class Action Complaint (the "Complaint") pursuant to F.R.C.P. 12(b)(6).

**CERTIFICATION OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1, the undersigned counsel certifies that he has conferred with Plaintiffs' counsel, who did not respond to the conferral.

**I.     INTRODUCTION**

Plaintiffs filed their First Amended Consolidated Class Action Complaint (the "Complaint") on June 25, 2025. The Amended Complaint includes two new named Plaintiffs and sets forth claims for accounting, breach of fiduciary duty, conversion, constructive trust, money had and received, negligence, and unjust enrichment against Lineage. Despite Plaintiffs' amendments to the Complaint, it still fails to state a claim upon which relief can be granted.

This dispute arises from the bankruptcy of Synapse Financial Technologies, Inc. ("Synapse"), a third-party financial technology ("Fintech") Company. Synapse offered banking-as-a-service ("Baas") infrastructure to its Fintech customers. Synapse essentially acted as an intermediary for its Fintech customers, offering financial and banking services to the Fintechs' end users through Synapse's network of partner banks. Plaintiffs allege that they created accounts and deposited money with Fintech companies Juno, Mainvest Inc. ("Mainvest"), and Yotta, who, in turn, hired Synapse. (Compl. ¶¶ 6- 19). The Complaint alleges that Synapse, not Plaintiffs, held deposit accounts with and deposited money at Lineage. (Compl. ¶¶ 31–33). Thus, Plaintiffs concede that Lineage's relationship was with Synapse, not with Plaintiffs. The Complaint is devoid of any facts showing a relationship between Lineage and the Plaintiffs.

2

The Complaint alleges that in April of 2024, Synapse filed for bankruptcy and disclosed that approximately $85 million in customer funds across 100,000 customers had gone missing. (Compl. ¶ 36). The Complaint alleges that Defendants have Plaintiffs funds, but acknowledges that Plaintiffs cannot discern which bank[1] holds their money. (Compl. ¶ 41).

The Complaint further alleges that "[l]ike any banking customer, FinTech users reasonably believed their funds were being held at Defendants in a safe and secure manner and were available to access and withdraw on demand." (Compl. ¶ 31). However, Plaintiffs conveniently ignore the decisive fact that they were not actually a customer of Lineage.

The Complaint does allege that Lineage sent emails to Plaintiffs Richard Todd Hale ("Mr. Hale") and Alfred Rotimi ("Mr. Rotimi") to return their funds, in a "sum less their respective balances held by Mainvest." (Compl. ¶¶ 20–21). However, the simple exchange of emails does not establish a customer relationship under C.R.S. § 4-4-104 (a)(5).

The Complaint makes the conclusory allegations that Lineage owed Plaintiffs fiduciary duties (Compl. ¶¶ 77, 94-95). These claims fail because Lineage, as a bank, owed no legal duty to Plaintiffs, who were not its customers. The Complaint further alleges that Lineage "refused to return" Plaintiffs' funds, (Compl. ¶¶ 5, 58, 65, 88) after "Plaintiffs and the Class demanded the return of their cash funds deposited with Defendants."(Compl. ¶ 87). However, Plaintiffs acknowledge that Lineage denies holding "substantial additional funds" belonging to fintech users and maintains that they already distributed over 90% of the funds deposited by Synapse. (Compl. ¶ 40). The conversion and unjust enrichment claims likewise fail because the Complaint does not

---

[1] American Bank was previously named as a Defendant but was dismissed from these proceedings on April 3, 2025. [Doc. No. 79].

allege that Lineage retained any benefit or specific, identifiable funds to which Plaintiffs have a property interest.

Plaintiffs' claims for accounting, constructive trust, and money had and received are not independent causes of action but are equitable remedies available for their unjust enrichment claims. Because Plaintiffs have failed to plausibly allege unjust enrichment, these derivative "claims" also fail.

For all of these reasons, Plaintiffs have failed to state a claim upon which relief can be granted and the Court should grant this motion to dismiss.

## II.    STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), all well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (citing *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir.2005)). In reviewing a motion to dismiss, this court must look for "plausibility in the complaint." *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007) (quotation omitted). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that

a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' *Id*; *quoting Twombly,* 550 U.S. at 555.

