# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Lead Civil Action No. 1:24-cv-03259-DDD-NRN**

*Consolidated with* 1:24-cv-03261-SBP;
1:24-cv-03262-SBP; 1:24-cv-03509-NRN; and 1:25-cv-00075-KAS

OLGA MARGUL, KELLI JO CLAXTON,
HENRY YEH, COLIN SMITH, ROD
GENDRON, KAYLA MORRIS, TIMOTHY
MILLER, DAWN SAQUIN, IMENE HADDAD,
DANIEL BREWER, PAUL TONNER, CORY
ESPINOLA, STEPHANIE IZQUIETA, AND
KATHERINE MAUL,
individually and on behalf of all similarly
situated persons,

Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank;
AMG NATIONAL TRUST, a Colorado bank; and
LINEAGE BANK, a Tennessee bank;

Defendants.

---

## DEFENDANT LINEAGE BANK'S MOTION TO DISMISS EVOLVE'S CROSSCLAIMS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)

---

Defendant, Lineage Bank ("Defendant" or "Lineage"), by and through its undersigned counsel, hereby submits its Motion to Dismiss Defendant Evolve Bank & Trust's ("Evolve") Crossclaims, (the "Crossclaims") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

1

## <u>CERTIFICATION OF CONFERRAL</u>

Pursuant to D.C.COLO.LCivR 7.1, the undersigned counsel certifies that he has attempted to confer with Evolve's counsel, who stated that this motion is opposed.

## I.    <u>INTRODUCTION</u>

This dispute arises from the bankruptcy of Synapse Financial Technologies, Inc. ("Synapse"), a third-party financial technology ("Fintech") Company. Synapse offered banking-as-a-service ("Baas") infrastructure to its Fintech customers, essentially acting as an intermediary, offering financial and banking services to the Fintechs' end users ("End Users"). Synapse was responsible for maintaining the ledger of End Users' funds, tracking End User balances, and issuing monthly statements to End Users. Synapse ultimately filed Bankruptcy in April of 2024, leaving its partner banks, AMG National Trust ("AMG"), Evolve, and Lineage to return the End Users' funds. According to Synapse's records, a shortall of End User funds exists at Evolve. Due to alleged issues in the return and distribution of said funds, the Plaintiffs have filed suit against AMG, Evolve, and Lineage.

On August 11, 2025, Evolve filed its Answer to Plaintiffs' First Amended Consolidated Class Action Complaint (the "Answer"), including amended Crossclaims Against Co-Defendants AMG and Lineage (the "Crossclaims"). The Crossclaims include claims for accounting, contribution, conversion, money had and received, and unjust enrichment. These claims must be dismissed because Evolve lacks standing and the Crossclaims fail to state a claim upon which relief can be granted.

Evolve's Crossclaims fail to sufficiently allege injury for Article III standing and should be dismissed pursuant to F.R.C.P. 12(b)(1). Evolve seeks to collect from Lineage, however, the

Crossclaims fail to plausibly allege that Lineage ever had possession of funds or other property *belonging to Evolve*. The Crossclaims implicitly acknowledge that Lineage never had Evolve's money through the repeated admission that the disputed funds *belonged to End Users*. (Crossclaims ¶¶ 9, 11, 13, 15, 20–24, 30.) Accordingly, Evolve concedes that it did not suffer an Article III personal and individual injury. Further, Evolve acknowledges that Lineage returned the disputed funds to the End Users and attributes any confusion or misallocation of funds to Synapse's failure to maintain accurate records. (Crossclaims ¶¶ 23, 30, 37.) In doing so, Evolve concedes that its alleged injury is not fairly traceable to Lineage, but to Synapse. Evolve lacks Article III standing because the Crossclaims fail to allege a personalized injury that is fairly traceable to Lineage, and dismissal under F.R.C.P. 12(b)(1) is warranted.

