**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Lead Civil Action No.: 1:24-cv-03259-DDD-NRN**

*Consolidated with* 1:24-cv-03261-SBP;
1:24-cv-03262-SBP; 1:24-cv-03509-NRN; and 1:25-cv-00075-KAS

OLGA MARGUL, KELLI JO CLAXTON,
HENRY YEH, COLIN SMITH, ROD GENDRON,
KAYLA MORRIS, TIMOTHY MILLER,
DAWN SAQUIN, IMENE HADDAD,
DANIEL BREWER, PAUL TONNER,
CORY ESPINOLA, STEPHANIE IZQUIETA,
AND KATHERINE MAUL,
individually and on behalf of all similarly
situated persons,

Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank;
AMG NATIONAL TRUST, a Colorado bank;
LINEAGE BANK, a Tennessee bank;

Defendants.

---

**DEFENDANT LINEAGE BANK'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)**

---

Defendant, Lineage Bank ("Defendant" or "Lineage"), by and through its undersigned counsel, hereby submits its Reply Memorandum in Further Support of its Motion to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint, (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I. INTRODUCTION

This dispute arises from the bankruptcy of Synapse Financial Technologies, Inc. ("Synapse"), a third-party financial technology ("Fintech") Company. Synapse offered banking-as-a-service ("Baas") infrastructure to its Fintech customers, essentially acting as an intermediary, offering financial and banking services to the Fintechs' end users ("End Users"). Synapse was responsible for maintaining the ledger of End Users' funds, tracking End User balances, and issuing monthly statements to End Users. Plaintiffs brought this lawsuit due to alleged issues with return and distribution of said funds from partner banks including AMG National Trust, Evolve Bank and Trust, and Lineage in the wake of Synapse's financial collapse.

The Complaint should be dismissed pursuant to F.R.C.P. 12(b)(6) because Plaintiffs fail to sufficiently allege the claims against Lineage, including negligence, unjust enrichment, money had and received, accounting, constructive trust, and conversion.[1] The negligence claim fails because Lineage does not owe a duty to Plaintiffs absent a customer relationship. There is no relationship between Lineage and Plaintiffs because Synapse, not Plaintiffs, held deposit accounts at Lineage. (Compl. ¶¶ 31–33). The unjust enrichment claim fails because Lineage does not have Plaintiffs' funds. Money had and received, accounting and constructive trust are all equitable remedies for unjust enrichment, so these claims fail for the same reason as the unjust enrichment claim. The claim for conversion fails because the Complaint does not plausibly allege that Lineage retained any benefit or specific, identifiable funds owned by Plaintiffs. Therefore, the Complaint must be dismissed in its entirety pursuant to F.R.C.P. 12(b)(6) because Plaintiffs have failed to state any claim upon which relief can be granted.

---

[1] Plaintiffs withdrew their breach of fiduciary duty claim against Lineage, thus this claim is not addressed herein.

This case involves parties from numerous states, raising potential choice-of-law issues. Lineage contends that Colorado substantive law should apply. Regardless, the Complaint fails to state a claim pursuant to the substantive laws of every relevant state.

## II. ARGUMENT

### A. Plaintiffs' Negligence Claim Fails Because Lineage Does Not Owe a Duty of Care.

A claim for negligence requires Plaintiffs to sufficiently allege the existence of a legal duty. *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005), *as modified on denial of reh'g* (May 16, 2005). Plaintiffs allege that Lineage owed them a duty because Plaintiffs were intended beneficiaries, and because there was a special relationship between Lineage and Plaintiffs. (Opposition, pp. 7–10; Compl. ¶78). Banks do not owe a duty to non-customers except in very limited circumstances. *Weil v. First National Bank of Castle Rock*, 983 P.2d 812, 813 (Colo. App. 1999).[2] A "Customer" is defined as a person having an account with a bank. C.R.S. § 4-4-104 (a)(5).[3] Since Plaintiffs were not customers of Lineage, Lineage did not owe them a duty of care and their negligence claim should be dismissed.

