**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Lead Civil Action No.: 1:24-cv-03259-DDD-NRN**

*Consolidated with* 1:24-cv-03261-SBP;
1:24-cv-03262-SBP; 1:24-cv-03509-NRN; and 1:25-cv-00075-KAS

OLGA MARGUL, KELLI JO CLAXTON,
HENRY YEH, COLIN SMITH, ROD
GENDRON, KAYLA MORRIS, TIMOTHY
MILLER, DAWN SAQUIN, IMENE HADDAD,
DANIEL BREWER, PAUL TONNER, COREY
ESPINOLA, STEPHANIE IZQUIETA,
KATHERINE MAUL, RICHARD TODD HALE,
AND ALFRED ROTIMI,
*individually and on behalf of all similarly situated persons,*

Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank;
AMG NATIONAL TRUST, a Colorado bank; and
LINEAGE BANK, a Tennessee bank;

Defendants.

---

**DEFENDANT LINEAGE BANK'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS EVOLVE'S CROSSCLAIMS PURSUANT TO F.R.C.P. 12(b)(1) AND 12(b)(6)**

---

Defendant, Lineage Bank ("Defendant" or "Lineage"), by and through its undersigned counsel, hereby submits its Reply Memorandum in Further Support of its Motion to Dismiss Defendant Evolve Bank & Trust's ("Evolve") Crossclaims (the "Crossclaims") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. INTRODUCTION

Lineage filed a Motion to Dismiss Evolve's Crossclaims Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6) ("Motion to Dismiss") on August 28, 2025. On October 10, 2025, Evolve filed its Combined Response and Opposition to AMG National Trust ("AMG") and Lineage's Motion to Dismiss Crossclaims (the "Opposition"). The Crossclaims against Lineage and AMG include claims for unjust enrichment, accounting, money had and received, contribution, and conversion. These causes of action relate to the banking services offered by AMG, Evolve and Lineage ("Partner Banks") to Synapse Financial Technologies, Inc. and alleged issues with return and distribution of funds in Synapse accounts held for the benefit of third-party financial technology companies' end users ("End Users") following the bankruptcy of Synapse. Plaintiffs filed a lawsuit against the Partner Banks requesting the return of funds held in Synapse-linked accounts to End Users. Evolve filed Crossclaims against Lineage and AMG alleging that Lineage and AMG hold funds belonging to Evolve.

As demonstrated in the Motion to Dismiss, the Crossclaims fail to sufficiently allege an injury that is fairly traceable to Lineage as required for Article III standing and should be dismissed pursuant to F.R.C.P. 12(b)(1). The Opposition argues that the Crossclaims sufficiently alleged injury, by alleging that Lineage and AMG hold funds belonging to Evolve. (Opposition, pp. 5–7). The Crossclaims include speculative and conclusory allegations that Lineage and AMG may have received funds from Evolve for Synapse-link accounts and that these funds now must be returned to Evolve. (Crossclaims, ¶¶37, 46, 56, 69, 79, 90). These broad and unsubstantiated allegations are insufficient to establish a concrete and particularized injury-in-fact required for Article III standing and the Crossclaims should be dismissed pursuant to F.R.C.P. 12(b)(1).

The failure of Evolve to allege a particularized injury is also grounds for dismissal of Evolve's claims for unjust enrichment, money had and received, accounting, and conversion. All Evolve's claims require Lineage to have possession of property belonging to Evolve, and this requirement has not been satisfied by the Crossclaims. Since the Crossclaims fail to sufficiently and plausibly allege elements of Evolve's causes of action against Lineage, the Crossclaims must be dismissed pursuant to F.R.C.P. 12(b)(6). The Opposition reiterates Evolve's arguments that it is allegedly owed funds from Lineage and AMG to support its crossclaims. However, the Crossclaims' allegations that Lineage and AMG hold funds belonging to Evolve are conclusory and speculative and fail to meet the plausibility pleading requirement of F.R.C.P. 12(b)(6).

