# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Lead Civil Action No. 1:24-cv-03259-DDD-NRN

*Consolidated with* 1:24-cv-03261-SBP;
1:24-cv-03262-SBP; 1:24-cv-03509-NRN; and 1:25-cv-00075-KAS

OLGA MARGUL, KELLI JO CLAXTON,
HENRY YEH, COLIN SMITH, ROD GENDRON,
KAYLA MORRIS, TIMOTHY MILLER,
DAWN SAQUIN, IMENE HADDAD,
DANIEL BREWER, PAUL TONNER,
CORY ESPINOLA, STEPHANIE IZQUIETA,
AND KATHERINE MAUL, RICHARD TODD HALE,
AND ALFRED ROTIMI, and ASHLEY FELTON, individually and on
behalf of all similarly situated persons,

Plaintiffs,

v.

EVOLVE BANK & TRUST, an Arkansas bank;
AMG NATIONAL TRUST, a Colorado bank;
LINEAGE BANK, a Tennessee bank;
EVOLVE BANCORP, INC., an Arkansas limited liability company;

Defendants.

---

## DEFENDANT LINEAGE BANK'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT PURSUANT TO F.R.C.P. 12(b)(6)

---

Defendant, Lineage Bank ("Defendant" or "Lineage"), by and through its undersigned

counsel, hereby submits its Motion to Dismiss Plaintiffs' Second Amended Consolidated Class

Action Complaint (the "Motion to Dismiss") pursuant to F.R.C.P. 12(b)(6).

1

## CERTIFICATION OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, the undersigned counsel certifies that on April 14, 2026, he communicated with Plaintiffs' counsel to confer on this Motion to Dismiss, stating that Defendant intends to file and providing the grounds for this Motion to Dismiss. Plaintiffs' counsel did not respond to the conferral and thus, Plaintiffs' position on this Motion to Dismiss is unknown.

## I.    INTRODUCTION

Plaintiffs filed their Second Amended Consolidated Class Action Complaint (the "Complaint") on March 2, 2026. The Complaint includes a new Plaintiff, Ashley Felton, a new Defendant, Evolve Bancorp, Inc. and a new claim for Violation of California Penal Code §496. Plaintiffs' claims against Lineage include money had and received, unjust enrichment, negligence, conversion, breach of fiduciary duty, accounting, constructive trust, and violation of California Penal Code §496.[1] Despite Plaintiffs' amendments to the Complaint, it still fails to state a claim upon which relief can be granted.

This dispute arises from the bankruptcy of Synapse Financial Technologies, Inc. ("Synapse"), a third-party financial technology ("Fintech") company that offered banking-as-a-service ("Baas") to its Fintech customers. (Compl. ¶37.) Synapse was an intermediary for its Fintech customers, offering financial and banking services to the Fintechs' end users through Synapse's network of partner banks. (Id.) Plaintiffs allege that they created accounts and deposited money with Fintech companies who, in turn, hired Synapse. (Id. at ¶¶ 9–25.) The Complaint alleges that Synapse, not Plaintiffs, held deposit accounts with and deposited money at Lineage.

---

[1] In Plaintiffs' Memorandum in Opposition to Defendant Lineage Bank's Motion to Dismiss, Plaintiffs withdrew their breach of fiduciary duty claim against Lineage and requested this claim be dismissed without prejudice. [Doc. No. 146.]

(Id. at ¶¶ 36–40.) Thus, Plaintiffs concede that Lineage's relationship was with Synapse, not Plaintiffs and the Complaint is devoid of any facts showing a relationship between Lineage and the Plaintiffs.

The Complaint alleges that in April 2024, Synapse filed for bankruptcy and disclosed that approximately $85 million in customer funds across 100,000 customers was missing. (Compl. ¶ 45.) The Complaint alleges that Defendants have Plaintiffs' funds but Plaintiffs cannot discern which bank holds their money. (Id. at ¶ 51.)  The Complaint further alleges that "[l]ike any banking customer, FinTech users reasonably believed their funds were being held at Defendants in a safe and secure manner." (Id. at ¶ 36.) However, Plaintiffs ignore the decisive fact that Plaintiffs were not customers of Lineage. The Complaint alleges that Lineage sent emails to Plaintiffs Richard Todd Hale ("Mr. Hale") and Alfred Rotimi ("Mr. Rotimi") to return their funds, in a "sum less their respective balances held by Mainvest." (Id. at ¶¶ 23–24.) These emails do not establish a customer relationship under C.R.S. § 4-4-104 (a)(5).