### III.    ARGUMENT

The Complaint fails to state a claim upon which relief can be granted for numerous reasons. First Plaintiffs claims for breach of fiduciary duty and negligence fail because the Complaint does not and cannot plausibly allege that Lineage owed Plaintiffs a duty. Second, Plaintiffs' claims for conversion or unjust enrichment along with the claimed equitable remedies—accounting, constructive trust, and  money had and received—fail because the Complaint does not allege that Lineage retained Plaintiffs funds, much less in an inequitable manner.

### A.    Plaintiffs Fail to State a Claim for Negligence Because Lineage Does Not Owe a Duty to Plaintiffs as Non-customers.

The Complaint fails to state a claim for negligence. To do so, Plaintiffs must allege five essential elements: (1) the existence of a legal duty owed to them by Lineage (DISPUTED); (2) a breach of that duty; and (3) that the breach caused harm resulting in damages[2]. *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005), *as modified on denial of reh'g* (May 16, 2005). A negligence claim fails where the law does not impose a duty on the defendant to act for the plaintiff's benefit. *Id*. Whether a duty exists is the threshold inquiry; absent a duty, the remaining elements are irrelevant. *N.M. by & through Lopez v. Trujillo*, 2017 CO 79, ¶ 24, 397 P.3d 370, 374.

---

[2] Due to type-volume limitations, this Motion addresses only the duty element of Plaintiffs' negligence and fiduciary duty claims, but Lineage also disputes that breach, causation, and damages are adequately alleged.

Here, Lineage owed no duty of care to Plaintiffs because they were not its customers. Courts in Colorado have consistently held that a bank does not owe a duty to non-customers. *Am. Express Travel Related Servs. Co., Inc. v. Stevens*, No. 13-CV-01159-WYD-BNB, 2013 WL 6670532, at *2 (D. Colo. Dec. 18, 2013); citing *Weil v. First Nat. Bank of Castle Rock*, 983 P.2d 812, 814 (Colo. App. 1999). The policy for this rule is straightforward: if banks owed duties to non-customers, they would face potentially unlimited liability for unforeseeable conduct by their customers. *See* 9 C.J.S. Banks and Banking § 246. Further, a "Customer" is defined as a person having an account with a bank. C.R.S. § 4-4-104 (a)(5).

The Complaint contains no allegation that Plaintiffs were customers of Lineage. Plaintiffs amended their Complaint to include Plaintiffs Mr. Hale and Mr. Rotimi in an apparent attempt to establish a customer relationship with Lineage based on the fact that Lineage sent them an email. (Compl. ¶¶ 20–21). However, Lineage allegedly sending an email to Mr. Hale and Mr. Rotimi does not establish a customer relationship. In fact, these allegations explicitly acknowledge that these emails were concerning their funds held by Mainvest—not Lineage. *Id*. Moreover, there is no allegation that Mr. Hale, Mr. Rotimi, or any of the other Plaintiffs held an account at Lineage and therefore the Complaint does not allege a customer relationship.

The Complaint affirmatively alleges that Synapse, not Plaintiffs, held deposit accounts at Lineage. (Compl. ¶¶ 32–34). Because Synapse—not Plaintiffs—was Lineage's customer, Lineage owed Plaintiffs no duty of care. *Weil*, 983 P.2d at 814. Even after amending the Complaint to address this deficiency, Plaintiffs still fail to allege that any of the Named Plaintiffs were customers of Lineage. Accordingly, the Complaint fails to state a claim for negligence. *Keller*, 111 P.3d at 447.

B. **Lineage Does Not Have a Special Relationship with Plaintiffs.**

Further, the Complaint alleges that Lineage owed Plaintiffs a duty due to a special relationship. (Compl. ¶ 77). To date, Colorado has recognized only the following types of special relationships giving rise to a duty of care: (1) common carrier/passenger, (2) innkeeper/guest, (3) possessor of land/invited entrant, (4) employer/employee, (5) parent/child, and (6) hospital/patient. *Trujillo*, 397 P.3d at 374. Without a special relationship, there is no duty of care. *Byrd v. GMAC Mortg., LLC*, No. 119CV00651DDDSTV, 2019 WL 10270261, at *3 (D. Colo. Nov. 22, 2019); citing *Trujillo*, 397 P.3d at 370.