Moreover, Evolve's failure to plausibly allege that Lineage possessed or retained *its funds* is fatal to its claims for accounting, conversion, money had and received, and unjust enrichment—all of which require such possession as a necessary element. Thus, Evolve's Crossclaims should be dismissed pursuant to F.R.C.P. 12(b)(6).

Finally, Evolve's contribution claim is both premature and legally barred. Evolve seeks contribution from Lineage for underlying claims of breach of fiduciary duty and negligence, both of which arise from an alleged special relationship of trust between Evolve and Plaintiffs. However, Colorado law expressly prohibits contribution claims arising from breaches of fiduciary or quasi-fiduciary duties. In addition, no final judgment has been entered against Evolve, and a contribution claim does not accrue until judgment or settlement.

In conclusion, the Crossclaims must be dismissed in their entirety pursuant to F.R.C.P. 12(b)(1) because Evolve lacks standing and pursuant to F.R.C.P. 12(b)(6) because Evolve has

3

failed to state any claim upon which relief can be granted.

## II.    FACTUAL BACKGROUND

The Crossclaims allege a factual background which fails to state that Lineage ever held any of Evolve's funds. (Crossclaims ¶¶ 7–40.) The only allegation that Lineage has possession of funds owed to Evolve is in the repeated general and conclusory allegations that "[u]pon information and belief, AMG and Lineage have in their possession funds owed to Evolve." (Crossclaims ¶¶ 39, 40, 47, 57, 70, 80.) In fact, these allegations are the only reference to Evolve's funds or any alleged relationship whatsoever between Evolve and Lineage in the Crossclaims.

On the contrary, the Crossclaims repeatedly acknowledge that the disputed funds were the End Users' funds. (Crossclaims ¶¶ 9, 11, 13, 15, 21–24, 27, 30, 32.) In its Answer, Evolve admits that End User funds were held in omnibus "for benefit of" accounts and interest-bearing consumer demand accounts. (Answer ¶¶ 32, 34.)

The Crossclaims allege that Lineage was designated by Synapse as a program bank of Synapse Brokerage and provided banking services to End Users after Evolve and Synapse began to wind-down their business relationship. (Crossclaims ¶ 13.) Evolve alleges further that during the wind-down period, it retained and maintained a portion of the End User funds, while Synapse began to move other End Users funds from Evolve to AMG and Lineage. (Crossclaims ¶¶ 15–17.)

Although Evolve asserts that Lineage and AMG withheld data necessary for a comprehensive reconciliation, (Crossclaims ¶¶ 28–29) it simultaneously concedes that Lineage and AMG returned funds in their possession to the End Users. (Crossclaims ¶ 30.) Evolve does not allege that Lineage or AMG are still holding or have retained any of these funds. Evolve further contends that Lineage's and AMG's distribution of funds to End Users must have been

"incorrect and unreliable" because they were based upon Synapse's records. *Id*. Yet the Crossclaims admit that any such irregularities stemmed from Synapse's failure to maintain accurate, up-to-date ledgers. (Crossclaims ¶ 22–23.)

In sum, the Crossclaims allege that Lineage held the End Users' funds—not Evolve's—(Crossclaims ¶¶ 9, 11, 13, 15, 21–24, 27, 30) and that any alleged incorrect distributions made are the fault of Synapse, not Lineage. (Crossclaims ¶¶ 23, 30, 32, 40.)

### III.   STANDARD OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(1).

To survive a motion to dismiss for lack of Article III standing pursuant to Rule 12(b)(1) the Crossclaims must establish that Evolve (1) suffered an injury in fact, (2) that is fairly traceable to the challenged action of Lineage, and (3) that is likely to be redressed by a favorable decision. *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022); citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). These requirements ensure that "the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Id*; citing *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009).

The Court determines subject matter jurisdiction by examining the substance of the claim based on the facts alleged and the relief requested. *City of Aspen v. Kinder Morgan, Inc.*, 143 P.3d 1076, 1078 (Colo. App. 2006); citing *State ex rel. Colo. Dep't of Health v. I.D.I., Inc.,* 642 P.2d 14 (Colo.App.1981). The plaintiff has the burden of proving jurisdiction, and evidence outside the pleadings may be considered to resolve a jurisdiction challenge. *Id*; *citing Smith v. Town of Snowmass Village,* 919 P.2d 868 (Colo.App.1996).