Plaintiffs allege that a legal duty can exist in the absence of any relationship between two parties when there is misfeasance. (Opposition pp. 7–10). The Opposition cites to *American Express Travel Related Services. Co., Inc. v. Stevens*, to support the argument that a bank may owe a duty to non-customers. (Opposition pp. 7–8); 2013 WL 6670532, at *1 (D. Colo. Dec. 18, 2013). However, the facts in *American Express* are distinguishable from the facts in this case. In *American Express*, the court found that American Express owed a duty to a non-customer because

---

[2] The legal duty requirement and the rules stated are consistent in all relevant jurisdictions. *See e.g.*, *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1149 (2005); *Faeth v. Regions Bank*, No. 3:12-00162, 2012 WL 5989362, at *3 (M.D. Tenn. Nov. 29, 2012), *report and recommendation adopted*, No. 3:12-CV-00162, 2013 WL 146180 (M.D. Tenn. Jan. 14, 2013); *Herrera v. TD Bank, N.A.*, 682 F.Supp. 3d 1271, 1274 (S.D. Fla. 2023).

[3] All relevant jurisdictions adopted the U.C.C. definition. *See e.g.*, Ariz. Rev. Stat. § 47-4104 (a)(5); Fla. Stat. § 674.104 (1)(e); Mass. Gen. Laws. ch. 106, § 4-104 (1)(5); Wash. Rev. Code § 62A.4-104 (a)(5).

it took affirmative action that created a risk of harm to the non-customer (i.e., engaged in misfeasance) because it erroneously deposited approximately $170,000 into Stevens' account. *Id.* at *3.

Here, there has been no misfeasance and no allegation of misfeasance. The plausibility standard is not merely a "probability requirement," it requires more than a sheer possibility that a defendant has acted unlawfully to overcome a motion to dismiss pursuant to Rule 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 868 (2009); *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Plaintiffs allege that the Defendants generally failed to maintain, manage and account for funds, none of which are affirmative actions constituting misfeasance. (Compl. ¶79). Thus, there is no applicable exception to the rule that banks do not owe a duty to noncustomers. *Weil*, 983 P.2d at 813.

Additionally, Plaintiffs allege that there is a special relationship between Lineage and Plaintiffs creating a legal duty, despite the absence of any relationship between the parties. (Opposition, pp. 7–10). To support this argument, the Opposition cites *Bhatia v. Silvergate Bank*, involving a bank which allowed a customer's client to deposit funds into other customers' accounts as part of a broader money laundering scheme. (Opposition, pp. 8–9); 725 F. Supp. 3d 1079 (S.D. Cal. 2024). The court in *Bhatia* held that a bank may owe a duty for wrongful conduct in the absence of privity if there is a special relationship with intended beneficiaries, which is determined by balancing a variety of factors. *Bhatia*, 725 F. Supp. 3d at 1105–09. The facts in *Bhatia* are clearly distinguishable from this case as Lineage did not, and Plaintiffs do not allege, that Lineage did wrongfully allow transfer of funds to customer accounts. Plaintiffs' Complaint alleges that Lineage failed to maintain, manage and account for funds, which is not comparable to the facts in *Bhatia*. (Compl. ¶79). Therefore, Plaintiffs failed to allege that there was a special relationship or

other grounds for Lineage owing a duty of care, and thus, their negligence claim must be dismissed pursuant to F.R.C.P. 12(b)(6).

**B. <u>Plaintiffs' Claims for Unjust Enrichment, Money Had and Received, Accounting, and Constructive Trust All Fail Because Lineage Never Held Plaintiffs' Funds.</u>**

Plaintiffs' claims for accounting, money had and received, constructive trust and unjust enrichment in essence amount to one claim for unjust enrichment with different equitable remedies.

**1. Unjust Enrichment**

To state a claim for unjust enrichment under Colorado law, Plaintiffs must allege that: (1) the Lineage received a benefit (DISPUTED), (2) at the Plaintiffs' expense (DISPUTED), and (3) under circumstances that would make it unjust for the Lineage to retain the benefit without providing compensation (DISPUTED). *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 2016 CO 64, ¶ 63, 382 P.3d 821, 833.[4]