In the Opposition, Evolve voluntarily dismissed the crossclaim for contribution, thus this is not discussed herein. (Opposition, p. 8).

In conclusion, the Crossclaims must be dismissed pursuant to F.R.C.P. 12(b)(1) because Evolve lacks standing to bring any of the claims and pursuant to F.R.C.P. 12(b)(6) because Evolve fails to plausibly allege any of the claims against Lineage. The Opposition did not remedy these deficiencies and thus, the Crossclaims should be dismissed.

## II. ARGUMENT

### A. Evolve Lacks Article III Standing.

To establish standing, a plaintiff must allege that they (1) "suffered an injury in fact," (DISPUTED) (2) that is "fairly traceable to the challenged action of the defendant," (DISPUTED) and is "likely to be 'redressed by a favorable decision'." *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (*quoting Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560–1, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560

(quotations and citations omitted). The Opposition argues that Evolve provided sufficient allegations to establish standing; however, the Opposition merely provides hypothetical and conclusory allegations about Lineage owing Evolve funds. (Opposition, pp. 6–7).

To support Evolve's allegations that Lineage owes it funds, the Opposition describes transactions on Synapse-linked accounts that Evolve processed during and after Synapse accounts were transitioned to AMG and Lineage, including transactions on accounts with negative balances. (Opposition, pp. 3, 6). Evolve argues that Lineage was responsible for any overdrafts after the transition. (Id.) However, a bank's customer is liable to the bank for overdrafts, not other banks. C.R.S. § 4-4-401. As a result of the transition of accounts, Synapse performed sweeps to reconcile funds between the Partner Banks, thus returning any funds belonging at Evolve that were transferred by Evolve. (Id.) Evolve alleges that such sweeps by Synapse were not always accurate, indicating that there may have been more funds transferred to Evolve than was owed, resulting in a shortfall of funds at Lineage and AMG. (Id.) These allegations do not indicate that any funds belonging to Evolve are held by Lineage and consist merely of speculative allegations of where funds may have been located prior to the Synapse bankruptcy. The Crossclaims' speculative and conclusory allegations offered to support Evolve's claims that Lineage holds its funds, do not meet the requirements to establish Article III standing.

In addition to the failure of Evolve to sufficiently establish an injury in fact, it also fails to establish causation as required for standing. It is not clear from the Crossclaims or Opposition what actions by Lineage caused an injury to Evolve, as Evolve provides only speculative and conclusory allegations that Lineage owes Evolve money. (Opposition, p. 7; Crossclaims, ¶¶ 37, 46, 56, 69, 79, 90). Evolve contends that "the entire point of Evolve's suit is that Synapse's ledgers were materially inaccurate," thus admitting that any alleged injury is fairly traceable to Synapse's

failure to maintain accurate records (not to Lineage's conduct). (Opposition, p. 7). Evolve argues that it has established causation, but the Crossclaims and Opposition contain only conclusory allegations unsupported by fact that Lineage and AMG were the "but for" cause of Evolve's alleged injury. (Id.; Crossclaims, ¶¶ 37, 46, 56, 69, 79, 90).

The Opposition further argues that Evolve has satisfied the redressability requirement to establish standing. (Opposition, pp. 6–7). For Article III standing, a plaintiff must establish that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561. The Opposition relies on *Spirit Comms. Co., L.P. v. APCC Servs., Inc.* to support Evolve's argument that it has standing. 554 U.S. 269 (2008); (Opposition, p. 6). However, *Spirit Comms. Co., L.P.* addresses the issue of whether assignees of payphone operators (i.e., billing and collection firms) could bring a lawsuit on behalf of payphone operators for payments owed to payphone operators if the assignees were not going to retain any proceeds of such lawsuit. 554 U.S. at 274. The court in *Spirit Comms. Co., L.P.* determined that the assignees could bring a lawsuit because, by assigning the case, the payphone operators conferred a property right to assignees sufficient to establish standing. *Id.* at 285–289. The facts of this case are not analogous to the facts in *Spirit Comms. Co., L.P.* as there has been no assignment to Evolve.