The Complaint makes conclusory allegations that Lineage owed Plaintiffs duties, including fiduciary duties. (Id. at ¶¶ 99, 117–118.) The claims for breach of fiduciary duty and negligence fail because Lineage, as a bank, owed no legal duty to Plaintiffs, as non-customers. The Complaint further alleges that Lineage "refused to return" Plaintiffs' funds, (Id. at ¶¶ 5, 61, 85, 111) after Plaintiffs "demanded the return of their cash funds." (Id. at ¶ 110.) However, Plaintiffs acknowledge that Lineage did not hold "substantial additional funds" belonging to Fintech users and that Lineage maintains that they distributed over 90% of the funds deposited by Synapse.[2] (Id. ¶ 50.) The conversion and unjust enrichment claims fail because the Complaint does not allege

---

[2] Lineage has distributed 99% of all funds held in Synapse accounts.

that Lineage retained any benefit or specific, identifiable funds to which Plaintiffs have a property interest. Plaintiffs' claims for accounting, constructive trust, and money had and received are equitable remedies for their unjust enrichment, not independent causes of action. Because Plaintiffs have failed to plausibly allege unjust enrichment, these derivative "claims" also fail.

Plaintiffs' claim for violation of California Penal Code §496 fails because it cannot be applied extraterritorially against Lineage since the alleged actions of and allegations against Lineage took place outside of the State of California.  This claim also fails because the Complaint fails to plausibly allege that Lineage wrongfully withheld Plaintiffs' funds.

This case involves parties from numerous states, raising potential choice-of-law issues. Lineage contends that Colorado substantive law should apply. The Complaint fails to state a claim pursuant to the substantive laws of every relevant state.  For these reasons, the Court should grant this motion to dismiss pursuant to F.R.C.P. 12(b)(6).

## II.    STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Rule 12(b)(6), all well-pleaded facts, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to the nonmoving party. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007) (citing *Beedle v. Wilson,* 422 F.3d 1059, 1063 (10th Cir.2005)). In reviewing a motion to dismiss, this court must look for "plausibility in the complaint." *Alvarado v. KOB–TV, L.L.C.,* 493 F.3d 1210, 1215 (10th Cir.2007) (quotation omitted). Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The plausibility standard is not akin to a "probability requirement," and asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*; *quoting Twombly,* 550 U.S. at 555.

### III.    ARGUMENT

#### A.    Plaintiffs Fail to State a Claim for Negligence Because Lineage Does Not Owe a Duty to Plaintiffs as Non-customers.

To state a claim for negligence, Plaintiffs must allege: (1) the existence of a legal duty owed to them by Lineage (DISPUTED); (2) a breach of that duty; and (3) that the breach caused harm resulting in damages[3]. *Keller v. Koca*, 111 P.3d 445, 447 (Colo. 2005), *as modified on denial of reh'g* (May 16, 2005). Whether a duty exists is the threshold inquiry; absent a duty, the remaining elements are irrelevant. *N.M. by & through Lopez v. Trujillo*, 2017 CO 79, ¶ 24, 397 P.3d 370, 374.[4] Courts in Colorado have consistently held that a bank does not owe a duty to non-customers. *Am. Express Travel Related Servs. Co., Inc. v. Stevens*, No. 13-CV-01159-WYD-BNB, 2013 WL 6670532, at *2 (D. Colo. Dec. 18, 2013); citing *Weil v. First Nat. Bank of Castle Rock*, 983 P.2d 812, 814 (Colo. App. 1999). If banks owed duties to non-customers, they would face

---

[3] Due to type-volume limitations, this Motion addresses only the duty element of Plaintiffs' negligence and fiduciary duty claims, but Lineage also disputes that breach, causation, and damages are adequately alleged.