Despite the Complaint's allegations that Plaintiffs and Lineage have a special relationship, Colorado has never recognized a special relationship between a bank and its customers, let alone the end users of the banks client's customers. Further, the Complaint makes no allegations to substantiate the asserted special relationship. Simply put, Lineage does not have any relationship with Plaintiffs, much less a special relationship. As the Complaint has failed to plausibly allege that Plaintiffs' have a special relationship with Lineage, the general rule that a bank does not owe a duty to non-customers must apply here. Therefore, Lineage does not owe Plaintiff a duty of care—a threshold element to their negligence claim—and therefore the Complaint fails to state a claim for negligence.

C. **Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty Because Lineage Does Not Owe Plaintiffs Fiduciary Duties.**

Similarly, the Complaint fails to state a claim for breach of fiduciary duty. To state a claim for breach of fiduciary duty, the Complaint must allege that: 1) that Lineage was acting as a fiduciary of Plaintiffs (DISPUTED); 2) that Lineage breached a fiduciary duty to Plaintiffs; 3) that

7

Plaintiffs incurred damages; and 4) that Lineage's breach of fiduciary duty was a cause of the Plaintiffs' damages. *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993).

As established above, Plaintiffs have failed to allege that Lineage owed Plaintiffs a duty, much less a fiduciary duty. The Complaint makes the allegation that Lineage owed Plaintiffs a fiduciary duty "to store, maintain, and safeguard their cash deposits" and not "sell, loan, or otherwise alienate such funds except as instructed by Plaintiffs." (Compl.  ¶¶ 94-95). This allegation is merely conclusory and is unsupported by any legal authority. As established above, Plaintiffs cannot plausibly allege that Lineage owed Plaintiffs any duty, much less a fiduciary duty. *Iqbal*, 556 U.S. at 678.

**D.** **Plaintiffs' Claims for Money Had and Received, Unjust Enrichment, Accounting, and Constructive Trust All Fail Because Lineage Held Money for Synapse and Not Plaintiffs.**

Plaintiffs asserted claims for accounting, constructive trust, money had and received, and unjust enrichment in essence amount to one claim for unjust enrichment along with three different equitable remedies available for that claim. The Complaint fails to state an unjust enrichment claim, however.  Plaintiffs therefore are not entitled to any of the remedies sought.

**1.** **Plaintiffs Fail to State a Claim for Unjust Enrichment Because They Neither Allege that Lineage Received a Benefit or That Purported Benefit Was at Plaintiffs Expense.**

The Complaint fails to state a claim for unjust enrichment. To state a claim for unjust enrichment Plaintiffs must allege that: (1) the Lineage received a benefit (DISPUTED), (2) at Plaintiffs' expense (DISPUTED), and (3) under circumstances that would make it unjust for the Lineage to retain the benefit without providing compensation (DISPUTED). *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 2016 CO 64, ¶ 63, 382 P.3d 821, 833.

8

Here, the Complaint fails to plausibly allege that Lineage received any benefit—let alone one at Plaintiffs' expense. The Complaint states that Plaintiffs opened accounts with Juno, Yotta or Mainvest and deposited funds. (Compl. ¶¶ 6–19). It further alleges that Synapse opened a series of deposit accounts including DDAs and FBO accounts—with the Defendant Banks, on behalf of approximately 100 fintech companies. (Compl. ¶¶ 31–34). Plaintiffs thereby concede that Lineage's relationship was with Synapse, not with Plaintiffs. Moreover, as established above, Plaintiffs were not customers of Lineage pursuant to C.R.S. § 4-4-104 (a)(5).

Plaintiffs also allege that FBO accounts are custodial accounts through which a company manages funds "for benefit of" users without assuming legal ownership. (Compl., fn. 1). Even assuming Lineage held such FBO accounts, the Complaint does not allege that Lineage received any benefit from Plaintiffs. It further acknowledges that Lineage does not own the funds in those accounts, undercutting any theory that Lineage retained a benefit unjustly. *Id*.