**B.      Federal Rule of Civil Procedure 12(b)(6)**.

Rule 12(b)(6) states that a court may dismiss a cross-complaint for "failure to state a claim upon which relief can be granted." *Amoco Prod. Co. v. Aspen Grp.*, 25 F. Supp. 2d 1162, 1163 (D. Colo. 1998). When considering a motion to dismiss pursuant to Rule 12(b)(6), all well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007); *citing Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir.2005). In reviewing a motion to dismiss, the Court must look for "plausibility in the complaint." *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation omitted). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' *Id*; *quoting Twombly,* 550 U.S. at 555.

## IV.    <u>ARGUMENT</u>

The Crossclaims must be dismissed for two reasons. First, Evolve has failed to sufficiently allege an injury in fact that is fairly traceable to Lineage and thus lacks standing to bring any of the claims asserted. Second, Evolve fails to plausibly allege any of the asserted causes of action.

### A.    <u>Evolve Lacks Standing to Bring Any of Its Claims</u>.

The Crossclaims fail to establish that Evolve (1) "suffered an injury in fact," (DISPUTED) (2) that is "fairly traceable to the challenged action of Lineage," (DISPUTED) and therefore must be dismissed.  *Laufer*, 22 F.4th at 876. Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (quotations and citations omitted). For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Id*. at 560 n.1. To be "concrete," an injury must be "real" rather than "abstract." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021).

First, Evolve fails to plausibly allege a particularized injury. All Evolve's crossclaims are based on unsubstantiated allegations that "upon information and belief, AMG and Lineage have in their possession funds owed to Evolve." (Crossclaims ¶¶39, 40, 47, 57, 70, 80.) The remaining factual allegations, make clear that the disputed funds belong to the End Users—not Evolve. (Crossclaims ¶¶ 9, 11, 13, 15, 21–24, 27, 30.) Evolve expressly acknowledges it held funds on behalf of the End Users and further admits that Synapse directed and authorized the transfer of those End User funds to Lineage. (Crossclaims ¶¶ 13, 15–17.) The Crossclaims, contain no plausible allegations that Evolve suffered any personal or individualized harm.

Evolve may contend that Lineage returned funds to the wrong End Users based on Synapse's allegedly incorrect ledger. (Crossclaims ¶¶ 30, 32.) Yet, Evolve admits that Lineage has returned funds to the End Users, further contradicting its contention that Lineage possesses funds owed to Evolve or that Evolve suffered an individualized injury. Any alleged injury would be fairly traceable *to Synapse* alone (not Lineage) and would constitute an injury *to End Users* (not Evolve). The Crossclaims attribute any misallocation of funds to Synapse's failure to maintain accurate records, not to Lineage's conduct. (Crossclaims ¶ 23, 30–32.)

Evolve argues that it suffered "reputational injury" and "expenses to defend itself" because End Users have sought return of their funds. (Crossclaims ¶ 37.) Evolve's alleged injuries are not fairly traceable to the actions of Lineage and thus, are not pled sufficiently for Article III standing. *See Laufer,* 22 F.4th at 876. Any alleged reputational harm or defense costs resulted solely from the actions of End Users seeking the return of funds from Evolve and submitting complaints regarding the same. (Crossclaims ¶37.)

Accordingly, the Crossclaims fail to allege that Evolve *itself* suffered any particularized injury that can be fairly traced *to Lineage* and therefore Evolve lacks standing to bring its claims.

**B.** **Evolve's Crossclaims Should be Dismissed Because Evolve Fails to State any Claim Against Lineage**.

The Crossclaims should be dismissed pursuant to C.R.C.P. 12(b)(6) because Evolve fails state a claim for conversion, accounting, unjust enrichment, money had and received, and contribution.