Plaintiffs' unjust enrichment claim should be dismissed because Lineage did not and does not hold Plaintiffs' money and has not received any benefit from Plaintiffs. (Opposition, pp. 3–6). The accounts at Lineage were opened and owned by Synapse and Synapse deposited funds into these accounts. (Compl. ¶¶32–34). Upon depositing funds into a bank account, the depositor enters a debtor-creditor relationship with the bank and ownership of the funds passes to the bank. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, *21, 116 S. Ct. 286, 290 (1995)(the court held that a bank account does not consist of money belonging to a depositor, but rather "consists of nothing more or less than a promise to pay…and petitioner's temporary refusal to pay was neither

[4] All relevant jurisdictions support this definition. *See e.g., Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005); *Tkachik v. Mandeville*, 487 Mich. 38, 48 (2010); *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295, 936 A.2d 343, 351-352 (2007); *Hong Qin Jiang v. Li Wan Wu*, 118 N.Y.S.3d 208, 214 (N.Y. App. Div. 2d Dept. 2020).

a taking of possession of respondent's property nor an exercising of control over it."). Thus, Lineage does not have possession of funds belonging to Plaintiffs, and as such, the unjust enrichment claim against Lineage fails. Plaintiffs also argue that Lineage unjustly received a benefit from "accruing interest and deriving profits" from the deposited funds, which is not supported by factual allegations, evidence, or case law. (Opposition, p. 5; Compl. ¶74). Therefore, the unjust enrichment claim should be dismissed pursuant to F.R.C.P. 12(b)(6).

**2. Money Had and Received**

Money had and received is a remedy to prevent unjust enrichment. *See Mullens v. Hansel-Henderson*, 65 P.3d 992, 999 (Colo. 2002), *as modified on denial of reh'g* (Jan. 13, 2003); *see also* 1 Dan B. Dobbs, *Law of Remedies* § 4.2(2) (3d ed. 2017) (characterizing money had and received as a "subordinate category" of unjust enrichment). Money had and received would require: (1) receipt of money (DISPUTED), that (2) in equity and good conscience, ought to be returned (DISPUTED). *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1154 (10th Cir. 2023).[5]

Similar to the unjust enrichment claim, the money had and received "claim" fails because Lineage did not, and Plaintiffs' fail to plausibly allege that, Lineage received funds belonging to Plaintiffs. The Opposition relies on the cases, *Amegy Bank, N.A. v. Deutsche Bank, Ag.*, 4:12-CV-23, 2013 WL 12121328 (E.D. Tenn. Mar. 29, 2013) and *In re B & L Oil Co.* 46 B.R. 731 (Bankr. D. Colo. 1985) which are not analogous to the facts in this case. (Opposition, p. 6). Both *Amegy Bank, N.A.*, and *In re B & L Oil Co.* involve erroneous payments by a bank to a third party, which has not occurred in this matter. 2013 WL 12121328 at *1–2; 46 B.R. at 736. Thus, the money had

---

[5] The case law from relevant jurisdictions does not deviate from this. S*ee e.g.*, *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006); *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014); *Aleti v. Metro. Baltimore, LLC*, 279 A.3d 905, 928 (Md. 2022); *Skonieczki v. Park Ave. Associates in Radiology, P.C.*, 211 N.Y.S.3d 878, 889 (N.Y. Sup. Ct. 2024).

and received claim against Lineage should be dismissed pursuant to F.R.C.P. 12(b)(6) because Lineage did not unjustly receive or retain funds belonging to Plaintiffs.

**3. Accounting and Constructive Trust**

The Court should dismiss these "claims" because they are not independent causes of action, but remedies for unjust enrichment. *See Escobar, Inc. v. Barwest Grp., LLC*, No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5 (D. Colo. Sept. 22, 2021) (dismissing claim "because [the court] does not consider … an accounting to be a separate claim for relief"); *see also McAnulty v. Standard Ins. Co.*, 81 F.4th 1091, 1098 (10th Cir. 2023)(the court held that "constructive trust" is a remedy for unjust enrichment, not a standalone cause of action.).[6]

An accounting may be ordered if the "plaintiff [is unable] to determine how much, if any, money is due him from another" (DISPUTED). *Andrikopoulos v. Broadmoor Mgmt. Co.*, 670 P.2d 435, 440 (Colo. App. 1983).[7] In their Opposition, Plaintiffs argue that an accounting is required because Lineage held funds owned by Plaintiffs and some relationship existed between the parties. (Opposition, p. 12). This argument fails because Plaintiffs do not plausibly allege that there was a relationship between Lineage and non-customer Plaintiffs and Lineage did not hold funds belonging to Plaintiffs. (Compl. ¶¶100–108).