The Opposition also cites *Petrella v. Brownback* to support Evolve's argument that it has Article III standing. *Petrella*, 697 F.3d 1285 (10th Cir. 2012); (Opposition, p. 7). *Petrella* addressed the constitutionality of a Kansas Act regarding school funding. *Id.* at 1291. In *Petrella*, the court stated that the issue of whether a cap on levying additional property taxes caused injury to the school by reducing funding to the school and limiting the school's ability to attempt to "raise more money to compensate for this alleged underfunding." *Id.* at 1294. The court in *Petrella* determined that the injury alleged by plaintiffs was redressable for purposes of establishing

standing because the removal of the cap on levying taxes would allow the school to propose property tax increases to voters. *Id.* Again, the facts of *Petrella* are not comparable to the facts in this case as Evolve has not established an injury-in-fact that could be redressable.

The Crossclaims have failed to allege specific and identifiable funds that are owed to Evolve to establish an injury-in-fact, and thus, redressability of such unidentifiable injury cannot be established. Therefore, Evolve lacks Article III standing to bring claims against Lineage and the Crossclaims must be dismissed pursuant to F.R.C.P. 12(b)(1).

## B. The Opposition Fails to Remedy the Crossclaims' Failure to State any Claim Against Lineage.

The Crossclaims should also be dismissed pursuant to C.R.C.P. 12(b)(6) because Evolve fails to state a claim for unjust enrichment, accounting, money had and received, and conversion. To overcome a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A claim is plausible if it pleads factual content allowing the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing Bell Atl. Corp.*, 550 U.S. at 556). Where a complaint pleads facts that are conclusory or "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'." *Id.*; *quoting Twombly*, 550 U.S. at 555.

### 1. Unjust Enrichment

A claim for unjust enrichment requires that defendant received a benefit at the plaintiff's expense and it would be unjust for plaintiff to retain the benefit (DISPUTED). *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.,* 2016 CO 64, ¶ 63, 382 P.3d 821, 833. The Crossclaims fail to plausibly allege that Lineage received a benefit at Evolve's expense and should be dismissed.

Allegations based on information and belief are not summarily rejected but such allegations are only permissible if they regard facts that are "peculiarly within the possession and control of the defendant" or where the alleged belief in based on facts that make the inference of culpability plausible. *De Aleman v. Allstate Fire & Cas. Ins. Co.,* No. 20-CV-02852-NRN, 2021 WL 1962893, at *4 (D. Colo. Feb. 12, 2021). The Crossclaims' allegations do not regard facts peculiarly in Lineage's possession as the alleged funds were within the Synapse ecosphere. The Crossclaims do not plausibly allege Lineage's culpability and merely speculate about the location of funds somewhere within the Synapse ecosphere. (Opposition, p. 3; Crossclaims, ¶¶55, 57). Thus, the Crossclaims' allegations based "upon information and belief" do not meet the plausibility standard. In the Opposition, Evolve argues that the case *De Aleman* does not support this argument, but Evolve has misunderstood *De Aleman* and misstates the court's finding. (Opposition, p. 11). In *De Aleman*, the court found that the allegations "upon information and belief" were insufficient and the court could not "infer more than the 'mere possibility'" of the defendant's misconduct. *De Aleman*, No. 20-CV-02852-NRN, 2021 WL 1962893, at *4.

Evolve has failed to plausibly allege that Lineage received any benefit from Evolve to sustain a claim for unjust enrichment as Lineage did not hold Evolve's funds and Lineage returned the disputed funds to End Users. (Crossclaims ¶ 30.) Therefore, the unjust enrichment claim must be dismissed pursuant to F.R.C.P. 12(b)(6) for failure to state a claim for unjust enrichment.