[4] The legal duty requirement and the rules stated are consistent in all relevant jurisdictions. *See e.g., Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1149 (2005); *Herrera v. TD Bank, N.A.*, 682 F.Supp. 3d 1271, 1274 (S.D. Fla. 2023).

potentially unlimited liability for unforeseeable conduct by their customers. *See* 9 C.J.S. Banks and Banking § 246. A "Customer" is defined as a person having an account with a bank. C.R.S. § 4-4-104 (a)(5).[5]

Here, Lineage does not owe Plaintiffs a duty of care because Plaintiffs were not its customers. The Complaint fails to allege that Plaintiffs were customers who held accounts at Lineage. At most, the Complaint alleges that Lineage sent an email to two Plaintiffs. (Compl. ¶¶ 23–24.) However, these emails do not establish a customer relationship, especially because these emails concerned funds held by Mainvest—not Lineage. (Id.) Moreover, the Complaint concedes that Synapse, not Plaintiffs, held deposit accounts at Lineage, acknowledging that Synapse–not Plaintiffs–was Lineage's customer. (Id. at ¶¶ 36–40.) Absent any relationship between Lineage and Plaintiffs, Lineage does not owe Plaintiffs a duty of care. *See Weil*, 983 P.2d at 814. Therefore, the Complaint fails to state a claim for negligence and this claim should be dismissed. *See Keller*, 111 P.3d at 447.

### B.  There is No Special Relationship Between Lineage and Plaintiffs.

The Complaint alleges that there is a special relationship between Lineage and Plaintiffs creating a legal duty, despite the absence of any relationship between the parties. (Compl. ¶ 99.) Colorado has recognized only the following types of special relationships giving rise to a duty of care: (1) common carrier/passenger, (2) innkeeper/guest, (3) possessor of land/invited entrant, (4) employer/employee, (5) parent/child, and (6) hospital/patient. *Trujillo*, 397 P.3d at 374. Without a special relationship, there is no duty of care. *Byrd v. GMAC Mortg., LLC*, No.

---

[5] All relevant jurisdictions adopted the U.C.C. definition. *See e.g.,* Ariz. Rev. Stat. § 47-4104 (a)(5); Mass. Gen. Laws. ch. 106, § 4-104 (1)(5); Wash. Rev. Code § 62A.4-104 (a)(5).

119CV00651DDDSTV, 2019 WL 10270261, at *3 (D. Colo. Nov. 22, 2019) (citing *Id.* at 370). There is no recognized special relationship between a bank and a customer, let alone a bank and a noncustomer. *Id.* Thus, Lineage does not owe any duty to Plaintiffs. *See Weil*, 983 P.2d at 814.

The Complaint utilizes a multi-factor analysis to argue a special relationship exists, but these allegations are conclusory and fail to establish a special relationship existed between Plaintiffs and Lineage. (Compl. at ¶ 100.) Therefore, since Plaintiffs failed to allege that there were any grounds for Lineage owing a duty of care, their negligence claim must be dismissed pursuant to F.R.C.P. 12(b)(6).

**C.** **Plaintiffs Fail to State a Claim for Breach of Fiduciary Duty Because Lineage Does Not Owe Plaintiffs Fiduciary Duties.**

To state a claim for breach of fiduciary duty, Plaintiffs must allege that: 1) Lineage was acting as a fiduciary of Plaintiffs (DISPUTED); 2) Lineage breached a fiduciary duty to Plaintiffs; 3) Plaintiffs incurred damages; and 4) Lineage's breach of fiduciary duty was a cause of the Plaintiffs' damages. *Graphic Directions, Inc. v. Bush*, 862 P.2d 1020, 1022 (Colo. App. 1993).

As established above, Plaintiffs failed to allege that Lineage owed Plaintiffs a duty, much less a fiduciary duty. Plaintiffs allege that Lineage owed a fiduciary duty "to store, maintain, and safeguard their cash deposits," not "sell, loan, or otherwise alienate such funds except as instructed by Plaintiffs," and "provide access to cash deposits." (Compl. ¶¶ 117–118.) This allegation is conclusory and is unsupported by legal authority. Plaintiffs cannot plausibly allege that Lineage owed Plaintiffs any duty, much less a fiduciary duty. *Iqbal*, 556 U.S. at 678.

D. **Plaintiffs' Claims for Money Had and Received, Unjust Enrichment, Accounting, and Constructive Trust All Fail Because Lineage Held Money for Synapse and Not Plaintiffs.**

Plaintiffs' claims for accounting, constructive trust, money had and received, and unjust enrichment amount to one claim for unjust enrichment with three different equitable remedies available for that claim.