The Complaint lacks any plausible allegations that Plaintiffs conferred a benefit on Lineage or that Lineage retained any benefit under inequitable circumstances. Instead, the Complaint makes only general assertions that Defendant Banks "have not returned the funds belonging to Plaintiffs," while simultaneously alleging that Plaintiffs deposited those funds with fintech platforms that, in turn, used Synapse to pool and deposit funds with various banks, including Lineage. At most, these allegations imply that any funds held by Lineage belonged to its customer Synapse—not to Plaintiffs.

Critically, the Complaint neither alleges that Lineage ever held Plaintiffs' specific funds nor explains why Lineage's receipt of funds from Synapse—its actual customer—was unjust. As such, Plaintiffs have not alleged the foundational elements of unjust enrichment: they have not

shown that they conferred a benefit upon Lineage or that it would be inequitable for Lineage to retain any such benefit. Moreover, and perhaps more importantly, Lineage has returned 99% of the Synapse funds it held to end users.  The unjust enrichment claim therefore fails as a matter of law.

### 2.  The Complaint Fails to State a "Claim" for Money Had and Received.

The Complaint likewise fails to state a claim for money had and received. Money had and received exists to prevent unjust enrichment. *Mullens v. Hansel-Henderson*, 65 P.3d 992, 999 (Colo. 2002), *as modified on denial of reh'g* (Jan. 13, 2003); see also 1 Dan B. Dobbs, *Law of Remedies* § 4.2(2) (3d ed. 2017) (characterizing money had and received as a "subordinate category" of unjust enrichment based on a quasi-contractual theory). To prevail on such a claim, a plaintiff must show that: (1) the defendant received money (DISPUTED), and (2) in equity and good conscience, the defendant ought to return it (DISPUTED). *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1154 (10th Cir. 2023).

As discussed above, the Complaint does not plausibly allege that Lineage received any money from Plaintiffs—only that Synapse, Lineage's customer, may have deposited pooled funds on behalf of various fintech platforms. Plaintiffs allege no direct relationship with Lineage. Instead, they allege that they deposited funds with fintech companies, which in turn used Synapse to place funds at various banks, including Lineage. The Complaint also fails to allege that it would be inequitable for Lineage to retain any such funds, particularly in light of Plaintiffs' acknowledgment that Lineage did not own the funds and merely held them, at most, in custodial FBO accounts.

Because Plaintiffs do not allege that Lineage received money from them, or that Lineage's retention of any such funds would be inequitable, their "claim" for money had and received must be dismissed.

### 3.   The Complaint Fails to State a "Claim" for Constructive Trust.

Plaintiffs also seek the remedy of a constructive trust, but the Complaint once again fails to state a viable claim. "Constructive trust" is a remedy for unjust enrichment, not a standalone cause of action. *McAnulty v. Standard Ins. Co.*, 81 F.4th 1091, 1098 (10th Cir. 2023). It is a remedial device designed to prevent unjust enrichment. *Mancuso v. United Bank of Pueblo*, 818 P.2d 732, 737 (Colo. 1991). For this reason alone, Plaintiffs' "constructive trust" claim should be dismissed. See 1 Dan B. Dobbs, *Law of Remedies* § 4.3(2) (3d ed. 2018).

Moreover, to obtain a constructive trust, Plaintiffs must first establish that Lineage was unjustly enriched (DISPUTED) by acquiring title to specifically identifiable property at their expense or in violation of their rights. *McAnulty*, 81 F.4th at 1099 (quoting Restatement (Third) of Restitution and Unjust Enrichment § 55(1)). Even after establishing a viable unjust enrichment claim, Plaintiffs would still be required to show that Lineage acquired specifically identifiable property upon which the constructive trust could be imposed. *Id.* § 55 cmt.

As discussed above, Plaintiffs fail to state a claim for unjust enrichment. Accordingly, they cannot satisfy the first prerequisite for the imposition of a constructive trust, and their claim should be dismissed.