1. **<u>Evolve's Claims for Money Had and Received, Unjust Enrichment, and Accounting All Fail Because Lineage Never Held Evolve's Funds</u>**.

Evolve's claims for accounting, money had and received, and unjust enrichment in essence amount to one claim for unjust enrichment along with two different equitable remedies. Evolve fails to state a claim for unjust enrichment and therefore is not entitled to either of the remedies it seeks.

    a. <u>Evolve's Unjust Enrichment Claim Fails Because It Does Not Allege that Lineage Received a Benefit at Evolve's Expense.</u>

To state a claim for unjust enrichment under Colorado law, Evolve must allege that: (1) the Lineage received a benefit (DISPUTED), (2) at the Evolve's expense (DISPUTED), and (3) under circumstances that would make it unjust for the Lineage to retain the benefit without providing compensation (DISPUTED). *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 2016 CO 64, ¶ 63, 382 P.3d 821, 833.

Here, the Crossclaims fail to plausibly allege that Lineage received any benefit—let alone one at Evolve's expense. As established above, the Crossclaims' only assertion that Lineage possessed Evolve's funds is a conclusory allegation made "upon information and belief." (Crossclaims ¶¶ 39, 40, 47, 57, 70, 80.)

Some courts have held that conclusory allegations made "upon information and belief" are insufficient to make a claim plausible under *Twombly* and *Iqbal*. *In re Lee*, No. 14-11872, 2019 WL 5849059, at *2 (Bankr. D. Kan. Nov. 7, 2019). Others have held that the plausibility standard does not prevent such allegations where the facts are "peculiarly within the possession and control of the defendant," or where the belief is based on facts that make the inference of culpability

plausible. *De Aleman v. Allstate Fire & Cas. Ins. Co.*, No. 20-CV-02852-NRN, 2021 WL 1962893, at *4 (D. Colo. Feb. 12, 2021).

Evolve's "information and belief" allegation should not be accepted for two reasons. First, Evolve fails to explain why the status of its alleged funds would be peculiarly within Lineage's possession. Second, Evolve's allegation is directly contradicted by its other factual allegations, which uniformly state that the funds at issue belonged to End Users. (Crossclaims ¶¶ 9, 11, 13, 15, 21–24, 27, 30.) Lineage could not possibly receive a benefit at Evolve's expense where it never received anything of value from Evolve or had any direct relationship with it.

By Evolve's own account, its funds are not involved in this dispute. *Id.* The Crossclaims also concede that Lineage returned the disputed funds to End Users. (Crossclaims ¶ 30.) This return of the funds forecloses any plausible inference that Lineage received a benefit. Since Lineage has not received any benefit, Evolve fails to allege that Lineage unjustly retained any funds.

Evolve's claim for unjust enrichment fails to sufficiently allege that Lineage held funds belonging to Evolve, or derived any benefit at Evolve's expense.  Thus, this claim must be dismissed pursuant to F.R.C.P. 12(b)(6).

   b. <u>Evolve's "Claim" for Money Had and Received Fails Because Lineage Never Received Any of Its Funds.</u>

The Crossclaims likewise fail to state a claim for money had and received which is a remedy to prevent unjust enrichment. *See Mullens v. Hansel-Henderson*, 65 P.3d 992, 999 (Colo. 2002), *as modified on denial of reh'g* (Jan. 13, 2003); *see also* 1 Dan B. Dobbs, *Law of Remedies* § 4.2(2) (3d ed. 2017) (characterizing money had and received as a "subordinate category" of unjust enrichment based on a quasi-contractual theory). To prevail, Evolve must show that: (1)

Lineage received money (DISPUTED), and (2) in equity and good conscience, Lineage ought to return it (DISPUTED). *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1154 (10th Cir. 2023).

As established above, Evolve does not plausibly allege that Lineage was ever in possession of Evolve's money. The Crossclaims cannot plausibly assert that equity and good conscience requires Lineage to "return" the End Users' funds to Evolve. For the reasons established above the Court should dismiss Evolve's "claim" for money had and received pursuant to F.R.C.P. 12(b)(6).

c. Evolve's "Claim" For Accounting Fails Because Lineage Never Received Any of Its Funds.