For a constructive trust, Plaintiffs must establish that Lineage was unjustly enriched by acquiring title to specifically identifiable property at Plaintiffs' expense or in violation of their rights. *McAnulty*, 81 F. 4th at 1099.[8] Since the unjust enrichment claim fails, the constructive trust

[6] The other relevant jurisdictions also consider these as remedies for unjust enrichment. *See e.g. Price v. Price*, No. 75847-1-I, 2018 WL 2021867, at *2 (Wash. Ct. App. Apr. 30, 2018); *Janis v. California State Lottery Com.* (1998) 68 Cal.App.4th 824, 833; *Collinson v. Miller*, 903 So. 2d 221, 228 (Fla. Dist. Ct. App. 2005); *BMF Advance, LLC v. Litiscape, LLC*, 637 F.Supp. 3d 1272, 1288 (D. Utah 2022).

[7] The definition and elements are similar in all relevant jurisdictions. *See e.g., In re Del-Met Corp.*, 322 B.R. 781, 836 (Bankr. M.D. Tenn. 2005); *Thomason Investments, LLC v. Huddleston*, 613 S.W.3d 729, 741 (Ark. App. 2020); *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1202 (N.D. Cal. 2010).

[8] The other relevant jurisdictions have comparable requirements. *See e.g., Collinson*, 903 So. 2d at 229; *BMF Advance, LLC*, 637 F.Supp. 3d at 1288; *Yates v. Taylor*, 791 P2d 924, 927 (Wash. Ct. App. 1990).

"claim" also fails. Additionally, the Complaint fails to sufficiently allege that Lineage acquired specifically identifiable property unjustly or in violation of Plaintiffs' rights. The Complaint speculates about Defendants having possession of funds that have not been returned fully but does not allege what specifically identifiably property is held by Lineage in particular. (Compl. ¶¶112–113). Therefore, these "claims" for accounting and constructive trust should be dismissed pursuant to F.R.C.P. 12(b)(6).

**C. <u>Plaintiffs' Conversion Claim Fails Because the Complaint Does Not Allege that Lineage Exercised Dominion or Ownership Over Plaintiffs' Funds.</u>**

To state a claim for conversion, Plaintiffs must allege that: (1) Lineage exercised dominion or control over property (DISPUTED); (2) that property belonged to Plaintiffs (DISPUTED); (3) Lineage exercise of control was unauthorized (DISPUTED); (4) Plaintiffs demanded return of the property (DISPUTED); and (5) Lineage refused to return it (DISPUTED). *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1181 (D. Colo. 2019).[9]

The Complaint fails to plausibly allege that Lineage has exercised unauthorized control over Plaintiffs' property or wrongfully retains funds owned by Plaintiffs. The Opposition argues that a person who indirectly wrongfully takes property belonging to another may be liable for conversion. (Opposition, p. 11). However, this does not cure the failure of the Complaint to provide factual allegations supporting the conclusory claims that Lineage refused to return funds and engaged in (unexplained) misconduct. (Compl. ¶¶89–91). This is likely because Lineage did not hold funds owned by Plaintiffs. Ownership of funds passes from depositor to bank once funds are deposited and a contractual relationship is formed between depositor and bank in relation to

[9] These elements are comparable in all relevant jurisdictions. *See e.g.*, *Welco Elect., Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208-09; *Coffey v. Coffey*, 578 S.W.3d 10, 24 (Tenn. Ct. App. 2018); *Skonieczki*, 211 N.Y.S.3d at 885.

the funds. *See Citizens Bank of Maryland*, 516 U.S. at *21. Thus, the funds deposited at Lineage by Synapse were not owned by Plaintiffs.