**2. Money Had and Received and Accounting "Claims"**

The Crossclaims also fail to state claims for money had and received and accounting which are remedies to prevent unjust enrichment. *See Mullens v. Hansel-Henderson*, 65 P.3d 992, 999 (Colo. 2002), *as modified on denial of reh'g* (Jan. 13, 2003); *see also* 1 Dan B. Dobbs, *Law of Remedies* § 4.2(2) (3d ed. 2017) (characterizing money had and received as a "subordinate category" of unjust enrichment based on a quasi-contractual theory); *and see Escobar, Inc. v.*

*Barwest Grp., LLC*, No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5 (D. Colo. Sept. 22, 2021) (dismissing claim "because [the court] does not consider … an accounting to be a separate claim for relief"). The Opposition does not address the accounting and money had and received claims beyond conclusory allegations that Evolve has sufficiently alleged an injury. (Opposition, p. 9).

As discussed above, Evolve does not plausibly allege that Lineage was or is currently in possession of Evolve's funds, which are requirements for money had and received and accounting claims. *See McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1154 (10th Cir. 2023); (Crossclaims, ¶¶ 77–86). The equitable remedy of accounting is also unavailable because Evolve has not plausibly alleged unjust enrichment and thus Evolve's accounting "claim" should be dismissed. *See Escobar, Inc.*, No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5. Therefore, the Crossclaims fail to state claims for money had and received and accounting and these claims shall be dismissed pursuant to F.R.C.P. 12(b)(6).

**3. Conversion Claim**

As established in the Motion to Dismiss, Evolve fails to state a claim for conversion which is not remedied by the Opposition. A conversion claim requires that defendant exercised unauthorized dominion or control over property belonging to plaintiff and that defendant refused to return property after plaintiff demanded its return (DISPUTED). *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1181 (D. Colo. 2019). In the Opposition, Evolve argues that it plausibly alleged that Lineage possesses Evolve's funds, and that the "demand and refusal to return" requirement of a conversion claim is not necessary. (Opposition, pp. 9–10).

As explained above, Evolve fails to plausibly allege that Lineage possessed funds belonging to Evolve. (Crossclaims, ¶¶ 9, 11, 13, 15, 21–24, 27, 30). Evolve also fails to allege

that Lineage exercised unauthorized control over Evolve's alleged property because any action taken with funds in Synapse-linked accounts were authorized and directed by Synapse. (Crossclaims, ¶¶ 15–17).

As discussed above, Evolve's assertions based "upon information and belief" alone are insufficient to meet the plausibility standard. Thus, Evolve's conclusory allegations that Lineage refused to return funds allegedly owed to Evolve, are insufficient to state a claim for conversion. (Crossclaims, ¶ 72).

In the Opposition, Evolve argues that they do not need to satisfy the demand and refusal to return funds element for a conversion claim. (Opposition, p. 10). To support Evolve's argument, the Opposition quotes *McDonnell v. Colorado Real Est. Comm'n,* 361 P.3d 1138 (Colo. App. 2015), but the quote is misleading because it is taken out of context and misstates the rule.[1] (Opposition, p. 10). The court in *McDonnell* held that the demand and refusal element is not necessary if without this, the "circumstances are sufficient to prove conversion." 361 P.3d at 1147. Here, the circumstances are insufficient to prove conversion without proof of a demand or refusal because the only allegations supporting a conversion claim are conclusory or based upon information and belief. Thus, the demand and refusal elements are necessary for the conversion claim. *Id.*

The Crossclaims fail to allege that Evolve demanded or that Lineage refused to return funds, rather it alleges that Evolve requested that Lineage participate in reconciliation attempts and provide data for such reconciliation. (Crossclaims, ¶¶ 28, 29, 48, 58, 71, 81). Significantly, the Crossclaims do not sufficiently allege that Lineage possessed Evolve's funds, thus, Lineage

---

[1] Evolve quotes *McDonnell*: "for the purposes of an action for unlawful conversion, demand and refusal are never necessary." (Opposition, p. 10). The full quote is: "for purposes of an action for unlawful conversion, demand and refusal are never necessary, except to furnish evidence of the conversion; when, without these, the circumstances are sufficient to prove the conversion, they are superfluous." *McDonnell,* 361 P.3d at 1147.

could not have refused to return any such funds. (Crossclaims ¶¶ 9, 11, 13, 15, 21–24, 27, 30.)