1. **Plaintiffs Fail to State a Claim for Unjust Enrichment Because They Fail to Allege that Lineage Received a Benefit at Plaintiffs Expense.**

To state a claim for unjust enrichment Plaintiffs must allege: (1) Lineage received a benefit (DISPUTED), (2) at Plaintiffs' expense (DISPUTED), and (3) under circumstances that would make it unjust for the Lineage to retain the benefit without providing compensation (DISPUTED). *Pulte Home Corp., Inc. v. Countryside Cmty. Ass'n, Inc.*, 2016 CO 64, ¶ 63, 382 P.3d 821, 833.[6]

Plaintiffs' unjust enrichment claim should be dismissed because the Complaint fails to plausibly allege that Lineage received any benefit from Plaintiffs' funds—let alone one at Plaintiffs' expense, or that Lineage retained any benefit under inequitable circumstances. The Complaint makes general assertions that Defendant Banks "have not returned the funds belonging to Plaintiffs and the Class in full," while alleging that Plaintiffs deposited those funds with Fintech platforms that used Synapse to pool and deposit funds. (Compl. ¶¶ 9–25, 35, 37–40, 85, 93, 128.) Plaintiffs thereby concede that the funds in accounts held at Lineage belonged to Synapse. (Id.) Upon depositing funds into a bank account, the depositor enters a debtor-creditor relationship with the bank and ownership of the funds passes to the bank. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, *21, 116 S. Ct. 286, 290 (1995)(the court held that a bank account "consists of nothing

---

[6] All relevant jurisdictions support this definition. *See e.g., Tkachik v. Mandeville*, 487 Mich. 38, 48 (2010); *Hong Qin Jiang v. Li Wan Wu*, 118 N.Y.S.3d 208, 214 (N.Y. App. Div. 2d Dept. 2020).

more or less than a promise to pay…and petitioner's temporary refusal to pay was neither a taking of possession of respondent's property nor an exercising of control over it."). Thus, Lineage does not have possession of Plaintiffs' funds, and thus, the unjust enrichment claim against Lineage fails. Moreover, Lineage has distributed 99% of the funds from Synapse accounts.

The Complaint neither alleges that Lineage held Plaintiffs' funds nor that Lineage's receipt of funds from Synapse was unjust. Therefore, the unjust enrichment claim should be dismissed.

### 2. The Complaint Fails to State a "Claim" for Money Had and Received.

Money had and received exists to prevent unjust enrichment. *Mullens v. Hansel-Henderson*, 65 P.3d 992, 999 (Colo. 2002), *as modified on denial of reh'g* (Jan. 13, 2003); see also 1 Dan B. Dobbs, *Law of Remedies* § 4.2(2) (3d ed. 2017) (characterizing money had and received as a "subordinate category" of unjust enrichment). Money had and received requires (1) the defendant received money (DISPUTED), and (2) in equity and good conscience, the defendant ought to return it (DISPUTED). *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1154 (10th Cir. 2023).[7]

As discussed above, the Complaint does not plausibly allege that Lineage received any money from Plaintiffs—only that Synapse may have deposited pooled funds on behalf of Fintech platforms. (Compl. ¶¶ 37–40.) Furthermore, Lineage has not retained funds inequitably because they returned 99% of funds in Synapse accounts. Plaintiffs' "claim" for money had and received must be dismissed because Plaintiffs fail to allege that Lineage received money from them, or that any retention of funds would be inequitable.

---

[7] The case law from relevant jurisdictions does not deviate from this. S*ee e.g., Bennett v. Visa U.S.A. Inc.,* 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006); *Berger v. Home Depot USA, Inc.*, 741 F.3d 1061, 1070 (9th Cir. 2014); *Aleti v. Metro. Baltimore, LLC*, 279 A.3d 905, 928 (Md. 2022).