### 4.   The Complaint Fails to State a "Claim" For Accounting.

Plaintiffs also purport to assert a claim for an accounting, but this too fails. An accounting is not an independent cause of action; it is an equitable remedy typically available only when legal

remedies are inadequate and a plaintiff cannot determine the amount of money owed, if any. *1 Dobbs, Law of Remedies* § 4.3(5). An accounting is an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate. *Hildebrand v. Wilmar Corp.*, No. 17-CV-02821-PAB-MEH, 2018 WL 4356789, at *2 (D. Colo. Sept. 13, 2018). "An accounting is a species of disclosure, predicated upon the legal inability of a plaintiff to determine how much, if any, money is due him from another. *In re Del-Met Corp.*, 322 B.R. 781, 836 (Bankr. M.D. Tenn. 2005). An accounting may be ordered if the "plaintiff [is unable] to determine how much, if any, money is due him from another" (DISPUTED). *Andrikopoulos v. Broadmoor Mgmt. Co.*, 670 P.2d 435, 440 (Colo. App. 1983).

The Court can also dismiss this "claim" because it isn't a claim at all, but a remedy for unjust enrichment (DISPUTED), and Plaintiffs fail to state a claim for unjust enrichment. *See Escobar, Inc. v. Barwest Grp., LLC*, No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5 (D. Colo. Sept. 22, 2021) (dismissing claim "because [the court] does not consider … an accounting to be a separate claim for relief"). Moreover, as discussed above, Plaintiffs have failed to plausibly allege unjust enrichment—an essential predicate for the remedy they seek. As a result, the Complaint has failed to allege any basis for Plaintiffs' accounting "claim", and it should be dismissed.

Even if Plaintiffs did state a viable unjust enrichment claim, Plaintiffs' general allegation that they cannot discern which of the four Defendants holds their money—but that one of them must—does not suffice. (Compl. ¶ 41). The Complaint does not allege that Lineage specifically received or held any of Plaintiff funds, nor that Lineage possesses unique information regarding

12

those funds. Without such allegations, there is no basis for requiring Lineage to provide an accounting.

### E.  The Complaint Fails to State a Claim for Conversion.

The Complaint also fails to state a claim for conversion."[c]onversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Mason v. Farm Credit of S. Colorado, ACA*, 2018 CO 46, ¶ 29, 419 P.3d 975, 983. Under Colorado law, to state a claim for conversion, Plaintiffs must allege that: (i) Lineage exercised dominion or control over property (DISPUTED); (ii) that property belonged to Plaintiffs (DISPUTED); (iii) the Lineage exercise of control was unauthorized; (iv) Plaintiffs demanded return of the property; and (v) Lineage refused to return it. *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1181 (D. Colo. 2019).

Here, the Complaint fails to allege that Lineage exercised control over any funds belonging to Plaintiffs. The Complaint acknowledges that most end-user funds were held in omnibus FBO accounts while the rest were held in DDAs across the four defendant banks. (Compl. ¶ 34). It does not allege that any Plaintiff had a specific, identifiable interest in any funds held by Lineage.

Moreover, as Plaintiffs concede, FBO accounts are custodial in nature and do not confer legal ownership or control to the custodian bank. (Compl. fn. 1). Lineage is alleged to have held these accounts on behalf of Synapse—not Plaintiffs. (Compl. ¶¶ 31–33). These allegations preclude the inference that Lineage exercised unauthorized dominion over property belonging to Plaintiffs.

The Complaint also acknowledges that Lineage denies holding any substantial additional funds belonging to fintech users and asserts that it has already distributed more than 90% of any

such funds it held. (Compl. ¶ 40). Although the Complaint alleges that Lineage "refused to return" Plaintiffs' funds, (Compl. ¶¶ 5, 58, 65, 88) and that "Plaintiffs and the Class demanded the return of their cash funds deposited with Defendants." (Compl. ¶ 87), these conclusory allegations stop short of plausibility. *Iqbal*, 556 U.S. at 680. The Complaint does not allege when or how any demand was made, whether it was directed specifically to Lineage, whether Lineage received it, or how it allegedly responded. Nor does it plausibly allege that Lineage retained identifiable funds belonging to Plaintiffs that it was obligated to return.

At most, the Complaint speculates that Plaintiffs' funds may have passed through Synapse and ultimately been placed at Lineage. But such speculation—untethered to allegations of ownership, control, or wrongful refusal to return specific property—is insufficient to support a conversion claim.