Evolve purports to assert a claim for accounting, but this too fails. The Court should dismiss this "claim" because it isn't an independent cause of action, but a remedy for unjust enrichment (DISPUTED). *See Escobar, Inc. v. Barwest Grp., LLC*, No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5 (D. Colo. Sept. 22, 2021) (dismissing claim "because [the court] does not consider … an accounting to be a separate claim for relief"); *see also 1 Dobbs, Law of Remedies* § 4.3(5)..

Accounting is an extraordinary remedy, and is available only when legal remedies are inadequate. *Hildebrand v. Wilmar Corp.*, No. 17-CV-02821-PAB-MEH, 2018 WL 4356789, at *2 (D. Colo. Sept. 13, 2018). An accounting may be ordered if the "plaintiff [is unable] to determine how much, if any, money is due him from another" (DISPUTED). *Andrikopoulos v. Broadmoor Mgmt. Co.*, 670 P.2d 435, 440 (Colo. App. 1983).

As established above, Evolve has not plausibly alleged unjust enrichment and the equitable remedy of accounting is therefore unavailable. For this reason alone, Evolve's accounting "claim" should be dismissed.

Even assuming Evolve has stated a viable unjust enrichment claim, it fails to plausibly allege that an accounting is necessary. The Crossclaims' allegations fail to plausibly allege that

11

Lineage possesses any of Evolve's funds. (Crossclaims ¶ 80.) Similarly, the Crossclaims fail to allege that Lineage possesses unique information regarding Evolve's funds. Thus, there is no basis for requiring Lineage to provide an accounting.

Therefore, the Crossclaims fail to state a claim for accounting and this claim shall be dismissed pursuant to F.R.C.P. 12(b)(6).

### 2. Evolve's Conversion Claim Fails Because the Crossclaims Do Not Allege that Lineage Exercised Dominion or Ownership Over Evolve's Funds.

Evolve fails to state a claim for conversion. "[C]onversion is any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." *Mason v. Farm Credit of S. Colorado, ACA*, 2018 CO 46, ¶ 29, 419 P.3d 975, 983. To state a claim for conversion, Evolve must allege that: (1) Lineage exercised dominion or control over property (DISPUTED); (2) that property belonged to Evolve (DISPUTED); (3) Lineage exercise of control was unauthorized (DISPUTED); (4) Evolve demanded return of the property (DISPUTED); and (5) Lineage refused to return it (DISPUTED). *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1181 (D. Colo. 2019).

Here, as explained above, the Crossclaims do not plausibly allege that Lineage possessed funds belonging to Evolve. (Crossclaims ¶¶ 9, 11, 13, 15, 21–24, 27, 30.) Moreover, as the disputed funds belonged to End Users, Evolve has no specific, identifiable interest in any funds held by Lineage. *Id.* Lineage did not exercise unauthorized dominion or control over Evolve's property because, as Evolve acknowledges, Synapse authorized and directed the transfer of funds from Evolve to Lineage. (Crossclaims ¶¶ 15–17.)

12

The Crossclaims assert "upon information and belief," that Lineage "wrongfully refused to return the funds owed to Evolve upon proper demand." (Crossclaims ¶ 72.) But these are conclusory allegations unsupported by factual detail. The facts underlying this allegation based on "information and belief" are not uniquely within Lineage's control, nor are they supported by facts sufficient to make the inference plausible. *See De Aleman*, 2021 WL 1962893, at 4 (conclusory "information and belief" allegations should be disregarded).

Further, the Crossclaims allege that Evolve requested Lineage to "participate in an ecosystem-wide reconciliation" or to "provide the critical data necessary for Evolve to conduct an ecosystem-wide reconciliation." (Crossclaims ¶¶ 28, 29, 48, 58, 71, 81.) These requests—seeking data, not return of property—do not satisfy the "demand for return" element of a conversion claim, especially because Evolve has no ownership interest in Lineage's data.