Plaintiffs argue that the requirement to make a demand for return of funds was not necessary. (Opposition, p. 11). To support this argument, the Opposition cites to *PNC Multifamily Cap. Institutional Fund v. Bluff City Cmty. Dev. Corp.*, which states that the demand and refusal to return funds is not required if conversion is otherwise established. 387 S.W.3d 525, 554 (Tenn. Ct. App. 2012). This is not applicable in this case. Thus, the conversion claim fails because the Complaint does not plausibly allege when or how any demand was made, whether it was directed specifically to Lineage, whether Lineage received it, or how it allegedly responded. (Compl. ¶¶88–89). Plaintiffs' conclusory and speculative allegations absent concrete allegations of ownership, control, or wrongful refusal to return specific property is insufficient to support a conversion claim. Thus, Plaintiffs fail to state a claim for conversion and this claim must be dismissed pursuant to F.R.C.P. 12(b)(6).

## III. <u>CONCLUSION</u>

WHEREFORE, for the reasons set forth above, Lineage respectfully requests the Court grant its Motion to Dismiss and enter an Order dismissing Plaintiffs' Complaint against Lineage in their entirety, with prejudice, pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted this 13th day of October, 2025.

*/s/Derek C. Anderson*
Derek C. Anderson, Esq.
Winget, Spadafora & Schwartzberg, LLP
2440 Junction Place, Suite 102
Boulder, CO 80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wssllp.com
*Attorney for Defendant Lineage Bank*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/Derek C. Anderson*
Derek C. Anderson

# CERTIFICATE OF SERVICE

I, Derek C. Anderson, certify that on this 13th day of October, 2025, the foregoing *Defendant Lineage Bank's Reply Memorandum in Further Support of its Motion to Dismiss Plaintiffs' First Amended Consolidated Class Action Complaint Pursuant to F.R.C.P. 12(b)(6)* was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following using the CM/ECF system.

*/s/Derek C. Anderson*
Derek C. Anderson

Alexander E. Wolf, Esq.
Gary Michael Klinger, Esq.
Milberg Coleman Bryson Phillips Grossman PLLC
5528 Shadow Crest Street
Houston, TX 770096
T: 872-365-7060
F: 865-522-0049
Email: awolf@milberg.com
Email: gklinger@milberg.com
*Attorneys for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

James Gerard Stranch, IV, Esq.
Stranch Jennings & Garvey PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
T: 615-254-8801
F: 615-250-3937
Email: gstranch@stranchlaw.com
*Attorney for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

Jeff Ostrow, Esq.
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
T: 954-525-4100
F: 954-525-4300
Email: ostrow@kolawyers.com
*Attorney for Plaintiff Timothy Miller*

Dylan J. Gould, Esq.
Spencer D. Campbell, Esq.
Terence Richard Coates, Esq.
Markovits Stock & De Marco, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
T: 513-651-3700
F: 513-665-0219
Email: dgould@msdlegal.com
Email: scampbell@msdlegal.com
Email: tcoates@msdlegal.com
*Attorneys for Plaintiff Paul Tonner*

Andrew John Shamis, Esq.
Shamis & Gentile, P.A.
14 North East 1st Avenue, Suite 705
Miami, FL 33132
T: 305-479-2299
F: 786-623-0915
Email: ashamis@shamisgentile.com
*Attorney for Plaintiff Corey Espinola*

M. Anderson Berry, Esq.
Clayeo C. Arnold, A Professional Corporation
865 Howe Avenue
Sacramento, CA 95825
T: 916-777-7777
Email: aberry@Justice4you.com
*Attorney for Plaintiffs Dawn Saquin, Imene Haddad, Kayla Morris, Rod Gendron, Colin Smith, Henry Yeh, Kelli Jo Claxton, Olga Margul and Daniel Brewer*

Amisha R. Patel, Esq.
Aravind Swaminathan, Esq.
Diana S. Fassbender, Esq.
Marc R. Shapiro, Esq.
Orrick Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
T: 202-349-800
Fax: 202-349-8080
Email: apatel@orrick.com
Email: aswaminathan@orrick.com
Email: dszego@orrick.com
Email: mrshapiro@orrick.com
*Attorneys for Evolve Bank & Trust*

Eric Lindsay Robertson, Esq.
Hugh Q. Gottschalk, Esq.
Iva Velickovic, Esq.
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Phone: 303-244-1800
Fax: 303-244-1879
Email: Robertson@wtotrial.com
Email: gottschalk@wtotrial.com
Email: velickovic@wtotrial.com
*Attorneys for AMG National Trust*