The Crossclaims' speculative and conclusory allegations are insufficient to support a conversion claim, and this claim must be dismissed pursuant to F.R.C.P. 12(b)(6).

## III. CONCLUSION

WHEREFORE, for the reasons set forth above and, in its Motion, to Dismiss, Lineage respectfully requests the Court grant the Motion to Dismiss and enter an Order dismissing Evolve's Crossclaims against Lineage in their entirety, with prejudice, pursuant to F.R.C.P. 12(b)(1) and 12(b)(6).

Respectfully submitted this 7th day of November, 2025.

/s/*Derek C. Anderson*
Derek C. Anderson, Esq.
Winget, Spadafora & Schwartzberg, LLP
2440 Junction Place, Suite 102
Boulder, CO 80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wssllp.com
*Attorney for Defendant Lineage Bank*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/Derek C. Anderson*
Derek C. Anderson

## CERTIFICATE OF SERVICE

I, Derek C. Anderson, certify that on this 7th day of November, 2025, the foregoing *Defendant Lineage Bank's Reply Memorandum in Further Support of its Motion to Dismiss Evolve's Crossclaims Against Lineage Pursuant to F.R.C.P. 12(b)(1) and 12(b)(6)* was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following using the CM/ECF system.

*/s/Derek C. Anderson*
Derek C. Anderson

Alexander E. Wolf, Esq.
Gary Michael Klinger, Esq.
Milberg Coleman Bryson Phillips Grossman PLLC
5528 Shadow Crest Street
Houston, TX 770096
T: 872-365-7060
F: 865-522-0049
Email: awolf@milberg.com
Email: gklinger@milberg.com
*Attorneys for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

James Gerard Stranch, IV, Esq.
Stranch Jennings & Garvey PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
T: 615-254-8801
F: 615-250-3937
Email: gstranch@stranchlaw.com
*Attorney for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

Jeff Ostrow, Esq.
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
T: 954-525-4100
F: 954-525-4300
Email: ostrow@kolawyers.com
*Attorney for Plaintiff Timothy Miller*

Dylan J. Gould, Esq.
Spencer D. Campbell, Esq.
Terence Richard Coates, Esq.
Markovits Stock & De Marco, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
T: 513-651-3700
F: 513-665-0219
Email: dgould@msdlegal.com
Email: scampbell@msdlegal.com
Email: tcoates@msdlegal.com
*Attorneys for Plaintiff Paul Tonner*

Andrew John Shamis, Esq.
Shamis & Gentile, P.A.
14 North East 1st Avenue, Suite 705
Miami, FL 33132
T: 305-479-2299
F: 786-623-0915
Email: ashamis@shamisgentile.com
*Attorney for Plaintiff Corey Espinola*

M. Anderson Berry, Esq.
Clayeo C. Arnold, PC
865 Howe Avenue
Sacramento, CA 95825
T: 916-777-7777
Email: aberry@Justice4you.com
*Attorney for Plaintiffs Dawn Saquin, Imene Haddad, Kayla Morris, Rod Gendron, Colin Smith, Henry Yeh, Kelli Jo Claxton, Olga Margul and Daniel Brewer*

Amisha R. Patel, Esq.
Aravind Swaminathan, Esq.
Diana S. Fassbender, Esq.
Marc R. Shapiro, Esq.
Orrick Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
T: 202-349-800
Fax: 202-349-8080
Email: apatel@orrick.com
Email: aswaminathan@orrick.com
Email: dszego@orrick.com
Email: mrshapiro@orrick.com
*Attorneys for Evolve Bank & Trust*

Eric Lindsay Robertson, Esq.
Hugh Q. Gottschalk, Esq.
Iva Velickovic, Esq.
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
Phone: 303-244-1800
Fax: 303-244-1879
Email: Robertson@wtotrial.com
Email: gottschalk@wtotrial.com
Email: velickovic@wtotrial.com
*Attorneys for AMG National Trust*