### 3.  The Complaint Fails to State a "Claim" for Constructive Trust.

Constructive trust is a remedy for unjust enrichment, not a standalone cause of action. *See McAnulty v. Standard Ins. Co.*, 81 F.4th 1091, 1098 (10th Cir. 2023). For this reason alone, Plaintiffs' constructive trust "claim" should be dismissed. *See* 1 Dan B. Dobbs, *Law of Remedies* § 4.3(2) (3d ed. 2018).  Obtaining a constructive trust would require Plaintiffs to establish that Lineage was unjustly enriched (DISPUTED) by acquiring title to specifically identifiable property at Plaintiffs' expense or in violation of their rights. *McAnulty*, 81 F.4th at 1099 (*quoting* Restatement (Third) of Restitution and Unjust Enrichment § 55(1)).[8] As discussed above, Plaintiffs fail to state a claim for unjust enrichment and fail to allege what identifiable property is held by Lineage specifically. Therefore, Plaintiffs cannot satisfy the first prerequisite for a constructive trust, and their "claim" should be dismissed.

### 4.  The Complaint Fails to State a "Claim" For Accounting.

An accounting is not an independent cause of action; it is an equitable remedy available only when legal remedies are inadequate. *1 Dobbs, Law of Remedies* § 4.3(5); *see Escobar, Inc. v. Barwest Grp., LLC,* No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5 (D. Colo. Sept. 22, 2021) (dismissing claim "because [the court] does not consider…an accounting to be a separate claim for relief"). An accounting may be ordered if the "plaintiff [is unable] to determine how much, if any, money is due him from another." *Andrikopoulos v. Broadmoor Mgmt. Co.*, 670 P.2d 435, 440 (Colo. App. 1983).[9]

---

[8] The other relevant jurisdictions have comparable requirements. *See e.g., BMF Advance, LLC,* 637 F.Supp. 3d at 1288; *Yates v. Taylor,* 791 P2d 924, 927 (Wash. Ct. App. 1990).

[9] The definition and elements are similar in all relevant jurisdictions. *See e.g., In re Del-Met Corp.,* 322 B.R. 781, 836 (Bankr. M.D. Tenn. 2005); *Thomason Investments, LLC v. Huddleston*, 613 S.W.3d 729, 741 (Ark. App. 2020).

The Court should dismiss this "claim" because it is a remedy for unjust enrichment and Plaintiffs have failed to state a claim for unjust enrichment. *See Escobar, Inc.*, No. 20-cv-02771-PAB-STV, 2021 WL 4319572, at *5. Even if Plaintiffs stated a viable unjust enrichment claim, Plaintiffs' general allegation that they cannot discern which of the Defendants holds their money— but that one of them must— is insufficient. (Compl. ¶ 51.) The Complaint does not allege that Lineage specifically received or held any of Plaintiffs' funds, nor that Lineage possesses unique information regarding those funds. (Id. at ¶¶ 125–132.) Thus, there is no basis for requiring Lineage to provide an accounting. *Andrikopoulos*, 670 P.2d at 440. Therefore, this accounting "claim" should be dismissed.

### E. The Complaint Fails to State a Claim for Conversion.

To state a claim for conversion, Plaintiffs must allege that: (i) Lineage exercised dominion or control over property (DISPUTED); (ii) property belonged to Plaintiffs (DISPUTED); (iii) Lineage's exercise of control was unauthorized; (iv) Plaintiffs demanded return of the property; and (v) Lineage refused to return it. *DTC Energy Grp., Inc. v. Hirschfeld*, 420 F. Supp. 3d 1163, 1181 (D. Colo. 2019).[10]

Here, The Complaint fails to plausibly allege that Lineage has exercised unauthorized control over Plaintiffs' property or wrongfully retains Plaintiffs' funds. The Complaint acknowledges that most end-user funds were held in omnibus FBO accounts while the rest were held in DDAs across the defendant banks. (Compl. ¶ 40.) The Complaint alleges that Lineage held these accounts on behalf of Synapse—not Plaintiffs—which precludes the inference that Lineage

---

[10] These elements are comparable in all relevant jurisdictions. *See e.g., Welco Elect., Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208-09; *Coffey v. Coffey*, 578 S.W.3d 10, 24 (Tenn. Ct. App. 2018).

exercised unauthorized dominion over Plaintiffs' property. (Id. at ¶¶37–40.) Moreover, ownership of funds passes from depositor to bank once funds are deposited and a contractual relationship is formed between depositor and bank in relation to the funds. *See Citizens Bank of Maryland*, 516 U.S. at *21. Thus, the funds deposited at Lineage by Synapse were not owned by Plaintiffs.