## IV.    CONCLUSION

WHEREFORE, for the reasons set forth above, Lineage respectfully requests the Court grant this motion and enter an Order dismissing Plaintiffs claims for negligence, breach of fiduciary duty, unjust enrichment, money had and received, constructive trust, accounting, and conversion against Lineage, with prejudice, pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted this 8th day of August, 2025.

/s/*Derek C. Anderson*
Derek C. Anderson, Esq.
Winget, Spadafora & Schwartzberg, LLP
2440 Junction Place, Suite 102
Boulder, CO  80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wssllp.com
*Attorney for Defendant Lineage Bank*

14

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/Derek C. Anderson
Derek C. Anderson

15

## CERTIFICATE OF SERVICE

I, Derek C. Anderson, certify that on this 8th day of August, 2025, the foregoing *Defendant Lineage Bank's Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint Pursuant to F.R.C.P. 12(b)(6)* was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following using the CM/ECF system.

/s/Derek C. Anderson
Derek C. Anderson

James Gerard Stranch, IV, Esq.
Stranch Jennings & Garvey PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
T: 615-254-8801
F: 615-250-3937
Email: gstranch@stranchlaw.com
*Attorney for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

Timothy W. Emery, Esq.
Brook Garberding, Esq.
Paul Cipriani, Esq.
Emery Reddy PLLC
600 Stewart Street
Seattle, WA 98101
T: 206-442-9106
F: 206-441-9711
Email: emeryt@emeryreddy.com
Email: brook@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff Olga Margul*

M. Anderson Berry, Esq.
Clayeo C. Arnold, A Professional Corporation
865 Howe Avenue
Sacramento, CA 95825
T: 916-777-7777
Email: aberry@Justice4you.com
*Attorney for Plaintiffs*

Dylan J. Gould, Esq.
Spencer D. Campbell, Esq.
Terence Richard Coates, Esq.
Markovits Stock & De Marco, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
T: 513-651-3700
F: 513-665-0219
Email: dgould@msdlegal.com
Email: scampbell@msdlegal.com
Email: tcoates@msdlegal.com
*Attorneys for Plaintiff Paul Tonner*

Andrew John Shamis, Esq.
Shamis & Gentile, P.A.
14 North East 1st Avenue, Suite 705
Miami, FL 33132
T: 305-479-2299
F: 786-623-0915
Email: ashamis@shamisgentile.com
*Attorney for Plaintiff Corey Espinola*

Jeff Ostrow, Esq.
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
T: 954-525-4100
Email: ostrow@kolawyers.com
*Attorney for Plaintiff Timothy Miller*

16

Alexander E. Wolf, Esq.
Gary Michael Klinger, Esq.
Milberg Coleman Bryson Phillips Grossman PLLC
5528 Shadow Crest Street
Houston, TX 770096
T: 872-365-7060
F: 865-522-0049
Email: awolf@milberg.com
Email: gklinger@milberg.com
*Attorneys for Plaintiffs*

Eric Lindsay Robertson, Esq.
Hugh Q. Gottschalk, Esq.
Iva Velickovic, Esq.
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
T: 303-244-1800
F: 303-244-1879
Email: Robertson@wtotrial.com
Email: Gottschalk@wtotrial.com
Email: Velickovic@wtotrial.com
*Attorneys for AMG National Trust*

Amisha R. Patel, Esq.
Aravind Swaminathan, Esq.
Diana S. Fass Bender, Esq.
Marc R. Shapiro, Esq.
Orrick Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
T: 202-349-800
Fax: 202-349-8080
Email: apatel@orrick.com
Email: aswaminathan@orrick.com
Email: dszego@orrick.com
Email: mrshapiro@orrick.com
*Attorneys for Evolve Bank & Trust*

Daniel Warren Van Horn, Esq.
David Gregory Mayhan, Esq.
Sarah Smyth O'Brien, Esq.
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
T: 901-680-7331
F: 901-680-7201
Email:danny.vanhorn@butlersnow.com
Email:David.Mayhan@butlersnow.com
Email: Sarah.OBrien@butlersnow.com
*Attorneys for Evolve Bank & Trust*