The Crossclaims do not sufficiently allege that Lineage possessed funds belonging to Evolve, and thus, Lineage could not have refused to return any such funds. (Crossclaims ¶¶ 9, 11, 13, 15, 21–24, 27, 30.)

Evolve's speculation untethered to concrete allegations of ownership, control, or wrongful refusal to return specific property is insufficient to support a conversion claim. Thus, Evolve fails to state a claim for conversion and this claim must be dismissed pursuant to F.R.C.P. 12(b)(6).

### 3. The Crossclaims Fail to State a Claim for Contribution.

Evolve's claim for contribution fails for two reasons: (1) the Colorado contribution statute explicitly precludes contribution claims premised upon third-party claims for breach of trust or other fiduciary obligations; and (2) such claims do not accrue until final judgment or settlement.

13

a.   Contribution Claims Are Explicitly Barred Where the Third Party Claim Is Based Upon A Breach of Trust Or Other Fiduciary Obligation.

Colorado's contribution statute provides that "where two or more persons become jointly or severally liable in tort for the same injury to person or property… there is a right of contribution among them even though judgment has not been recovered against all or any of them." C.R.S. § 13-50.5-102(1). However, the contribution statute does not apply to Evolve's third-party claim based upon a "breach of trust or of other fiduciary obligation." *Cache Nat. Bank v. Hinman*, 626 F. Supp. 1341, 1344 (D. Colo. 1986) (holding that a "third-party claim for contribution based upon breach of fiduciary duty should be dismissed") (citing C.R.S. § 13-50.5-102(7)); *Id*.

While no Colorado state courts have addressed Section 13-50.5-102(7)'s prohibition against such contribution claims, the statute is patterned after the Uniform Contribution Among Tortfeasors Act. Numerous other jurisdictions have interpreted this exclusion to bar contribution for direct breach of fiduciary duty claims and claims "arising out of fiduciary relationships." *See Buchbinder v. Reg*., 634 F.2d 327, 330 (6th Cir. 1980) ("Even if the alleged illegal conversion is a separate basis for liability, it nonetheless, arises out of the breach of the fiduciary relationship and therefore cannot be a basis for recovery under the Act"); *Matter of DeLorean Motor Co*., 65 B.R. 767, 774 (Bankr. E.D. Mich. 1986) ("A claim for contribution does not exist for liability resulting from breaches of fiduciary duty or claims arising therefrom.")

Further, *Buchbinder* explained that the advisory note to the Uniform Contribution Among Tortfeasors Act supports this reading of the exception. 634 F.2d at 330. The advisory note reads: "The meaning is clear. It is not intended that the Act should extend to liabilities arising out of breaches of fiduciary relationships." *Id*; *citing* Uniform Contribution Among Tortfeasors Act (U.L.A.) s 23-3102(g) (1980) (Commissioner's Comments).

14

Here, in the underlying action, Plaintiffs assert multiple claims arising from an alleged fiduciary or special relationship, including claims for breach of fiduciary duty, negligence, and constructive trust. (Compl. ¶¶ 77, 93–98.) All other claims (i.e., accounting, conversion, and unjust enrichment) are based on Evolve's alleged failure to return funds allegedly held under such a relationship. (Compl. ¶¶ 65, 72, 89, 104.)

Evolve's contribution claim is barred under Section 13-50.5-102(7) because these claims arise out of fiduciary or quasi-fiduciary obligations.

b.   Contribution Claims Can Only Be Made After a Judgment is Entered.

Evolve's contribution claims are also premature. Under C.R.S. § 13-50.5-104(4), a party seeking contribution must show: (a) it discharged the common liability by payment within the statute of limitations and filed its claim within one year of payment; or (b) it agreed to discharge the common liability and paid within one year of the agreement.  Absent either of these events, a contribution claim has yet to accrue. *Kelly v. Mid-Century Ins. Co.*, 695 P.2d 752, 754 (Colo. App. 1984).