The Complaint fails to plausibly allege that Lineage withheld Plaintiffs' identifiable funds as the Complaint concedes that Lineage held funds for its customer, Synapse, and that Lineage distributed 99% of funds in Synapse accounts. (Id. at ¶50.) Although the Complaint alleges that Lineage "refused to return" all of Plaintiffs' funds, (Id. at ¶¶5, 86, 111) and that Plaintiffs "demanded the return of their cash funds deposited with Defendants" (Id. at ¶110), these conclusory allegations stop short of plausibility. *Iqbal*, 556 U.S. at 680. The Complaint does not allege when or how any demand was made, whether it was directed to Lineage, or whether Lineage received it or responded. (Compl. ¶¶107–115.) Plaintiffs' conclusory and speculative allegations absent concrete allegations of ownership, control, or wrongful refusal to return specific property are insufficient to support a conversion claim. Thus, Plaintiffs fail to state a claim for conversion and this claim must be dismissed.

### F. The Complaint Fails to State a Claim for Violation of California Penal Code §496.

California Penal Code §496 is violated if an individual "receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling or withholding any property from the owner, knowing the property to be so stolen or obtained." Cal. Penal Code Ann. § 496(a) (2014).

12

California Penal Code §496 cannot be extraterritorially applied to Lineage. Lineage is a bank chartered in Tennessee with its headquarters and principal place of business in Tennessee. (Compl. ¶28.)  There is a presumption against applying state laws extraterritorially unless the intention for the act to apply extraterritorially "is clearly expressed or reasonably to be inferred 'from the language of the act or from its purpose, subject-matter or history.'" *N. Alaska Salmon Co. v. Pillsbury*, 162 P. 93, 94 (Cal. 1916); *see also Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011).  California Penal Code §496 does not state that it is intended to have an extraterritorial effect and thus only applies to actions and occurrences within California. *Id.* The Complaint does not allege that Lineage has any presence in California, that the alleged conduct by Lineage took place in California, or that Lineage had any contact with California Plaintiffs. (Compl. ¶¶161–166.) California Penal Code §496 does not apply extraterritorially merely because the headquarters of Synapse and other Fintechs may be in California. (Id. at ¶161.)  Therefore, this claim as brought against Lineage fails as a matter of law.

Even if this claim could be brought extraterritorially, the Complaint contains no factual allegations to support Plaintiffs' claim that Lineage received property that was "obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained."  C.P.C. §496(a); (Compl. ¶¶161–166.) Plaintiffs allege that funds were obtained through false pretenses but fail to provide supporting factual allegations. (Id. at ¶164.)  Instead, the Complaint alleges that the Defendants "knowingly withheld property from end users" and that the "Class Members' property was obtained under false pretenses" because the Plaintiffs would not have deposited funds with Fintechs if they knew that Synapse's ledgers were inaccurate,  that Defendants did not maintain their own ledgers, and that the funds deposited may have become unavailable and not

13

protected from loss. (Id. at ¶¶163–164.)  The Complaint also alleges that funds were deposited at Lineage through Synapse's cash management program, conceding that funds deposited at Lineage were done through a lawful banking arrangement. (Id. at ¶¶ 35, 37–40.)  Thus, there are no factual allegations in the Complaint supporting the claim that Lineage knowingly received or withheld stolen funds.  Furthermore, Lineage has not withheld stolen funds belonging to Plaintiffs because Lineage held funds belonging to Synapse, and Lineage has returned 99% of all funds from Synapse accounts. (Id at ¶¶37–40, fn. 2, 50.) Therefore, Plaintiffs' claim for violation of California Penal Code §496 should be dismissed for failure to state a claim.

## IV.    CONCLUSION

WHEREFORE,  for the reasons set forth above, Lineage respectfully requests the Court grant this motion and enter an Order dismissing Plaintiffs Complaint as against Lineage, with prejudice, pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted this 15th day of April, 2026.

/s/ *Derek C. Anderson*
Derek C. Anderson, Esq.
Winget, Spadafora & Schwartzberg, LLP
2530 Junction Place, Suite 102
Boulder, CO  80301
T: (720) 699-1800
F: (720) 699-1801
Email: anderson.d@wsllp.com
*Attorney for Defendant Lineage Bank*

14

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

*/s/ Derek C. Anderson*
Derek C. Anderson

15

**CERTIFICATE OF SERVICE**

I, Derek C. Anderson, certify that on this 15th day of April, 2026, the foregoing *Defendant Lineage Bank's Motion to Dismiss Plaintiffs' Second Amended Consolidated Class Action Complaint Pursuant to F.R.C.P. 12(b)(6)* was electronically filed with the Clerk of the Court using the CM/ECF system and served on the following using the CM/ECF system.