Here, Evolve does not allege that a judgment has been entered against it, or that it agreed to discharge common liability. (Crossclaims ¶ 25.) On the contrary, Evolve concedes that no judgment has been entered. (Crossclaims ¶ 91) ("In the event that Evolve is found liable…"). Thus, Evolve's contribution claim has not yet accrued and must be dismissed.

## V.    CONCLUSION

WHEREFORE, for the reasons set forth above, Lineage respectfully requests the Court grant this motion and enter an Order dismissing Evolve's Crossclaims against Lineage in their entirety, with prejudice, pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

Respectfully submitted this 29th day of August, 2025.

/s/*Derek C. Anderson*
Derek C. Anderson, Esq.
Winget, Spadafora & Schwartzberg, LLP
2440 Junction Place, Suite 102
Boulder, CO  80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wssllp.com
*Attorney for Defendant Lineage Bank*

16

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/Derek C. Anderson
Derek C. Anderson

17

## CERTIFICATE OF SERVICE

I, Derek C. Anderson, certify that on this 29th day of August, 2025, the foregoing *Defendant Lineage Bank's Motion to Dismiss Evolve's Crossclaims Against Lineage Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6)* was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following using the CM/ECF system.

/s/Derek C. Anderson
Derek C. Anderson

Alexander E. Wolf, Esq.
Gary Michael Klinger, Esq.
Milberg Coleman Bryson Phillips Grossman PLLC
5528 Shadow Crest Street
Houston, TX 770096
T: 872-365-7060
F: 865-522-0049
Email: awolf@milberg.com
Email: gklinger@milberg.com
*Attorneys for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

James Gerard Stranch, IV, Esq.
Stranch Jennings & Garvey PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
T: 615-254-8801
F: 615-250-3937
Email: gstranch@stranchlaw.com
*Attorney for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

Dylan J. Gould, Esq.
Spencer D. Campbell, Esq.
Terence Richard Coates, Esq.
Markovits Stock & De Marco, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
T: 513-651-3700
F: 513-665-0219
Email: dgould@msdlegal.com
Email: scampbell@msdlegal.com
Email: tcoates@msdlegal.com
*Attorneys for Plaintiff Paul Tonner*

Andrew John Shamis, Esq.
Shamis & Gentile, P.A.
14 North East 1st Avenue, Suite 705
Miami, FL 33132
T: 305-479-2299
F: 786-623-0915
Email: ashamis@shamisgentile.com
*Attorney for Plaintiff Corey Espinola*

M. Anderson Berry, Esq.
Clayeo C. Arnold, A Professional Corporation
865 Howe Avenue
Sacramento, CA 95825
T: 916-777-7777
Email: aberry@Justice4you.com
*Attorney for Plaintiffs Dawn Saquin, Imene Haddad, Kayla Morris, Rod Gendron, Colin Smith, Henry Yeh, Kelli Jo Claxton, Olga Margul and Daniel Brewer*

18

Jeff Ostrow, Esq.
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
T: 954-525-4100
F: 954-525-4300
Email: ostrow@kolawyers.com
*Attorney for Plaintiff Timothy Miller*

Amisha R. Patel, Esq.
Aravind Swaminathan, Esq.
Diana S. Fassbender, Esq.
Marc R. Shapiro, Esq.
Orrick Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
T: 202-349-800
Fax: 202-349-8080
Email: apatel@orrick.com
Email: aswaminathan@orrick.com
Email: dszego@orrick.com
Email: mrshapiro@orrick.com
*Attorneys for Evolve Bank & Trust and
Evolve Bancorp, Inc.*

Eric Lindsay Robertson, Esq.
Hugh Q. Gottschalk, Esq.
Iva Velickovic, Esq.
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Phone: 303-244-1800
Fax: 303-244-1879
Email: Robertson@wtotrial.com
Email: gottschalk@wtotrial.com
Email: velickovic@wtotrial.com
*Attorneys for AMG National Trust*

19