/s/Derek C. Anderson
Derek C. Anderson

James Gerard Stranch, IV, Esq.
Stranch Jennings & Garvey PLLC
223 Rosa L. Parks Avenue
Suite 200
Nashville, TN 37203
T: 615-254-8801
F: 615-250-3937
Email: gstranch@stranchlaw.com
*Attorney for Plaintiffs Olga Margul, Kelli Jo Claxton, Henry Yeh, Colin Smith, Rod Gendron, and Kayla Morris*

Timothy W. Emery, Esq.
Brook Garberding, Esq.
Paul Cipriani, Esq.
Emery Reddy PLLC
600 Stewart Street
Seattle, WA 98101
T: 206-442-9106
F: 206-441-9711
Email: emeryt@emeryreddy.com
Email: brook@emeryreddy.com
Email: paul@emeryreddy.com
*Attorneys for Plaintiff Olga Margul*

M. Anderson Berry, Esq.
Clayeo C. Arnold, A Professional Corporation
865 Howe Avenue
Sacramento, CA 95825
T: 916-777-7777
Email: aberry@Justice4you.com
*Attorney for Plaintiffs*

Dylan J. Gould, Esq.
Spencer D. Campbell, Esq.
Terence Richard Coates, Esq.
Markovits Stock & De Marco, LLC
119 East Court Street, Suite 530
Cincinnati, OH 45202
T: 513-651-3700
F: 513-665-0219
Email: dgould@msdlegal.com
Email: scampbell@msdlegal.com
Email: tcoates@msdlegal.com
*Attorneys for Plaintiff Paul Tonner*

Andrew John Shamis, Esq.
Shamis & Gentile, P.A.
14 North East 1st Avenue, Suite 705
Miami, FL 33132
T: 305-479-2299
F: 786-623-0915
Email: ashamis@shamisgentile.com
*Attorney for Plaintiff Corey Espinola*

Jeff Ostrow, Esq.
Kopelowitz Ostrow P.A.
One West Las Olas Boulevard
Suite 500
Fort Lauderdale, FL 33301
T: 954-525-4100
Email: ostrow@kolawyers.com
*Attorney for Plaintiff Timothy Miller*

Alexander E. Wolf, Esq.
Gary Michael Klinger, Esq.
Milberg Coleman Bryson Phillips Grossman
PLLC
5528 Shadow Crest Street
Houston, TX 770096
T: 872-365-7060
F: 865-522-0049
Email: awolf@milberg.com
Email: gklinger@milberg.com
*Attorneys for Plaintiffs*

Eric Lindsay Robertson, Esq.
Hugh Q. Gottschalk, Esq.
Iva Velickovic, Esq.
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202-5647
T: 303-244-1800
F: 303-244-1879
Email: Robertson@wtotrial.com
Email: Gottschalk@wtotrial.com
Email: Velickovic@wtotrial.com
*Attorneys for AMG National Trust*

Amisha R. Patel, Esq.
Aravind Swaminathan, Esq.
Diana S. Fass Bender, Esq.
Marc R. Shapiro, Esq.
Orrick Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
T: 202-349-800
Fax: 202-349-8080
Email: apatel@orrick.com
Email: aswaminathan@orrick.com
Email: dszego@orrick.com
Email: mrshapiro@orrick.com
*Attorneys for Evolve Bank & Trust and
Evolve Bancorp, Inc.*

Daniel Warren Van Horn, Esq.
David Gregory Mayhan, Esq.
Sarah Smyth O'Brien, Esq.
Butler Snow LLP
6075 Poplar Avenue, Suite 500
Memphis, TN 38119
T: 901-680-7331
F: 901-680-7201
Email:danny.vanhorn@butlersnow.com
Email:David.Mayhan@butlersnow.com
Email: Sarah.OBrien@butlersnow.com
*Attorneys for Evolve Bank & Trust and
Evolve Bancorp, Inc.*

17